GREENBERG TRAURIG, LLP
Allen G. Kadish
Burke A. Dunphy
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200

Proposed Attorneys for Mount Vernon Monetary Management
 Corp., *et al.*, Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
**In re:**                                                  : Chapter 11
                                                            :
**MOUNT VERNON MONETARY**                                   : Case No. 10-_____ (          )
   **MANAGEMENT CORP.,** *et al.,*                          :
                                                            : Joint Administration Pending
             **Debtors.**                                   :
                                                            :
------------------------------------------------------------x

**MOTION FOR AN ORDER ESTABLISHING DEADLINES**
**AND PROCEDURES FOR FILING PROOFS OF CLAIM AND**
**APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

        Mount Vernon Monetary Management Corp. ("**MVMMC**") and its affiliates and

related entities, as debtors and debtors-in-possession (collectively, the "**Debtors**"),[1] hereby seek

an order establishing a deadline and procedures for filing proofs of claim, and approving the

form and manner of notice thereof, and in support thereof respectfully represent:

                            **Summary of Relief Requested**

        1.        By this Motion, the Debtors request that this Court establish deadlines for

---
[1]    The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC;
American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron
ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm
Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.;
GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.;
Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary
Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.;
MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square
Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

the filing of claims against the Debtors, approve procedures for filing of such claims and approve the form and manner of notice of such deadline and procedures. The deadlines and procedures for filing claims against the Debtors will give creditors ample time and opportunity to prepare and file proofs of claim and allow the Debtors to receive, process and begin their analysis of their creditors' claims in a timely and efficient manner. The notice of such deadlines and the procedures proposed herein are reasonable under the circumstances and designed to ensure that the greatest number of interested parties will be apprised of the Debtors' bankruptcy cases and the opportunity to file and assess their proofs of claim herein.

### Jurisdiction, Venue and Statutory Predicates

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The Debtors seek the relief requested herein pursuant to Sections 501, 502(b)(9) and 503(a) of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rules 2002(a)(7) and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and General Order M-350 of the United States Bankruptcy Court, Southern District of New York, dated March 27, 2008 ("**General Order M-350**").

### Background

3.      On the date hereof (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. Each Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      Simultaneous with the filing of this pleading, the Debtors filed a motion with this Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors'

cases.

5.    No creditors' committee has been appointed in these cases.  No trustee or examiner has been appointed.

## The Debtors

6.    For a detailed description of the Debtors, their creditors and businesses as well as the circumstances leading to these filings, the Debtors refer the Court and other interested parties to the contemporaneously-filed *Declaration of Allen D. Applbaum in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief,* dated as of the Petition Date (the "**First Day Declaration**"),[2] which is incorporated herein by reference to the extent required to give context to or factual support for this Motion.

## Relief Requested and Reasons Therefor

7.    Pursuant to Sections 502(b)(9) and 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), the Debtors requests the Court enter an order (a) setting **Friday, August 6, 2010, at 5:00 p.m.** as the date and time by which holders of pre-petition claims against the Debtor must file a proof of claim (the "**General Bar Date**"); (b) setting **Monday, December 6, 2010, at 5:00 p.m.** as the date and time by which governmental units (as defined in Section 101(27) of the Bankruptcy Code) to file a proof of claim against the Debtors (the "**Governmental Bar Date**" and together with the General Bar Date, the "**Bar Dates**"); and (c) approving the proposed Bar Date Notice (as defined below) and claims forms.  These deadlines shall not apply to any retained professional claims or fees and expenses, or any claim for which a separate procedure or deadline is fixed by this Court.

---

[2]    The First Day Declaration is available on PACER, the Court's electronic docket system.  Any party unable to retrieve this document from PACER may contact the Debtors' counsel for a copy.  Capitalized terms used therein and undefined herein shall have the meanings used therein.

## A.    The General and Governmental Bar Dates

8.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a Chapter 11 case pursuant to Section 501 of the Bankruptcy Code.  Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled, or whose claim is scheduled as disputed, contingent or unliquidated, must file a proof of claim.[3]  The purpose of a bar date is to provide a deadline by which to identify any possible unknown claims against the debtor's estate and to provide additional certainty regarding the magnitude of claims against the debtor's estate.

9.      Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide  . . ."  11 U.S.C. § 502(b)(9).

10.      The fixing of the Bar Dates will enable the Debtors to receive, process and begin their analysis of creditors' claims in a timely and efficient manner. Based on the notice procedures set forth below, this date will give all creditors ample opportunity to prepare and file proofs of claim.

11.      Pursuant to the proposed order (the "**Bar Date Order**"), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a "claim" (as broadly defined in Section 101(5) of the Bankruptcy Code) against any Debtor that arose on or prior to the Petition Date (including, without limitation, claims entitled to priority under Section 503(b)(9) of the Bankruptcy Code)

---

[3]   Concurrently with the filing of this Motion, the Debtor has filed a motion to extend its to time to file its Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (the "**Schedules**") for a total of 60 days from the Petition Date.  The Debtor expects that the Schedules will be filed prior to the Bar Date.  The Schedules will include a substantially complete and accurate list of the Debtor's known potential creditors and interest holders, as well as an estimate of the magnitude of claims against the Debtor's estate.

must file an original, written proof of such claim, which substantially conforms to the form

attached as Exhibit A hereto (the "**Proof of Claim Form**"), so as to be received on or before the

applicable Bar Date by the Debtors' Court-approved claims agent, The Garden City Group, Inc.

("**GCG**").[4]  The original Proof of Claim Form should be sent or hand-delivered to one of the

following addresses (the "**Mount Vernon Monetary Management Corp.,** *et al.* **Claims**

**Processing Center**"):

| If by first class mail to: | If by hand delivery or by overnight delivery to: |
|---|---|
| The Garden City Group, Inc.<br>Attn:  Mount Vernon Monetary<br>        Management Corp., *et al.*<br>        Claims Processing Center<br>P.O. Box 9615<br>Dublin, Ohio 43017-4915 | The Garden City Group, Inc.<br>Attn:  Mount Vernon Monetary<br>        Management Corp., *et al.*<br>        Claims Processing Center<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017 |

12.     Proofs of claim sent by facsimile, telecopy or electronic mail will not be

accepted.  The Debtors request the Court order that all proofs of claim be deemed timely filed

only if actually received by GCG on or before the Bar Date.

13.     The Debtors request that the Bar Date apply to all known and unknown

creditors, except for any person or entity holding a claim that arises from the rejection of an

executory contract or unexpired lease.  Holders of such claims must file their proofs of claim by

the later of either (i) the General Bar Date or (ii) such date as may be fixed in the applicable

order authorizing rejection (or if no such date is fixed, the date of the first business day that is

thirty calendar days after entry of such order).

---

[4]     Simultaneous with the filing of the Motion, the Debtors filed an application seeking to retain GCG as their noticing and claims agent.

14. The Debtors also request that the following persons or entities **not** be required to file a proof of claim on or before the General Bar Date:

    a.     any person or entity that has already properly filed, with the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, a Proof of Claim against all Debtors against which such person or entity has a claim utilizing a Proof of Claim form which substantially conforms to the Proof of Claim Form or Official Form No. 10;

    b.     any person or entity that holds a claim against the Debtors that has been allowed by an order of this Court entered on or before the Bar Date;

    c.     any person or entity whose claim has already been paid in full by the Debtors;

    d.     any holder of a claim for which a specific deadline to file a proof of claim has previously been fixed by this Court;

    e.     any Debtor holding a claim against another Debtor;

    f.     any person or entity that holds a claim allowable under Sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code);

    g.     professionals or others whose retentions in these Chapter 11 cases have been approved by the Court, to the extent that such person's claim against the Debtors is for postpetition amounts due.

**B.**     **Claims for Money Asserted to be Held in Trust by the Debtors**

15. In addition to assuring a fair and expedient overall claims process, the Debtors are acutely focused on the need to establish a process whereby creditors who assert that they had money held in trust by the Debtors can assert such a claim (the "**Potential Trust Claims**"). Accordingly, the Debtors request that the following procedures govern the submission and processing of the Potential Trust Claims.

16. First, the holder of any Potential Trust claim should file a Proof of Claim

Form on a timely basis. These claimants should identify their claims as a Potential Trust Claim, attach documentation including any contract with the Debtors, express the basis for which a Potential Trust Claim is alleged, attach relevant insurance/bond documentation and any documentation relating to the parallel process coordinated by the Office of the United States Attorney with respect funds seized from the Debtors.

17.     These procedures will provide a level playing field and a fair and efficient process for those parties who would seek to assert Potential Trust Claims. By filing a Potential Trust Claim, no creditor waives any argument that it deserves treatment not as a creditor but as a trust beneficiary, but such a process is necessary to organize these assertions. By suggesting this procedure, the Debtors similarly do not waive their right to contest such allegations. In the absence of such procedures however, the potential trust creditors would likely subject the Debtors to numerous adversary proceedings which would disrupt the proceedings and detract from the Debtors' ability to move swiftly to affect the various assets sales and thereby maximize the value of the estates.

## C.     Proof of Claim Form

18.     The Debtors have prepared the Proof of Claim Form, which is tailored for use in these cases by parties asserting applicable Claims. The proposed Proof of Claim Form is based, in part, on Official Form 10 (the "**Official Form**"). The substantive modifications to the Official Form proposed by the Debtor include the following:

a.      allowing the creditor to correct any incorrect information contained in the name and address portion of the form;

b.      adding a field to identify whether a claim is being asserted under Section 503(b)(9) of the Bankruptcy Code;

c.      adding a field to identify whether a claim is being asserted as a Potential Trust Claim;

d.      adding an indication of which Debtor is the alleged obligor; and

e.      certain additional instructions.

19.     Each known creditor as of the date of the Bar Date Order will be issued by mail a Proof of Claim Form.

20.     The Debtors request the Court approve the Proof of Claim Form, including the substantive modifications to the Official Form contained therein.   In accordance with the proposed Bar Date Order, each Proof of Claim filed must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form or the Official Form; (iv) indicate the Debtor against which the creditor is asserting a claim (and if a creditor asserts a claim against more than one Debtor or has claims against more than one Debtor, a separate proof of claim must be filed with respect to each Debtor); (v) include supporting documentation (if voluminous, the creditor must attach a summary and make such documentation available to the Debtors thereafter) or an explanation as to why such documentation is not available; and (vi) be executed by the individual to whom service of any papers relating to such claim shall be directed.

**D.      Consequences of Failure to File a Proof of Claim**

21.     The Debtors propose that, in accordance with Bankruptcy Rule 3003(c)(2), any holder of a claim against the Debtors who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be treated as a creditor with respect to such claim for purposes of voting and distribution and shall not receive further notices regarding such claim.

**E.     Notice of the Bar Date Order and the Bar Date**

22.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to mail a notice of the Bar Date, in a form substantially similar to the notice attached hereto as <u>Exhibit B</u> (the "**Bar Date Notice**").  The Bar Date Notice conforms substantially to the form annexed to General Order M-350. The Bar Date Notice (together with a copy of the Proof of Claim Form) will be sent to:

a.     the Office of the United States Trustee for the Southern District of New York;

b.     counsel to each official committee appointed in the Debtors' chapter 11 cases (when and if any are appointed);

c.     all persons or entities that have requested notice of the proceedings in the Debtors' chapter 11 cases;

d.     all persons or entities that have filed a proof of claim;

e.     all known creditors as of the date of entry of the Bar Date Order;

f.     all parties to executory contracts and unexpired leases of the Debtors;

g.     all parties to litigation with the Debtors;

h.     the District Director of Internal Revenue for the Southern District New York;

i.     all persons and entities listed on the Debtors' Master Service List as of the date of the entry of the Bar Date Order; and

j.     such additional persons and entities as deemed appropriate by the Debtors.

23.     The proposed Bar Date Notice notifies the parties of the applicable Bar Date and contains information regarding who must file a proof of claim, the procedure for filing a proof of claim and the consequences of failure to timely file a proof of claim. The Debtors request that the Court approve the proposed form and the Debtors' use of the Bar Date Notice.

**F.      Publication Notice**

24.      The Debtors have determined that it is in the best interest of their estates to give notice of the Bar Date by publication to certain creditors including (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) creditors with potential claims unknown by the Debtors.

25.      Pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors seek authority to publish the Bar Date Notice, modified for publication as indicated in Exhibit C attached hereto (the "**Publication Notice**"), in the publications listed in Exhibit D attached hereto, which were selected because these media are (in the Debtors' judgment) most likely to reach an audience of creditors unknown to the Debtors.  The Publication Notice includes a website that creditors may access to obtain copies of the Proof of Claim Form and information concerning the procedure for filing proofs of claim and other relevant case information.

26.      To satisfy the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish in each publication identified in Exhibit D hereto, the Publication Notice on one occasion at least twenty-one days prior to the Bar Date.  Given the proposed Bar Date and timeframe for serving notice, creditors will have sufficient notice, time and opportunity to file their Proofs of Claim against the Debtors' estates prior to the Bar Date.  The Debtors respectfully request authority to enter into transactions to cause such publication to be made and to make the reasonable payments required for such publication.

27.      The Debtors request that the Court find that the Debtors' proposed procedures regarding the Publication Notice shall be deemed good, adequate and sufficient publication notice and sufficient to serve as constructive notice to all parties.

## No Prior Request

28.     No prior request for the relief requested herein has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request entry of an order establishing the Bar Dates and procedures for filing proofs of claim, approving the form and manner of notice thereof, and granting the Debtors such other and further relief as is just and proper.

Dated: New York, New York
      May 27, 2010

GREENBERG TRAURIG, LLP

By: /s/ Allen G. Kadish_____
    Allen G. Kadish
    Burke A. Dunphy
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
kadisha@gtlaw.com
dunphyb@gtlaw.com

Proposed Attorneys for Mount Vernon
  Monetary Management Corp., *et al.*,
  Debtors and Debtors in Possession

## EXHIBITS

A  Proof of Claim Form

B  Bar Date Notice

C  Publication Notice

D  Publications

# EXHIBIT A

# Proof of Claim Form



**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

**Please select on attachment A the Debtor against which you assert your claim**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see Item #6). All other requests for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the Debtor owes money or property):

Name and address where notices should be sent:

Telephone number:
Email Address:

❏ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

---

Name and address where payment should be sent (if different from above):

Telephone number:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❏ Check this box if you are the Debtor or trustee in this case.

---

**1. Amount of Claim as of Date Case Filed:**  $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item # 4.

If all or part of your claim is entitled to priority, complete item # 5.

❏  Check this box if claim includes interest or other charges in addition to the principal amount of claim.  Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3.  Last four digits of any number by which creditor identifies Debtor:** _____

        **3a.  Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
**Nature of property or right of setoff:** ❏ Real Estate   ❏ Motor Vehicle   ❏ Equipment   ❏ Other
**Describe:**

**Value of Property:**$_____ **Annual Interest Rate___%**

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $**_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____     **Amount Unsecured: $**_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 27, 2010, the date of commencement of the above cases, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $_____

**7. Potential Trust Beneficiary Claim:** Indicate the amount of funds, if any, that you believe are owned by you but are currently being held in trust by the Debtor on your behalf. *Please note that, in order for your Potential Trust Beneficiary Claim to be valid, you must attach the required documentation outlined in Item 7 on the reverse side of this form.*

                       $_____.

**8. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**9. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See instruction # 9 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5.** **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

❏ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the Debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

      $_____

*\*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

---

Date:

**Signature:** The person filing this claim must sign it.  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above.  Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.
  **Modified B10 (GCG)**

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, there may be exceptions to these general rules. The attorneys for the Debtor and its court-appointed claims agent, The Garden City Group, Inc. are not authorized and are not providing you with any legal advice.*

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: THE GARDEN CITY GROUP, INC., ATTN: MOUNT VERNON MONETARY MANAGEMENT CORP., *ET AL.*, CLAIMS PROCESSING CENTER, P.O. BOX #9615, DUBLIN, OH 43017-4915. **IF BY HAND OR OVERNIGHT COURIER**: THE GARDEN CITY GROUP, INC., ATTN: MOUNT VERNON MONETARY MANAGEMENT CORP., *ET AL.*, CLAIMS PROCESSING CENTER, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.

**THE GENERAL BAR DATE IN THE DEBTOR'S CHAPTER 11 CASE IS _____, 2010 AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**Court, Name of Debtor, and Case Number:**
These chapter 11 cases were commenced in the United States Bankruptcy Court for the Southern District of New York. You should select the Debtor against which you are asserting your claim. **A SEPARATE PROOF OF CLAIM FORM MUST BE FILED AGAINST EACH DEBTOR.**

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the Debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the Debtor's account or other number used by the creditor to identify the Debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the Debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the

appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 27, 2010, the date of commencement of the above cases, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Potential Trust Beneficiary Claim:**
If you assert that the Debtor is currently holding funds owned by you in trust on your behalf, you must indicate the amount of any such funds in Item 7 on the front of this form, and include the following documents and/or information when returning this claim form: (1) a copy of your contract or other document with the Debtor setting forth the trust relationship; (2) all relevant insurance/bond documentation; (3) all documentation relating to the parallel process coordinated by the Office of the United States Attorney with respect to funds seized from the Debtor; and (4) a detailed explanation of, and all other documentation relevant to, the basis for the asserted Trust claim.

**8. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the Debtor credit for any payments received toward the debt.

**9. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A Debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the Debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the Debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the Debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a Debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the Debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please provide a stamped self-addressed envelope and a copy of this proof of claim when you file the original claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the Debtor. These entities do not represent the bankruptcy court or the Debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Reservation of Rights**
Despite inviting the filing of proofs of claim including secured, unsecured and potential trust beneficiary claims, each as described herein, the Debtor reserves all rights with respect to the existence, validity, priority, extent, amount, classification and all other attributes thereof or relative thereto.

## ATTACHMENT A
## Debtors

**Indicate the Debtor against which you assert a claim by checking the appropriate box below. (<u>Check only one Debtor per Proof of Claim form</u>.)**

| | Debtor | Case Number |
|---|---|---|
| ❑ | 1540 Roosevelt Avenue, LLC | 10-_____ |
| ❑ | 185 LLC | 10-_____ |
| ❑ | 415 Huguenot LLC | 10-_____ |
| ❑ | 44 N. Saw Mill, LLC | 10-_____ |
| ❑ | American Armored Car, Ltd. | 10-_____ |
| ❑ | Annex Corp. | 10-_____ |
| ❑ | Armored Money Services LLC | 10-_____ |
| ❑ | ATM Management, LLC | 10-_____ |
| ❑ | Barron ATM Corp. | 10-_____ |
| ❑ | Crystal Public Communications, Inc. | 10-_____ |
| ❑ | District Central Alarm Service Corp. | 10-_____ |
| ❑ | District Central Station Alarm Corp. | 10-_____ |
| ❑ | District Security Services, LLC | 10-_____ |
| ❑ | EZ–KI Realty Corp. | 10-_____ |
| ❑ | EZ–RI Realty Corp. | 10-_____ |
| ❑ | GNC Payroll Plus, Inc. | 10-_____ |
| ❑ | GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.) | 10-_____ |
| ❑ | M.V.M.C. Service Station, Inc. | 10-_____ |
| ❑ | Manhattan Money Branch.com Inc. | 10-_____ |
| ❑ | Michelle Corp. | 10-_____ |
| ❑ | MKey, LLC | 10-_____ |
| ❑ | Money Kiosk Corp. | 10-_____ |
| ❑ | Montgomery Check Cashing Corp. | 10-_____ |
| ❑ | Mount Vernon Monetary Management Corp | 10-_____ |
| ❑ | Mount Vernon Money Center Corp. (aka MVMC Corp.) | 10-_____ |
| ❑ | MVMC Holding Corp. | 10-_____ |
| ❑ | MVMC Service Inc. | 10-_____ |
| ❑ | MVMM Corp. | 10-_____ |
| ❑ | NowCash, Ltd. | 10-_____ |
| ❑ | Quick Cash LLC | 10-_____ |
| ❑ | Time Square Payment Center, Inc. | 10-_____ |
| ❑ | Vet's ATM Corp. | 10-_____ |
| ❑ | Zipes Equities, Ltd. | 10-_____ |

**EXHIBIT B**


**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re: : Chapter 11
:
**MOUNT VERNON MONETARY** : Case No. 10-_____ (        )
  **MANAGEMENT CORP.,** *et al.,* :
: Joint Administration Pending
**Debtors.** :
:
-------------------------------------------------------------------x

## NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AND ADMINISTRATIVE CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES:**

PLEASE TAKE NOTICE THAT the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order (the "**Bar Date Order**") establishing **Friday, August 6, 2010 at 5:00 p.m.** (the "**Bar Date**"), as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim (a "**Proof of Claim**") against Mount Vernon Monetary Management Corp. and/or its affiliates as debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**").[1]

The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to May 27, 2010 (the "**Petition Date**"), the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), except for those holders of the claims listed in sections 4 and 5 below that may, as described, be specifically excluded from the Bar Date filing requirement.

---

[1]    The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

## 1.  WHO MUST FILE A PROOF OF CLAIM

You MUST file a Proof of Claim to share in distributions from the Debtors' bankruptcy estates if you hold a claim that arose on or before the Petition Date.  Proofs of Claim based on acts or omissions of the Debtors that arose on or before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

If you assert that the Debtors hold money or property in trust for you (a "**Potential Trust Claim**"), you must also file a Proof of Claim.

## 2.  WHAT TO FILE

All proofs of claim must be signed by the individual to whom service of any papers relating to such claim shall be directed.  All proofs of claim must be written in English and be denominated in lawful currency of the United States as of the Petition Date.  You should attach to your completed Proof of Claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.  All such documents must be made available to the Debtors thereafter.  Your Proof of Claim should conform substantially with the Court-approved Proof of Claim form provided with this Notice or Official Form No. 10.

Any holder of a claim against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is attached hereto as Schedule 1.

Any Proof of Claim previously properly filed with the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center (as defined below) prior to the mailing of this Notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional Proof of Claim is required with respect to such claim. If you have not filed your Proof of Claim yet, please send it to the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center only; please do not file your Proof of Claim with the Bankruptcy Court or attempt to do so by sending it to Debtors' counsel.

Those asserting a Potential Trust Claim should attach all documentation in support thereof including any contract with the Debtors, and express the basis upon which a Potential Trust Claim is alleged, and attach relevant insurance/bond documentation and any

documentation relating to the parallel process coordinated by the Office of the United States Attorney with respect to funds seized from the Debtors.

A copy of the Proof of Claim form tailored for these cases can also be obtained on-line from the Debtors' website, *www.mvmc.com*.

## 3.   WHEN AND WHERE TO FILE

Except as provided for herein, proofs of claim must be filed so as to be received **on or before Friday, August 6, 2010 at 5:00 p.m. (prevailing local time)**, at the following addresses (the "**Mount Vernon Monetary Management Corp.,** *et al.* **Claims Processing Center**"):

### IF BY MAIL

The Garden City Group, Inc.
Attn:   Mount Vernon Monetary Management Corp., *et al.*
Claims Processing Center
P.O. Box 9615
Dublin, Ohio 43017-4915

### IF BY MESSENGER OR OVERNIGHT COURIER

The Garden City Group, Inc.
Attn:   Mount Vernon Monetary Management Corp., *et al.*
Claims Processing Center
515 Blazer Parkway, Suite A
Dublin, Ohio 43017

Proofs of Claim will be deemed timely filed only if actually received by the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center on or before the Bar Date. **Proofs of Claim may not be delivered by facsimile, telecopy or electronic mail.**

## 4.   WHO NEED NOT FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE

You do **not** need to file a proof of claim on or before the Bar Date if:

a.   you have already properly filed, with the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, a Proof of Claim against all Debtors against which you have a claim utilizing a Proof of Claim form which substantially conforms to the Proof of Claim Form or Official Form No. 10;

b.   you hold a claim against the Debtors that has been allowed by an order of this Court entered on or before the Bar Date;

c.   your claim has already been paid in full by the Debtors;

d.      you hold a claim for which a specific deadline to file a proof of claim has previously been fixed by this Court;

e.      you are a Debtor holding a claim against another Debtor;

f.      you hold a claim allowable under Sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code);

g.      you are a professional or other entity whose retentions in these Chapter 11 cases have been approved by the Court, to the extent that your claim against the Debtors is for postpetition amounts due.

This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this notice does not mean that you hold a claim against the Debtors or that the Debtors believe that you hold a claim against the Debtors.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HOLD A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.**

**5.     SPECIAL CLAIMS**

a.      <u>Entities Asserting Claims Arising from the Recovery of a Voidable Transfer:</u> The last date for filing claims arising from the recovery by the Debtor(s) of a voidable transfer is the later of either (i) the Bar Date; or (ii) the first business day that is at least thirty (30) calendar days after the entry of an order or judgment approving the avoidance of the transfer.

b.      <u>Governmental Units:</u> The last date and time by which "governmental units" (as defined in section 101(27) of the Bankruptcy Code) may file claims under Section 502(b)(9) of the Bankruptcy Code is December 6, 2010 at 5:00 p.m.

c.      <u>Rejection Damage Claims:</u>  If you hold a claim that arises from the rejection of an executory contract or unexpired lease, then you must file a proof of such claim on or before the later of either (i) the Bar Date; (ii) the first business day that is at least thirty (30) calendar days after entry of the order authorizing the rejection of the respective executory contract or unexpired lease; or (iii) such date as the Bankruptcy Court may fix in the applicable order authorizing such rejection.

        d.     <u>Potential Trust Claims</u>:  As set forth above, if you assert that the Debtors hold money or property in trust for you, you must file a Proof of Claim.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTIONS 4 AND 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE.**

7.      **SUMMARY**

This notice is only a summary of the Bar Date Order.  All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for the Southern District of New York for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

Dated:  New York, New York
   _____, 2010

**BY ORDER OF THE UNITED STATES BANKRUPTCY COURT**

GREENBERG TRAURIG, LLP
 Allen G. Kadish
 Burke A. Dunphy
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
kadisha@gtlaw.com
dunphyb@gtlaw.com

Proposed Attorneys for Mount Vernon
 Monetary Management Corp., *et al.*,
 Debtors and Debtors in Possession

## SCHEDULE 1

| No. | Debtor | Case Number |
|-----|--------|-------------|
| 1. | Mount Vernon Monetary Management Corp. | 10-_____ (_____) |
| 2. | 1540 Roosevelt Avenue, LLC | 10-_____ (_____) |
| 3. | 185 LLC | 10-_____ (_____) |
| 4. | 415 Huguenot LLC | 10-_____ (_____) |
| 5. | 44 N. Saw Mill, LLC | 10-_____ (_____) |
| 6. | American Armored Car, Ltd. | 10-_____ (_____) |
| 7. | Annex Corp. | 10-_____ (_____) |
| 8. | Armored Money Services LLC | 10-_____ (_____) |
| 9. | ATM Management, LLC | 10-_____ (_____) |
| 10. | Barron ATM Corp. | 10-_____ (_____) |
| 11. | Crystal Public Communications, Inc. | 10-_____ (_____) |
| 12. | District Central Station Alarm Corp. | 10-_____ (_____) |
| 13. | District Central Alarm Service Corp. | 10-_____ (_____) |
| 14. | District Security Services, LLC | 10-_____ (_____) |
| 15. | EZ-KI Realty Corp. | 10-_____ (_____) |
| 16. | EZ-RI Realty Corp. | 10-_____ (_____) |
| 17. | GNC Payroll Plus, Inc. | 10-_____ (_____) |
| 18. | GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.) | 10-_____ (_____) |
| 19. | Manhattan Money Branch.com  Inc. | 10-_____ (_____) |
| 20. | Michelle Corp. | 10-_____ (_____) |

| | | |
|---|---|---|
| **21.** | MKey, LLC | 10-_____ (_____) |
| **22.** | Money Kiosk Corp. | 10-_____ (_____) |
| **23.** | Montgomery Check Cashing Corp. | 10-_____ (_____) |
| **24.** | Mount Vernon Money Center Corp. (a/k/a MVMC Corp.) | 10-_____ (_____) |
| **25.** | M.V.M.C. Service Station, Inc. | 10-_____ (_____) |
| **26.** | MVMC Holding Corp. | 10-_____ (_____) |
| **27.** | MVMC Service Inc. | 10-_____ (_____) |
| **28.** | MVMM Corp. | 10-_____ (_____) |
| **29.** | NowCash, Ltd. | 10-_____ (_____) |
| **30.** | Quick Cash LLC | 10-_____ (_____) |
| **31.** | Time Square Payment Center, Inc. | 10-_____ (_____) |
| **32.** | Vet's ATM Corp. | 10-_____ (_____) |
| **33.** | Zipes Equities, Ltd. | 10-_____ (_____) |

**EXHIBIT C**

**PROPOSED PUBLICATION NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                 :

**In re:**                               :   Chapter 11
                                   :

**MOUNT VERNON MONETARY**   :   Case No. 10-_____ (    )
  **MANAGEMENT CORP.,** *et al.,*   :
                                   :   Joint Administration Pending

             **Debtors.**      :
                                   :
-----------------------------------------------------------------x

<u>**NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM**</u>

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTORS:**

        The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order (the "**Bar Date Order**") establishing <u>**Friday, August 6, 2010 at 5:00 p.m.**</u> (the "**Bar Date**"), as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim (a "**Proof of Claim**") against Mount Vernon Monetary Management Corp. and/or its affiliates as debtors and debtors in possession[1] in the above-captioned cases (collectively, the "**Debtors**").[2]

        The Bar Date and the procedures for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to May 27, 2010, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code, except for certain categories of holders of claims specifically excluded in the Bar Date Order from the Bar Date filing requirement. Proofs of Claim must be filed so as to be received on or before the Bar Date by The Garden City Group, Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, *if by mail, to* P.O. Box 9615, Dublin, Ohio 43017-4915, and *if by messenger or overnight courier, to* 515 Blazer Parkway, Suite A, Dublin, Ohio 43017. Proofs of Claim may not be delivered by facsimile, telecopy or electronic mail.

---

[1]   The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities Ltd.

[2]   If you assert that the Debtors hold money or property in trust for you, you must also file a Proof of Claim.

You may obtain a copy of the Bar Date Order, a notice thereof with specific procedures and instructions, and a Proof of Claim form on-line from the Debtors' website, *www.mvmc.com*.

Dated:  New York, New York                    **BY ORDER OF THE BANKRUPTCY COURT**
_____, 2010

**EXHIBIT D**

1.      The Journal News (Gannett Co., Inc.) (largest circulation newspaper in Westchester, Rockland and Putnam counties)

2.      (USA Today -- National Edition)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
:
In re:                                             :    Chapter 11
:
**MOUNT VERNON MONETARY**                          :    Case No. 10-_____ (        )
**MANAGEMENT CORP.,** *et al.,*                    :
:    Joint Administration Pending
Debtors.                          :
:
--------------------------------------------------------------x

### ORDER ESTABLISHING DEADLINES AND
### PROCEDURES FOR FILING PROOFS OF CLAIM AND
### APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the motion (the "**Motion**") of Mount Vernon Monetary

Management Corp. ("**MVMMC**") and its affiliates and related entities, as debtors and

debtors-in-possession (collectively, the "**Debtors**"),[1]  pursuant to Sections 501, 502 and

503(a) of the United States Bankruptcy Code, (the "**Bankruptcy Code**"), Rules

2002(a)(7), and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and General Order M-350 of the United States Bankruptcy Court for the Southern

District of New York, dated March 27, 2008, for entry of an order establishing the deadlines

and procedures for filing proofs of claim in the Debtors' Chapter 11 cases and approving the

form and manner of notice thereof, all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein

---

[1]    The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

being core pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O); and venue being proper in this Court pursuant to 28 U.S.C. § 1408; and the relief requested being in the best interests of the Debtors and their estates and creditors; and the Court having considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause, it is hereby

ORDERED that the Motion be, and hereby is, granted; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the date of the filing of the petition herein (the "**Petition Date**"), shall file an original, written proof of such claim (a "**Proof of Claim**")which substantially conforms to Exhibit 1 attached hereto (the "**Proof of Claim Form**"), the form of which is hereby approved, or Official Form No. 10, so as to be received on or before **Friday, August 6, 2010 at 5:00 p.m. (prevailing local time)** (the "**Bar Date**"); and it is further

ORDERED that the following procedures for the filing of proofs of claim shall apply:

    a.    Proofs of Claim must conform substantially with the Proof of Claim Form or Official Bankruptcy Form No. 10;

    b.    Proofs of Claim must be delivered either (i) by mailing such original proof of claim to: The Garden City Group, Inc., Attn: Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, P.O. Box 9615, Dublin, Ohio, 43017-4915, or (ii) by messenger or overnight courier to: The Garden City Group, Inc., Attn: Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, 5151 Blazer Parkway, Suite A, Dublin,

Ohio, 43107 (together, the "**Mount Vernon Monetary Management Corp.,** *et al.* **Claims Processing Center**");

c. Proofs of Claim will be deemed timely filed only if actually received by the Mount Vernon Money Center, *et al.* Claims Processing Center on or before the Bar Date;

d. Proofs of Claim must (i) be signed by the individual to whom service of any papers relating to such claim shall be directed; (ii) include supporting documentation (if voluminous, attach a summary, with such documentation to be made available thereafter) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in lawful currency of the United States;

e. The Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center shall not accept proofs of claim sent by facsimile, telecopy or electronic mail; and

f. Proofs of Claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim must be filed with respect to each Debtor;

and it is further

ORDERED that to the extent a party asserts that the Debtors hold money or property in trust (a "**Potential Trust Claim**") said party must file a Proof of Claim; said party shall attach all documentation in support of such Potential Trust Claim including any contract or other document with the Debtors, express the basis upon which a Potential Trust Claim is alleged, attach relevant insurance/bond documentation and attach any documentation relating to the parallel process coordinated by the Office of the United States Attorney with support to funds seized from the Debtors; by filing such a Potential Trust Claim no creditor waives any argument that it deserves treatment not as a creditor but as a trust beneficiary, but such a process is necessary to organize these assertions. By suggesting this procedure, the Debtors similarly do not waive their right to contest such allegations; and it is further

ORDERED that the following persons or entities are <u>not</u> required to file a proof of claim on or before the Bar Date:

a. any person or entity that has already properly filed, with the Mount Vernon Monetary Management Corp., *et al.* Claims Processing Center, a Proof of Claim against all Debtors against which such person or entity has a claim utilizing a Proof of Claim form which substantially conforms to the Proof of Claim Form or Official Form No. 10;

b. any person or entity that holds a claim against the Debtors that has been allowed by an order of this Court entered on or before the Bar Date;

c. any person or entity whose claim has already been paid in full by the Debtors;

d. any holder of a claim for which a specific deadline to file a proof of claim has previously been fixed by this Court;

e. any Debtor holding a claim against another Debtor;

f. any person or entity that holds a claim allowable under Sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code);

g. professionals or others whose retentions in these Chapter 11 cases have been approved by the Court, to the extent that such person's claim against the Debtors is for postpetition amounts due;

and it is further

ORDERED that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of such claim on or before the **later** of either (i) the Bar Date; (ii) the first business day that is at least thirty calendar days after entry of the order authorizing the rejection of the respective executory contract or unexpired lease; or (iii) such date as this Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED that the last date for any person or entity asserting a claim arising from the recovery by the Debtors of a voidable transfer to file a proof of such claim against the Debtors is the <u>later</u> of either (i) the Bar Date, or (ii) the first business day that is at least thirty calendar days after the entry of any order or judgment approving the avoidance of the transfer; and it is further

ORDERED that notwithstanding any other provision hereof, the last date and time by which "governmental units" (as defined in Section 101(27) of the Bankruptcy Code) may file proofs of claim under Section 502(b)(9) of the Bankruptcy Code against the Debtors is **December 6, 2010 at 5:00 p.m.** (prevailing Eastern Time); and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under Sections 503, 507(a)(1), 330(a), 331, and 364 of the Bankruptcy Code (other than any claim allowable under Section 503(b)(9) of the Bankruptcy Code); and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached hereto as <u>Exhibit 2</u> (the "**Bar Date Notice**"), which Bar Date Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by first-class mail at least thirty-five days prior to the Bar Date upon:

a. the Office of the United States Trustee for the Southern District of New York;

b. counsel to each official committee appointed in the Debtors' chapter 11 cases;

c. all persons or entities that have requested notice of the proceedings in the Debtors' chapter 11 cases;

d. all persons or entities that have filed a proof of claim;

e. all known creditors as of the date of entry of this Order;

f. all parties to executory contracts and unexpired leases of the Debtors;

g.   all parties to litigation with the Debtors;

h.   the District Director of Internal Revenue for the Southern District of New York;

i.   all persons and entities listed on the Debtors' Master Service List as of the date of this Order; and

j.   such additional persons and entities as deemed appropriate by the Debtors; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any Chapter 11 plan filed in these cases, or participate in any distribution in the Debtors' Chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish the Bar Date Notice in a form substantially similar to the notice attached as Exhibit 3 hereto (the "**Publication Notice**"), which Publication Notice is hereby approved in all respects, in the publication(s) listed on Exhibit 4 hereto on at least one occasion at least twenty-one days prior to the Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper direct and constructive notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in their Chapter 11 cases; and it is

further

ORDERED that the Debtors and their claims agent, The Garden City Group, Inc., are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of any claims not subject to the Bar Date established herein must file such proofs of claim or be barred from doing so; and it is further

ORDERED that nothing in this Order shall prejudice the right of any party in interest to object to any proof of claim, whether filed or scheduled, on any grounds, or to dispute or assert offsets or defenses to any claims reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise or to subsequently designate any claim as disputed, contingent, unliquidated or undetermined; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated:    White Plains, New York
             _____, 2010

                              _____
                              UNITED STATES BANKRUPTCY JUDGE