# Exhibit "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNT VERNON MONETARY MANAGEMENT CORP., *et al.*, | Main Case No.: 10-23053 (RDD) |
| Debtors. | Jointly Administered |

## AMENDED JOINT PLAN OF LIQUIDATION

**GREENBERG TRAURIG, LLP**

Allen G. Kadish, Esq.
Burke A. Dunphy, Esq.
200 Park Avenue
New York, New York 10166

*Attorneys for Mount Vernon Monetary*
*Management Corp., et al., Debtors*
*and Debtors-in-Possession*

**LOWENSTEIN SANDLER, PC**

S. Jason Teele, Esq.
Sharon L. Levine, Esq.
Cassandra M. Porter, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068

*Attorneys for the Official Committee of*
*Unsecured Creditors*

Dated: November 10, 2010

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 2

ARTICLE I.      CERTAIN DEFINITIONS ........................................................ 2

ARTICLE II.     CLASSIFICATION OF CLAIMS AND INTERESTS ........................ 15

ARTICLE III.    TREATMENT OF UNCLASSIFIED CLAIMS ..................................... 17

ARTICLE IV.     TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS ........... 18

ARTICLE V.      ACCEPTANCE OR REJECTION OF THE PLAN ............................. 22

ARTICLE VI.     MEANS FOR IMPLEMENTATION OF THE PLAN ........................... 22

ARTICLE VII.    PROVISIONS GOVERNING DISTRIBUTIONS AND
                RESERVES ........................................................................... 32

ARTICLE VIII.   TREATMENT OF EXECUTORY CONTRACTS AND
                UNEXPIRED LEASES ............................................................. 38

ARTICLE IX.     EFFECTS OF CONFIRMATION ............................................... 38

ARTICLE X.      RETENTION OF JURISDICTION ............................................. 41

ARTICLE XI.     MISCELLANEOUS PROVISIONS ............................................ 43

ARTICLE XII.    NOTICES ............................................................................ 45

ARTICLE XIII.   MODIFICATION OF THE PLAN ............................................... 46

| Exhibits Enclosed: | Exhibit |
|---|---|
| MVMMC Trust Agreement | 1 |

## INTRODUCTION

Mount Vernon Monetary Management Corp. ("**MVMMC**"), together with its affiliated debtor entities as debtors and debtors-in-possession (collectively with MVMMC, the "**Debtors**" as set forth below) and the Official Committee of Unsecured Creditors (the "**Committee**"), submit this Joint Plan of Liquidation for the resolution of outstanding Claims against and Interests in the Debtors (as it may be further amended and modified, the "**Plan**"), pursuant to the provisions of chapter 11 of the Bankruptcy Code.

## ARTICLE I.
## CERTAIN DEFINITIONS

Unless otherwise provided in the Plan, all capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in chapter 11 of the Bankruptcy Code. For the purposes hereof, the following terms (which appear in the Plan in capitalized terms) shall have the meanings set forth below:

1.1 "**Administrative Expense Claim**" means a Claim for payment of a kind specified under sections 503(b), or, if applicable, 1114(e)(2) of the Bankruptcy Code, and entitled to priority under section 507(a), including (i) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Debtors' Estates and operating the businesses of the Debtors (including, without limitation, wages, salaries, commissions for services and payments for inventories, leased equipment, and leased premises) and Government Claims for post-petition taxes (excluding, for the avoidance of doubt, taxes that accrued on or before the Petition Date) and (ii) compensation for legal, financial, advisory, accounting and other services and reimbursement of expenses allowed by the Bankruptcy Court under sections 330, 331 or 503(b) of the Bankruptcy Code to the extent incurred prior to the Effective Date.

1.2 "**Allowed**" means (a) when used with respect to an Administrative Expense Claim, all or any portion of such a Claim that was incurred by any of the Debtors in the ordinary course of business during these Cases, and as to which there is no dispute as to the Debtors' liability, or that has been allowed or adjudicated in favor of the Holder by estimation or liquidation by a Final Order; or (b) when used with respect to a Claim other than an

Administrative Expense Claim, such Claim or any portion thereof (i) that has been allowed or adjudicated in favor of the Holder by estimation or liquidation in a Final Order; or (ii) as to which (x) no Proof of Claim has been Filed and (y) the liquidated and noncontingent amount of which is included in the Bankruptcy Schedules, other than a Claim that is included in the Bankruptcy Schedules at zero, in an unknown amount, or as Disputed; or (iii) for which a Proof of Claim in a liquidated amount has been timely Filed; or (iv) that is expressly allowed in a liquidated amount in the Plan. A Claim shall be Allowed only if (a) no objection to the allowance thereof has been Filed within the applicable period of time fixed by the Plan or the Bankruptcy Court or (b) if an objection is so Filed, such objection has been settled or withdrawn or the Claim or Interest has been Allowed by a Final Order (but only if such allowance was not solely for the purpose of voting to accept or reject the Plan). No Claim or Interest shall be Allowed to the extent that the Holder thereof either possesses property recoverable by the Estate or the MVMMC Trust under sections 542, 543, 550, or 553 of the Bankruptcy Code or is the transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code until such time as such Holder has paid the amount or turned over any such property for which the Holder is liable. Except as otherwise specified in the Plan or a Final Order, the amount of an Allowed Claim shall not include interest on such Claim from and after the Petition Date. Nothing in this Plan shall prejudice the ability of the Debtors, the Committee, the MVMMC Trust or the MVMMC Trustee to object to any Claim.

1.3     "**Allowed Customer Claim**" means a Customer Claim that is Allowed by the Bankruptcy Court pursuant to the Allowed Customer Claim Order.

1.4     "**Allowed Customer Claim Order**" means the Final Order or Final Orders, entered on notice to Holders of all Customer Claims, setting forth the Customer Claims (or portions thereof) that (i) will be deemed an Allowed Customer Claim by the Bankruptcy Court; or (ii) will be disallowed as a Customer Claim; or (iii) will be reclassified as a General Unsecured Claim. For purposes of computing Distributions under the Plan, the term "Allowed Customer Claim" shall not include interest on such Customer Claim from and after the Petition

Date, except as provided in section 506(b) of the Bankruptcy Code or as otherwise expressly set forth in the Plan. The Allowed Customer Claim Order shall be for the purposes of deciding issues within the Cases and shall not have any precedential, *res judicata*, or collateral estoppel effect outside of the Cases.

**1.5** "**Assets**" means all of the rights, title, and interests of any of the Debtors in and to property of any type or nature (real, personal, intangible, and mixed), known and unknown, including property of the Estates as such property is defined in section 541 of the Bankruptcy Code, as well as all property and Cash in the Debtors' possession, custody, or control on the Effective Date, including without limitation Claims, Causes of Action and the proceeds thereof, and Insurance Policies and the proceeds thereof.

**1.6** "**Avoidance Actions**" means Causes of Action of the Debtors pursuant to sections 510 and 542 through 553 of the Bankruptcy Code.

**1.7** "**Bankruptcy Code**" means title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as now in effect or hereafter amended.

**1.8** "**Bankruptcy Court**" means the District Court and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the Southern District of New York, or any court having competent jurisdiction to enter the Confirmation Order.

**1.9** "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, the Official Bankruptcy Forms, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, and the Local Rules of the Bankruptcy Court, as applicable to the Cases or proceedings therein, as the case may be.

**1.10** "**Bankruptcy Schedules**" means the schedules of assets and liabilities, lists of executory contracts and unexpired leases, statements of financial affairs, and related information filed by the Debtors pursuant to Bankruptcy Rule 1007 on July 28, 2010 (Docket Nos. 144-209), as the same may be amended or supplemented from time to time.

**1.11** "**Bar Date Order**" means the *Amended Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* dated June 30, 2010 (Docket No. 89).

**1.12** "**Business Day**" means any day, excluding Saturdays, Sundays, or "legal holidays" (as referenced in Bankruptcy Rule 9006(a)), on which commercial banks are open for business in New York, New York.

**1.13** "**Case**" means, with respect to any Debtor, such Debtor's chapter 11 case administered under such Debtor's case number.

**1.14** "**Cases**" means, with respect to all of the Debtors, the chapter 11 cases jointly administered under Main Case No. 10-23053 (RDD) in the Bankruptcy Court, styled *In re Mount Vernon Monetary Management Corp., et al., Debtors.*

**1.15** "**Cash**" means legal tender of the United States of America and equivalents thereof.

**1.16** "**Cause of Action**" or "**Causes of Action**" shall have the broadest possible meaning and shall include, without limitation, all of the Debtors' and their Estates' rights (including, without limitation, rights of setoff, counterclaim, or recoupment and Avoidance Actions, claims, counterclaims, defenses, actions, demands, causes of action, damages, special, indirect, or consequential damages, punitive damages, debts, charges, attorneys' fees and costs, arbitration fees and costs, forfeitures, and liens), whether arising before or after the Petition Date, whether known or unknown, whether in express or implied contract, tort, arising at law or in equity, or arising under or by virtue of any statute or regulation enacted by any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code).  For the avoidance of doubt, a list of all known potential defendants and the nature of the Causes of Action against each will be disclosed in the Plan Supplement.

**1.17** "**Claim**" means a claim against a Debtor as defined by section 101(5) of the Bankruptcy Code.

**1.18** "**Claims Bar Date**" means August 6, 2010 for General Unsecured Claims and Customer Claims and December 6, 2010 for Government Claims, as set forth in the Bar Date Order, and any other date established in the Cases for the filing of Proofs of Claim.

**1.19** "**Claim Objection**" means any objection to a Proof of Claim Filed by the Debtors (prior to the Effective Date) or the MVMMC Trust (following the Effective Date).

**1.20** "**Claims Objection Deadline**" means the deadline established by the Bankruptcy Court for the MVMMC Trust to File an objection, or objections, to Non-Customer Claims and serve such objection(s) upon the Holders of such Non-Customer Disputed Claims. Unless another date is established in the Confirmation Order, the Claims Objection Deadline shall be the date that is one hundred eighty (180) days from the Effective Date, provided, however, that upon motion of the MVMMC Trust, the Bankruptcy Court may extend the Claims Objection Deadline.

**1.21** "**Class**" means a category of Holders of Claims as described in Article II of this Plan.

**1.22** "**Committee**" means the Official Committee of Unsecured Creditors of Mount Vernon Monetary Management Corp., *et al*. appointed pursuant to section 1102 of the Bankruptcy Code.

**1.23** "**Confirmation**" means confirmation of this Plan by the Bankruptcy Court pursuant to section 1129 of the Bankruptcy Code.

**1.24** "**Confirmation Date**" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket in the Cases.

**1.25** "**Confirmation Hearing**" means any hearing or hearings conducted by the Bankruptcy Court, pursuant to section 1128 of the Bankruptcy Code, to consider Confirmation of the Plan.

**1.26** "**Confirmation Order**" means the Final Order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**1.27** "**Convenience Claim**" means an unsecured, nonpriority Claim, for which a Proof of Claim is timely Filed, asserting a liability of any of the Debtors as of the Petition Date in the amount of $2,000.00 or less.

**1.28** "**Creditor**" means a Holder of a Claim against any of the Debtors.

**1.29** "**Customer**" means any Person who has (i) entered into at least one business transaction with one or more of the Debtors and (ii) timely Filed a Proof of Claim asserting that a Debtor or Debtors hold or held money or property, including as a bailee, on behalf of such Person.

**1.30** "**Customer Claim**" means a Claim asserted by a Customer (solely in the Customer's capacity as such), including, without limitation, Potential Trust Claims.

**1.31** "**Customer Claim Hearing**" means the hearing or hearings before the Bankruptcy Court, which shall be scheduled within ninety (90) days of the Filing of the Customer Claim Report, or at such other time as may be scheduled by the Bankruptcy Court, at which the Bankruptcy Court will consider Customers' timely Filed Responses, if any, to the Customer Claim Report.

**1.32** "**Customer Claim Report Deadline**" means the deadline for the MVMMC Trust to file the Customer Claim Report, which shall be ninety (90) days from the Confirmation Date, or such other date that may be established by the Bankruptcy Court.

**1.33** "**Customer Claim Report**" means the written report Filed by the MVMMC Trustee on the Bankruptcy Court's docket setting forth the MVMMC Trustee's findings and analysis regarding which Customer Claims, if any, should be Allowed Customer Claims and which, if any, should be deemed General Unsecured Claims for purposes of Distribution of MVMMC Trust Assets under the Plan.

**1.34** "**Customer Funds**" means such portion of the MVMMC Trust Assets, if any, that is traceable to Customer Claims by the MVMMC Trustee or as otherwise determined by the Bankruptcy Court in the Allowed Customer Claim Order.

**1.35** "**Debtors**" means, collectively, the entities known on the Petition Date as Mount Vernon Monetary Management Corporation; 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd., as each may be or may have been renamed from time to time.

**1.36** "**Disclosure Statement**" means the written Disclosure Statement for this Joint Plan of Liquidation approved in accordance with section 1125 of the Bankruptcy Code and Rule 3018 of the Bankruptcy Rules.

**1.37** "**Disclosure Statement Order**" means the Order Approving the Disclosure Statement entered by the Bankruptcy Court.

**1.38** "**Disputed**" means, with respect to any Claim that has not been Allowed by a Final Order, as to which the Proponents or the MVMMC Trust has timely Filed a Claim Objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, or any Claim otherwise challenged by the Proponents or MVMMC Trust in accordance with applicable law.

**1.39** "**Distribution**" means a payment from MVMMC Trust Assets made by the MVMMC Trustee to the Holders of Allowed Claims pursuant to the Plan or a Final Order of the Bankruptcy Court.

**1.40** "**Distribution Date**" means the date on which a Distribution is made under the Plan. The initial Distribution Date shall be a Business Day that is not more than thirty (30) days after the later of the date on which the Restitution Order and the Allowed Customer Claim Order become Final Orders.

**1.41** "**District Court**" means the United States District Court for the Southern District of New York.

**1.42** "**Effective Date**" means the first Business Day on which all conditions precedent to the effectiveness of the Plan have been satisfied or waived as provided in this Plan, unless extended by the Proponents upon notice to one another.

**1.43** "**Estates**" means the estates created pursuant to section 541 of the Bankruptcy Code upon the commencement of these Cases.

**1.44** "**Fee Claim**" means a Claim under sections 328, 330(a), 503, or 1103 of the Bankruptcy Code for (i) payment of reasonable fees and reimbursement of reasonable expenses of a Professional with respect to services rendered in these Cases on or prior to the Effective Date and (ii) reimbursement of the reasonable expenses of the members of the Committee incurred in these Cases on or prior to the Effective Date, that has, in either instance, been approved by a Final Order.

**1.45** "**Filed**" means filed with the clerk of the Bankruptcy Court, including electronic filing via the Bankruptcy Court's CM/ECF system or, in the case of a Proof of Claim, with the Debtors' claims and noticing agent.

**1.46** "**Final Order**" means an order entered by the Bankruptcy Court or other court of competent jurisdiction on its docket as to which (i) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing are then pending or (ii) in the event that an appeal, writ of certiorari, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court or any other court or adjudicative body has been affirmed by the highest court to which such order was appealed, or certiorari has been denied, or from which reargument or

rehearing was sought, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing has expired; provided, however, that no order shall fail to be a Final Order solely because of the possibility that a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, Rule 9024 of the Bankruptcy Rules, or any similar rule under the Bankruptcy Rules or the Federal Rules of Civil Procedure may be filed with respect to such order.

1.47    "**General Unsecured Claim**" means any Claim against any one of the Debtors, other than a Secured Claim, an Administrative Expense Claim, a Fee Claim, a Priority Tax Claim, a Non-Tax Priority Claim, a Customer Claim, or a Convenience Claim.

1.48    "**Government Claim**" means any Claim filed by a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

1.49    "**Holder**" means any Person holding a Claim against or Interest in the Debtors' Estates.

1.50    "**Impaired**" shall have the meaning set forth in section 1124 of the Bankruptcy Code.

1.51    "**Insider**" shall have the meaning set forth in section 101(31) of the Bankruptcy Code.

1.52    "**Insurance Payment**" means a payment received from an insurance company by a Holder of an Allowed Claim in respect of such Claim, under a contract of or other right to insurance under which the Holder may assert any rights as an insured party, additional named insured party, loss payee, or otherwise.

1.53    "**Insurance Policy**" means any contract of or other rights to insurance under which the Debtors have, may have or assert any direct rights as an insured party, additional named insured party, loss payee, or otherwise.

1.54    "**Interest**" means the legal, equitable, contractual, or other rights of a Holder of any existing or prospective equity interest in a Debtor or Debtors (solely in their capacity as Holders thereof), including the rights of any Person to purchase or demand the issuance of any Interest, including (i) conversion, exchange, voting, participation, and dividend rights; (ii)

liquidation preferences; (iii) stock options, warrants, and put rights; and (iv) share-appreciation rights; or (v) any other stock, membership, or other equity right pertaining or in any way relating to any Debtor or Debtors.

1.55 "**Lien**" shall have the meaning set forth in section 101(37) of the Bankruptcy Code.

1.56 "**Main Case**" means *In re Mount Vernon Monetary Management Corp. et al.*, Case No. 10-23053, under which the Cases are being jointly administered pursuant to an Order of the Bankruptcy Court dated June 10, 2010 (Docket No. 37).

1.57 "**Master Service List**" means, at any time, the most recent version of the Master Service List maintained by Garden City Group, the Debtors' claims agent.

1.58 "**MVMMC**" means Mount Vernon Monetary Management Corp.

1.59 "**MVMMC Trust**" means the liquidating trust created pursuant to the MVMMC Trust Agreement for the benefit of the Holders of Allowed Claims.

1.60 "**MVMMC Trust Agreement**" means that certain agreement, in substantially the form annexed hereto as **Exhibit 1,** establishing and delineating the terms and conditions of the MVMMC Trust.

1.61 "**MVMMC Trust Assets**" means all Assets of the Debtors on the Effective Date, including, without limitation, all Cash, accounts receivable, Causes of Action (including Avoidance Actions), and rights to or under any Insurance Policies.

1.62 "**MVMMC Trust Beneficiaries**" means all Holders of Allowed Claims entitled to Distributions under the Plan.

1.63 "**MVMMC Trust Board**" means the board comprised of no more than seven (7) members appointed in accordance with the MVMMC Trust Agreement, vested with the powers and responsibilities set forth therein.

1.64 "**MVMMC Trust Expenses**" means any and all actual and necessary costs and expenses incurred by the MVMMC Trustee after the Effective Date in connection with winding-up the affairs of the Debtors and the administration hereof, including, without limitation, (i)

attorneys', accounting, expert witness, and collection fees in connection with the investigation, filing, litigation, settlement, or withdrawal of objections to Claims and the Preserved Causes of Action; (ii) all costs related to the performance of the MVMMC Trustee's duties set forth in the Plan, including reviewing Customer Claims and preparing the Customer Claim Report; (iii) U.S. Trustee Fees; and (iv) the reasonable expenses of the MVMMC Trustee and the MVMMC Trust Board.

1.65    "**MVMMC Trustee**" means the Person designated by the Committee who is responsible for implementing the functions of the MVMMC Trust.  The initial MVMMC Trustee shall be Kelly Beaudin Stapleton.

1.66    "**Non-Customer Claim**" means any Claim that is not a Customer Claim.

1.67    "**Non-Customer Disputed Claim**" means any Non-Customer Claim that has been Disputed by the Proponents or the MVMMC Trust, and as to which the Claim Objection or request for estimation has not been withdrawn or determined by a Final Order.

1.68    "**Non-Customer Disputed Claim Reserve**" means the reserve to be established by the MVMMC Trustee in accordance with section 7.8 of this Plan.

1.69    "**Non-Tax Priority Claim**" means a Claim that is accorded priority in right of payment pursuant to section 507(a) of the Bankruptcy Code and that is not an Administrative Expense Claim or a Priority Tax Claim.

1.70    "**Other Priority Claim**" means a Claim accorded priority in right of payment under section 507(a) of the Bankruptcy Code that is not a Priority Tax Claim.

1.71    "**Person**" means any individual or entity of any nature whatsoever, specifically including, without limitation, an individual, firm, company, corporation, partnership, trust, governmental unit, joint venture, association, joint stock company, limited liability company, Estates, unincorporated organization, or other entity.

1.72    "**Petition Date**" means May 27, 2010, the date on which the Debtors commenced the Cases.

**1.73** "**Plan**" means this *Joint Plan of Liquidation* for the Debtors, as it may be amended, modified, or supplemented from time to time.

**1.74** "**Plan Documents**" means all documents, forms, lists, and agreements contemplated under the Plan to effectuate the terms hereof, including but not limited to the MVMMC Trust Agreement.

**1.75** "**Plan Supplement**" means the compilation of Plan Documents and any other documents, forms, lists, and schedules as specified in the Plan and Disclosure Statement that will be Filed with the Bankruptcy Court not later than ten (10) Business Days prior to the Voting Deadline, as such documents may be altered, restated, modified, or supplemented from time to time.

**1.76** "**Potential Trust Claim**" shall have the meaning ascribed to such term in the Bar Date Order.

**1.77** "**Preserved Causes of Action**" means all Causes of Action that are not Released Causes of Action. For the avoidance of doubt, a list of all known potential defendants and the nature of the Preserved Causes of Action against each will be disclosed in the Plan Supplement.

**1.78** "**Priority Tax Claim**" means a Government Claim of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

**1.79** "**Professionals**" means those Persons in these Cases who are (i) employed pursuant to an order of the Bankruptcy Court in accordance with sections 327 or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to sections 327, 328, 329, 330, or 331 of the Bankruptcy Code or (ii) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

**1.80** "**Proof of Claim**" means a written statement that (i) sets forth a Claim and (ii) conforms substantially to the Bankruptcy Rules and the Bar Date Order.

**1.81** "**Proponents**" means the Debtors and the Committee, collectively.

**1.82** "**Pro Rata**" means, at any time, a proportion calculated as a ratio of the amount of an Allowed Claim in a Class to (i) the amount of all Allowed Claims in such Class of Claims or (ii) prior to allowance or disallowance of Claims in a Class, the sum of all Allowed Claims and Disputed Claims in such Class. For purposes of this calculation, the amount of a Disputed Claim will equal the lesser of (x) its face amount and (y) the amount estimated as Allowed.

**1.83** "**Receiver**" means Allen D. Applbaum in his capacity as such pursuant to the Receivership Order.

**1.84** "**Receivership**" means the receivership over the Debtors created by the Receivership Order.

**1.85** "**Receivership Order**" means the *Consent Order for Creation of Receivership and Appointment of Receiver Pursuant to 18 U.S.C. § 983(j) and 21 U.S.C. § 853(e)* and any related orders entered by the District Court.

**1.86** "**Record Date**" means the Confirmation Date.

**1.87** "**Released Causes of Action**" means any Causes of Action that are released as of the Effective Date pursuant to the Plan.

**1.88** "**Response**" means any response Filed by a Customer to the Customer Claim Report. Such Response shall be Filed with the Bankruptcy Court and served on the MVMMC Trustee within forty-five (45) days of the date the Customer Claim Report is served on such Customer.

**1.89** "**Restitution Order**" means an order or orders of the District Court setting forth the allocation of property held by the United States Government to be distributed to the victims of the fraud allegedly perpetrated by certain former officers of the Debtors.

**1.90** "**Restitution Payment**" means a payment received by a Holder of an Allowed Claim from the United States Government pursuant to a Restitution Order.

**1.91** "**Secured Claim**" means a Claim that is (i) secured by a Lien on Assets, which Lien is valid, perfected and enforceable under applicable law by reason of a Final Order, limited to the extent of the Lien on such Assets; or (ii) subject to setoff, under section 553 of the

Bankruptcy Code, against any Assets, to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (iii) Allowed under the Plan as a Secured Claim.

**1.92** "**Surplus Distribution**" shall have the meaning set forth in section 7.10 hereof.

**1.93** "**Third Party Payment**" means a payment received by a Holder of an Allowed Claim from any Person other than the MVMMC Trustee in respect of such Allowed Claim. For the avoidance of doubt, an Insurance Payment shall not constitute a Third Party Payment.

**1.94** "**Unimpaired**" means any Claim that is not Impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.95** "**U.S. Trustee Fees**" means fees payable pursuant to 28 U.S.C. § 1930 and any interest accruing thereon pursuant to 31 U.S.C. § 3717.

**1.96** "**Voting Deadline**" means the deadline or deadlines established by the Bankruptcy Court in the Disclosure Statement Order for Creditors to return ballots accepting or rejecting the Plan.

**ARTICLE II.**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

**2.1** Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims are not classified in the Plan. A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of such Claim or Interest falls within the description of such other Classes. A Claim is also placed in a particular Class for the purpose of Distributions pursuant to the Plan, but only to the extent that such Claim is Allowed in that Class and such Claim has not been paid, discharged, released, or otherwise settled prior to the Effective Date.

**2.2** **Unclassified Claims**. Except for Priority Tax Claims, which are Impaired only to the extent permitted by the Bankruptcy Code, unclassified Claims are Unimpaired by the Plan. Each Holder of an Unclassified Claim is conclusively presumed to have accepted the Plan and,

therefore, is not entitled to vote to accept or reject the Plan. Priority Tax Claims and Administrative Expense Claims are the unclassified Claims.

**2.3    Unimpaired Class of Claims**. Each Holder of an Unimpaired Claim is deemed to have accepted the Plan and, therefore, is not entitled to vote to accept or reject the Plan. Class 1 consists of all Class 1-A (Non-Tax Priority) and Class 1-B (Secured) Claims. The Holders of Class 1 Claims are Unimpaired and are deemed to accept the Plan.

**2.4    Impaired Classes of Claims**. Each Holder of a Claim placed in one of the Classes set forth below is Impaired under the Plan and entitled to vote to accept or reject the Plan.

**(a)    Class 2 (Customer Claims).** Subject to section 2.4(c) hereof, Class 2 consists of all Allowed Customer Claims, including Potential Trust Claims, asserted in Proofs of Claim that have been timely Filed pursuant to the Bar Date Order. For purposes of voting on the Plan, any Creditor who asserted a Customer Claim in its Proof of Claim shall be entitled to vote in Class 2.

**(b)    Class 3 (General Unsecured Claims)**. Subject to section 2.4(c) hereof, Class 3 consists of all Claims that are not Customer Claims, Secured Claims, Priority Tax Claims, Non-Tax Priority Claims, or Other Priority Claims.

**(c)    Class 4 (Convenience Claims)**. Class 4 consists of all unsecured, nonpriority Claims that would otherwise be Class 2 or Class 3 Claims as of the Petition Date in amounts of $2,000.00 or less; provided, however, that if the Holder of an unsecured, nonpriority Claim that would otherwise be a Class 2 or a Class 3 Claim in an amount greater than $2,000.00 shall make an election on such Holder's ballot reducing its Claim to $2,000.00, such Claim shall be reduced to $2,000.00 in amount and treated solely as a Convenience Claim for all purposes.

**2.5    Classes of Interests**.

**(a)    Class 5 (Interests)**. Class 5 consists of Interests in any of the Debtors. The Holders of Class 5 Interests shall neither receive nor retain any property under the Plan. Interest Holders are deemed to have rejected the Plan.

## ARTICLE III.
## TREATMENT OF UNCLASSIFIED CLAIMS

**3.1** **Administrative Expense Claims**.  The legal and equitable rights of the Holders of Administrative Expense Claims are unaltered by the Plan.  As soon as reasonably practicable after the later of (i) the Effective Date and (ii) the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, the MVMMC Trustee shall pay to each Holder of an Allowed Administrative Expense Claim, from the MVMMC Trust Assets, in full satisfaction, settlement, and release of and in exchange for such Allowed Administrative Expense Claim (i) Cash equal to the amount of such Allowed Administrative Expense Claim or (ii) such other treatment as to which the MVMMC Trustee and the Holder of such Allowed Administrative Expense Claim shall have agreed upon.

**3.2** **Bar Dates for Administrative Expense Claims.**  The Confirmation Order will establish a deadline (the "**Administrative Expense Claims Bar Date**") for filing Administrative Expense Claims, except for Claims of the kind specified in section 3.3 hereof.  The Administrative Expense Claims Bar Date will be thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.  Holders of Administrative Expense Claims that are subject to the Administrative Expense Claims Bar Date shall submit requests for payment on or before such Administrative Expense Claims Bar Date or be forever barred from submitting any request on account of such Administrative Expense Claims.

**3.3** **Applications for Fee Claims.**  All applications by Professionals in respect of Fee Claims shall be filed with the Bankruptcy Court within sixty (60) days after the Effective Date.  Any such application not filed within sixty (60) days after the Effective Date shall be deemed waived and the Holder of such Claim shall be forever barred from receiving payment on account thereof.

**3.4** **U.S. Trustee Fees.**  All unpaid U.S. Trustee Fees incurred before the Effective Date shall be paid by the Debtors in full on the Effective Date.  In addition, all U.S. Trustee Fees incurred after the Effective Date shall be timely paid from MVMMC Trust Assets by the

MVMMC Trustee in the ordinary course as such U.S. Trustee Fees become due and payable, until the entry of a final decree. Unpaid U.S. Trustee Fees shall accrue interest that is an MVMMC Trust Expense. The Administrative Expense Claims Bar Date shall not apply to U.S. Trustee Fees. The MVMMC Trustee shall file quarterly operating reports until the entry of a final decree closing the Cases.

3.5 **Priority Tax Claims**. On the later of (i) the Effective Date and (ii) the date a Priority Tax Claim becomes an Allowed Priority Tax Claim, such Holder of an Allowed Priority Tax Claim shall become entitled to receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Priority Tax Claim (i) equal Cash payments during a period not to exceed five (5) years after the date of the Final Order, totaling the aggregate amount of such Claim, plus post-petition interest, plus simple interest at the rate required by applicable law on any outstanding balance from the Effective Date, or such lesser rate as is agreed to by the Holder or (ii) such other treatment as is agreed to by the Holder of such Allowed Priority Tax Claim and the MVMMC Trustee.

**ARTICLE IV.**
**TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS**

4.1 **Class 1-A: Non-Tax Priority Claims.** The legal and equitable rights of the Holders of Allowed Non-Tax Priority Claims are unaltered by the Plan. As soon as reasonably practicable after the latest of (i) the Distribution Date, (ii) the date on which such Non-Tax Priority Claim becomes an Allowed Non-Tax Priority Claim, and (iii) the date on which such Non-Tax Priority Claim becomes due and owing in the ordinary course of the Debtors' businesses, the MVMMC Trustee shall pay from MVMMC Trust Assets to each Holder of an Allowed Non-Tax Priority Claim, in full satisfaction, settlement, and release of and in exchange for such Allowed Non-Tax Priority Claim, (i) Cash from the MVMMC Trust Assets equal to the amount of such Allowed Non-Tax Priority Claim or (ii) such other treatment which the MVMMC Trustee and the Holder of such Allowed Non-Tax Priority Claim have agreed upon in writing.

**4.2    Class 1-B: Secured Claims.**[1]   Each Holder of an Allowed Secured Claim shall receive, in full and final satisfaction, settlement, and release of and in exchange for such Allowed Secured Claim, at the discretion of the MVMMC Trustee, (i) Cash from the MVMMC Trust Assets equal to the Allowed amount of such Secured Claim; (ii) the property securing such Claim; or (iii) such other treatment to which the Holder and the MVMMC Trustee agree to in writing, including, having such Secured Claim addressed in the Customer Claim Report.   Any agreement reached by the Holder of an Allowed Secured Claim and the MVMMC Trustee shall be reflected in the Customer Claim Report.   A Holder of a Secured Claim who agrees to have its Claim considered by the MVMMC Trustee through the Customer Claim Report process shall retain any rights it had prior to the Petition Date.

---

[1]   MoneyGram Payment Systems, Inc. ("**MoneyGram**") is a former customer of the Debtors.  By virtue of certain proofs of claims filed herein, MoneyGram asserts a first priority perfected security interest in and claim on certain assets including furniture, fixtures, equipment, inventory, accounts, deposit accounts, cash, insurance, documents, instruments, contract rights, rights to payment of money and intangibles of certain of the Debtors (Montgomery Check Cashing Corp., Armored Money Services LLC, Mount Vernon Money Center Corp. and Manhattan Money Branch.com, Inc.) in the approximate amount of $6.7 million and other claims against other Debtors (the "**MoneyGram  Claim**").    The Proponents dispute, among other things, the classification and amount of the MoneyGram Claim.  The Proponents and MoneyGram agree to maintain the rights of all parties and submit the MoneyGram Claim to the MVMMC Trustee for her review pursuant to the Customer Claim Report process set forth in the Plan.  MoneyGram shall have the right to challenge any determination made by the MVMMC Trustee in the Customer Claim Report as to the MoneyGram Claim and have the Bankruptcy Court determine the allowance, amount, and classification of such MoneyGram Claim.  If the MVMMC Trustee finds the MoneyGram Claim to be a valid first priority perfected security interest in the aforementioned assets or some of them, and the Bankruptcy Court so approves of the MVMMC Trustee's finding, and the amount thereof is fixed thereby, MoneyGram will be granted an Allowed Secured Claim under the Plan to the extent thereof including, if and to the extent appropriate, a replacement lien for use of cash collateral.  Any replacement lien granted to MoneyGram in respect of use of cash collateral will not exceed the amount of such cash collateral attributable to MoneyGram's collateral used during the Cases.   The MoneyGram Claim to the extent of its allowance against a Debtor as a perfected secured claim will be recoverable only from assets of the MVMMC Trust and will have priority over Class 3 Claims to the extent thereof.  In the event and to the extent the MoneyGram Claim in whole or in part is not secured, the Money Gram Claim shall be reclassified in another class to reflect the proper allowance as to the Debtor(s) against which such claim, if any, will be allowed, and the proper amount(s) and class(es) of such claim.

**4.3     Class 2: Customer Claims.**   On or as soon as reasonably practicable after the Distribution Date, the MVMMC Trustee shall pay to each Holder of an Allowed Customer Claim the amount of the Allowed Customer Claim from Customer Funds in full satisfaction, settlement, and in release of and in exchange for such Allowed Customer Claim (less any amounts paid to such Holder pursuant to the Restitution Order); provided, however, that no Holder of an Allowed Customer Claim shall be entitled to receive more than the amount of such Allowed Customer Claim; provided further that if the total amount of Customer Claims Allowed by the Allowed Customer Claim Order exceeds the amount of the Customer Funds, all Holders of Allowed Customer Claims shall receive a Pro Rata share of the Customer Funds.   If the Customer Funds are less than the total of all Allowed Customer Claims, the difference between a Holder's Allowed Customer Claim and Holder's Pro Rata share of the Customer Funds on account thereof shall be treated as an Allowed Class 3 Claim or an Allowed Class 4 Claim.

        **(a)**     Any Holder asserting a Class 2 Claim whose Claim has not been deemed an Allowed Customer Claim in the Allowed Customer Claim Order shall be treated as a Holder of a Class 3 Claim for all purposes under this Plan.

        **(b)**     The Holders of Allowed Class 2 Customer Claims are impaired under the Plan and are entitled to vote on the Plan.

**4.4     Class 3 (General Unsecured Claims)**.   As soon as reasonably practicable after the later of (i) the initial Distribution Date as defined in section 7.2 herein, and (ii) the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, the MVMMC Trustee shall pay from MVMMC Trust Assets to each Holder of an Allowed General Unsecured Claim, in full satisfaction, settlement, and in release of and in exchange for such Allowed General Unsecured Claim against the MVMMC Trust, such Holder's Pro Rata share of the MVMMC Trust Assets (less any amounts paid to such Holder pursuant to the Restitution Order or as the Holder of an Allowed Claim in Class 2); provided, however, that no Holder of an Allowed General Unsecured Claim shall be entitled to receive more than the amount of such Allowed Claim; provided further that the Pro Rata share of the MVMMC Trust Assets allocable

to the Holders of Class 3 Claims shall be determined after calculating the payment owed to the Holders of Administrative Expense Claims, Allowed Customer Claims, and Allowed Class 4 Claims.

**4.5** **Class 4 (Convenience Claims)**. As soon as practicable after the later of (i) the Effective Date and (ii) the date on which a Convenience Claim becomes an Allowed Convenience Claim or the Holder of an Allowed General Unsecured Claim elects to have such claim treated as an Allowed Convenience Claim, the MVMMC Trustee shall pay to the Holder of such Allowed Convenience Claim from the MVMMC Trust Assets (less any amounts paid to such Holder pursuant to the Restitution Order), in full payment, satisfaction, and in release of and in exchange for such Allowed Claim against the MVMMC Trust, Cash in the amount of fifty percent (50%) of its Allowed Convenience Claim, up to a maximum amount of $1,000.

**4.6** **Class 5 (Equity Interests)**. On the Effective Date, Interests in the Debtors shall automatically be extinguished and cancelled.

**4.7** **Reports of Third Party Payments.** Within five (5) Business Days of the receipt of a Third Party Payment, the Holder of an Allowed Claim shall notify the MVMMC Trustee in writing of (i) the name of the Holder, (ii) the amount of such Holder's Allowed Claim in respect of which such payment was received, (iii) the amount of any such payment received or rights of setoff exercised, and (iv) the source of such Third Party Payment.

**4.8** **Reduction of Allowed Claims.** Solely for calculating any Distribution from the MVMMC Trust under the Plan to the Holder of an Allowed Claim, the amount of such Claim shall be reduced by the amount of any Third Party Payment or Insurance Payment received by such Holder.

**4.9** **Reservation of Rights.** Nothing in the Plan or Confirmation Order shall limit or impact an insurer's right of subrogation, limit or impact the rights of any Person tendering a Third Party Payment in respect of an Allowed Claim to the Holder of such Claim to assert a Claim against the Estates or the MVMMC Trust or, subject to section 7.16 hereof, impair or

otherwise affect the ability of any Holder of an Allowed Claim to assign such Claim to any Person.

## ARTICLE V.
## ACCEPTANCE OR REJECTION OF THE PLAN

**5.1** **Classes Entitled to Vote.** Holders of Claims in Class 2 (Customer Claims), Class 3 (General Unsecured Claims), and Class 4 (Convenience Claims) are Impaired by the Plan and shall be entitled to vote to accept or reject the Plan.

**5.2** **Acceptance by Impaired Classes of Claims.** An Impaired Class of Claims shall have accepted the Plan if (i) the Holders, other than any Holder designated under section 1126(e) of the Bankruptcy Code, of at least two-thirds in amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (ii) the Holders, other than any Holder designated under section 1126(e) of the Bankruptcy Code, of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept the Plan.

**5.3** **Cramdown.** At least one (1) Impaired Class of Claims must vote to accept the Plan in order for the Plan to be confirmed under section 1129(a)(10) of the Bankruptcy Code. If any Impaired Class of Claims does not accept the Plan, the Proponents request Confirmation hereof under section 1129(b) of the Bankruptcy Code.

## ARTICLE VI.
## MEANS FOR IMPLEMENTATION OF THE PLAN

**6.1** **Implementation on the Effective Date.** Subject to section 6.10 hereof, the Plan shall be implemented on the Effective Date.

**6.2** **Substantive Consolidation of the Debtors.** The entry of the Confirmation Order shall constitute approval by the Bankruptcy Court of the substantive consolidation of the Debtors and their respective Estates, for all purposes relating to the Plan, including for purposes of voting, confirmation, and distributions. On or after the Effective Date, the Estates of all of the Debtors shall be deemed to be substantively consolidated solely for purposes of voting on and making Distributions under the Plan, and (i) all Assets and liabilities of the Debtors shall be

deemed to be merged, (ii) each obligation of any Debtor shall be deemed to be an obligation of all of the Debtors, (iii) a Claim against any one of the Debtors shall be deemed to be a Claim against all of the Debtors for all purposes, including, without limitation, Distributions under the Plan, (iv) each Claim filed in the Case of any Debtor shall be deemed to be filed against all of the Debtors, (v) all transfers, disbursements, and Distributions made by any Debtor shall be deemed to be made by all of the Debtors, and (vi) all Claims by a Debtor against another Debtor shall be canceled and deemed satisfied. Holders of Allowed Claims in each Class established pursuant to the Plan shall be entitled to the treatment set forth in the Plan for such Class without regard to which Debtor was originally liable for such Claim. Such substantive consolidation shall not, other than for the foregoing purposes, affect the legal and corporate structure of the Debtors. Notwithstanding such substantive consolidation, the MVMMC Trustee shall pay the U.S. Trustee Fees for each Debtor from the MVMMC Trust Assets until such Debtor's Case is closed.

**6.3     Plan Shall Be Deemed a Motion for Substantive Consolidation.**  The Plan shall be deemed to be a motion by the Proponents for substantive consolidation of the Estates. Any objection by an affected Creditor to such consolidation shall be treated as an objection to Confirmation and shall be determined by the Bankruptcy Court at the Confirmation Hearing.

**6.4     Creation of the MVMMC Trust.**  On the Effective Date, the MVMMC Trust shall be formed pursuant to the Plan and the MVMMC Trust Agreement, and the MVMMC Trust Assets and the Debtors' liabilities shall be transferred to and vest in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries pursuant to the terms hereof and MVMMC Trust Agreement.  In the event of any inconsistencies or conflict between the MVMMC Trust Agreement and the Plan, the terms and provisions of the MVMMC Trust Agreement shall control.

**6.5     Transfer of MVMMC Trust Assets.**  On the Effective Date, all of the Debtors' right, title, and interest in all Assets shall vest in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries and shall become and be deemed for all purposes to be MVMMC Trust Assets without any further Bankruptcy Court order, action, or notice to any Person.

**6.6    Plan is Motion to Transfer MVMMC Trust Assets.**    The Plan shall be considered a motion pursuant to sections 105, 363(b) and (f), and 365 of the Bankruptcy Code to transfer to, and vest in, the MVMMC Trust, for the benefit of the MVMMC Trust Beneficiaries, any and all Assets as of the Effective Date.  Subject to the Allowed Customer Claim Order, the transfers, and vesting of the Assets in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries shall be free and clear of all Liens and Claims except as set forth in the Plan, and the Confirmation Order shall so provide.  Any objections to such transfer, assignment, and vesting must be made as an objection to Confirmation hereof to be heard at the Confirmation Hearing.  Notwithstanding the foregoing, after the Effective Date, the MVMMC Trustee may present an Order or Orders to the Bankruptcy Court, suitable for filing in the records of every county or governmental agency where any Assets of the Debtors are or were located, to designate all Liens, Claims, encumbrances, or other interests which appear of record and from which the property is being transferred, assigned, and vested free and clear.

**(a)    Execution of the MVMMC Trust Agreement.**    The Proponents and the MVMMC Trustee shall execute the MVMMC Trust Agreement on the Effective Date and shall take all other steps necessary to establish the MVMMC Trust.

**(b)    Appointment of MVMMC Trustee.**    The Committee shall appoint the MVMMC Trustee, who shall be independent of the Debtors.  The MVMMC Trustee shall, in accordance with the MVMMC Trust Agreement, serve in such capacity in the discretion of the MVMMC Trust Board through the earlier of (i) the date the MVMMC Trust and the Non-Customer Disputed Claim Reserve are dissolved and (ii) the date such MVMMC Trustee resigns, is terminated, or is otherwise unable to serve; provided, however, that, in the event that the MVMMC Trustee resigns, is terminated, or is unable to serve, then the MVMMC Trust Board shall have the right to select a successor who shall be appointed as the MVMMC Trustee and shall serve in such capacity until the MVMMC Trust and the Non-Customer Disputed Claim Reserve are dissolved or until such MVMMC Trustee resigns, is replaced, or is terminated and no successor is appointed.

(c)     **Bonding of MVMMC Trustee.**    The MVMMC Trustee, and any successor MVMMC Trustee appointed pursuant to the MVMMC Trust Agreement, shall, before the Effective Date or upon being selected as a successor MVMMC Trustee, as the case may be, obtain a bond or surety for the performance of his/her duties.  Notice of the effectiveness of such bond or surety shall be provided to the U.S. Trustee and shall be a condition precedent to the Effective Date of the Plan.  Furthermore, the MVMMC Trustee shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any such bond or surety.  The MVMMC Trust Board shall immediately inform the United States Trustee and the Bankruptcy Court in writing of any changes to the identity of the MVMMC Trustee.

(d)     **Causes of Action Assigned to MVMMC Trust; Litigation.**  Except as otherwise set forth in section 6.13 hereof, any and all Causes of Action accruing to or assertable by the Debtors shall remain Assets of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and on the Effective Date shall be transferred to and vest in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries.  Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, only the MVMMC Trustee, on behalf of the MVMMC Trust, shall have the right to pursue or not to pursue, or, subject to the terms of the Plan and the MVMMC Trust Agreement, compromise or settle any Causes of Action owned or held by the Debtors or their Estates as of the Effective Date.  From and after the Effective Date, the MVMMC Trustee may, on behalf of the MVMMC Trust, commence, litigate, and settle any Causes of Action or rights to payment or claims that belong to the Debtors that may be pending on the Effective Date or instituted by the MVMMC Trust after the Effective Date, except as otherwise expressly provided in the Plan and the MVMMC Trust Agreement.  Other than as set forth in the Plan, no other Person, unless designated by the MVMMC Trustee, may pursue such Causes of Action after the Effective Date; provided, however, that for the avoidance of doubt, nothing in the Plan or the MVMMC Trust Agreement shall waive, limit, or otherwise impair any Person's direct right of action, if any, against any insurer, including the Debtors' insurance providers, companies, or carriers.  The MVMMC Trust shall be deemed hereby substituted as plaintiff, defendant, or in

any other capacity for either the Committee or any Debtor in all actions pending before the Bankruptcy Court or any other court or tribunal that relates to a Cause of Action, without the need for filing any motion for such relief.  In connection with the above-described Causes of Action, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) shall also exist for the benefit of the MVMMC Trust Beneficiaries and shall vest in the MVMMC Trust, the MVMMC Trustee and their respective representatives, and shall also be preserved for and as to the Debtors. The MVMMC Trustee is authorized to take all necessary actions to benefit from such privileges. The Bankruptcy Court shall retain jurisdiction to adjudicate any and all Causes of Action and approve any such settlement, whether commenced prior to or after confirmation of the Plan and the Effective Date.

(e)     **Expenses of MVMMC Trustee.**  Reasonable fees and expenses incurred by the MVMMC Trustee shall be paid from the MVMMC Trust Assets.

(f)     **MVMMC Trust Board.**  There shall no more than seven (7) members of the MVMMC Trust Board, appointed by the Committee and disclosed in the Plan Supplement. The appointment of a Person to both the Committee and the MVMMC Trust Board shall be permissible.  Reasonable fees and expenses incurred by the members of the MVMMC Trust Board shall be paid from the MVMMC Trust Assets.

(g)     **Dissolution of the MVMMC Trust.**  The MVMMC Trust shall be dissolved no later than three (3) years from the Effective Date unless the Bankruptcy Court, upon a motion Filed before the expiration of such three-year period (as such period may be extended by the Bankruptcy Court as set forth in this Plan), determines that a fixed-period extension is necessary to facilitate or complete the recovery and liquidation of the MVMMC Trust Assets. The timely Filing of a motion to extend the term of the MVMMC Trust shall automatically extend the term of the MVMMC Trust pending the entry of an order by the Bankruptcy Court granting or denying such motion.  Any extension of the term of the MVMMC Trust, together with any prior extensions thereof, shall not exceed two years without a favorable letter ruling

from the IRS or an opinion of counsel that a further extension will not adversely affect the status of the MVMMC Trust as a liquidating trust for federal income tax purposes.

        **(h)**       **Liability, Indemnification.**  The MVMMC Trustee, the MVMMC Trust Board, their respective members, designees, or professionals, or any duly authorized agent or representative of the MVMMC Trust, the MVMMC Trustee, or the MVMMC Trust Board, or their respective employees or members, shall not be liable for the act or omission of any other member, designee, agent, or representative of such MVMMC Trustee or MVMMC Trust Board, nor shall such MVMMC Trustee, MVMMC Trust Board, or any member of the MVMMC Trust Board be liable for any act or omission taken or not taken in its capacity as MVMMC Trustee, MVMMC Trust Board, or member of such Board, respectively, other than for specific acts or omissions resulting from such MVMMC Trustee's, Board's or such member's willful misconduct, gross negligence, fraud, or actions constituting a willful violation of Federal securities laws or the Internal Revenue Code.  Each of the MVMMC Trustee or the MVMMC Trust Board may, in connection with the performance of their respective functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors, and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinion rendered by such entities, regardless of whether such advice or opinions are provided in writing.  Notwithstanding such authority, neither the MVMMC Trustee nor the MVMMC Trust Board shall be under any obligation to consult with its attorneys, accountants, financial advisors, and agents, and their determination not to do so shall not result in the imposition of liability on the MVMMC Trustee or the MVMMC Trust Board or their respective members or designees, unless such determination is based on willful misconduct, gross negligence, or fraud.  The MVMMC Trust shall indemnify and hold harmless the MVMMC Trustee, the MVMMC Trust Board and any duly authorized member, agent, or designee thereof (in their capacity as such), from and against and in respect of all liabilities, losses, damages, claims, costs, and expenses (including, without limitation, reasonable attorney's fees, disbursements, and related expenses), which such entities may incur or to which such entities

may become subject in connection with any action, suit, proceeding, or investigation brought by or threatened against such entities arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the MVMMC Trust or the Plan or the discharge of their duties thereunder or hereunder; provided, however, that no such indemnification will made to such entities for actions or omissions as a result of their willful misconduct, gross negligence, or fraud.

(i)     **Full and Final Satisfaction Against MVMMC Trust.**  On and after the Effective Date, the MVMMC Trust shall have no liability on account of any Claims or Interests except as set forth in the Plan and in the MVMMC Trust Agreement.  All payments and all Distributions made by the MVMMC Trustee under the Plan shall be in full and final satisfaction, settlement, and release of and in exchange for all Claims against the MVMMC Trust; provided, however, that nothing contained in this section 6.6, or in any other provision of this Plan, shall be deemed to constitute or result in a discharge of any Debtor under section 1141(d) of the Bankruptcy Code.

(j)     **Distributions.**    Pursuant to section 9.02 of the MVMMC Trust Agreement, the MVMMC Trustee shall make Distributions to holders of Allowed Claims as provided in the Plan: first (i) to holders of Allowed Customer Claims, next (ii) to Holders of Allowed Secured Claims, next (iii) to Holders of Allowed Administrative Expense Claims that were unpaid on the Effective Date, next (iv) to MVMMC Trust Expenses, next (v) to Holders of Non-Tax Priority Claims, next (vi) to Holders of Allowed General Unsecured Claims and Convenience Claims following the Initial Distribution under the Plan.

**6.7     Customer Claim Report.**  On or before the Customer Claim Report Deadline, the MVMMC Trustee shall File the Customer Claim Report and serve it via regular mail upon (i) each Customer that timely asserted a Customer Claim by Filing a Proof of Claim, (ii) the U.S. Trustee, and (iii) and all parties requesting notice and service of pleadings pursuant to Bankruptcy Rule 2002.  Customers shall have access to all documents and information, subject only to claims of privilege, work product doctrine or other similar doctrines, or confidentiality

relating to the Customer Claim Report. In furtherance of this objective, the MVMMC Trustee shall make all documents and information (other than documents and information that are subject to a privilege, the work product doctrine or similar doctrine, or confidentiality) relating to the Customer Claim Report available to all Customers via an online data room or such other method as the MVMMC Trustee determines or as otherwise agreed to by the MVMMC Trustee and the Customer.

**6.8     Response to the Customer Claim Report.**   Any Customer that disputes the MVMMC Trustee's proposed treatment of its Customer Claim must File a Response with the Bankruptcy Court and serve such Response on the MVMMC Trustee within forty-five (45) days of the date the Customer Claim Report is Filed. The Response shall set forth the Customer's legal and factual bases for asserting a Customer Claim or for otherwise disputing any portion of the Customer Claim Report. Any Customer who Files a Response shall bear the burden of proving that an asserted Customer Claim should be an Allowed Customer Claim.

**6.9     Hearing to Consider the Customer Claim Report.**   Within ninety (90) days of the Filing of the Customer Claim Report, or such other time as the Bankruptcy Court deems appropriate, the Bankruptcy Court shall conduct the Customer Claim Hearing to consider the Customer Claim Report and any timely Filed and served Responses thereto. At the conclusion of the Customer Claim Hearing, the Bankruptcy Court shall enter the Allowed Customer Claim Order. The Customer Claim Hearing with respect to an individual Customer Claim may be adjourned upon the consent of both the MVMMC Trustee and the Customer, or with the approval of the Bankruptcy Court.

**6.10     Conditions Precedent to the Effective Date.**   Each of the following events shall occur on or before the Effective Date:

> **(a)**     the Confirmation Order, in a form and substance reasonably acceptable to the Proponents and which shall include findings that (i) the Plan was proposed in good faith and (ii) the Plan satisfies the applicable provisions of the Bankruptcy Code as set forth in section 1125(e) of the Bankruptcy Code, shall have been entered by the Bankruptcy Court and shall be a

Final Order;

(b)      the Bankruptcy Court shall have determined that the MVMMC Trustee is duly authorized to take the actions contemplated in the Plan and the MVMMC Trust Agreement, which approval and authorization may be set forth in the Confirmation Order;

(c)      the MVMMC Trust Agreement shall be executed and the MVMMC Trust shall be established and become effective;

(d)      all documents, instruments, and agreements provided under, or necessary to implement, the Plan shall have been executed and delivered by the applicable parties;

(e)      the MVMMC Trustee shall obtain a bond or surety for the performance of his/her duties; and

(f)      all other documents required to be Filed with the Plan Supplement, each in form and substance reasonably acceptable to the Proponents, shall have been duly and validly executed and delivered by the parties thereto (or provisions therefor shall have been made) and all conditions to their effectiveness shall have been satisfied or waived.

**6.11      Waiver of Conditions Precedent to the Effective Date.**  Other than with respect to the condition precedent set forth in section 6.10(e) hereof, the Proponents, upon notice to one another, may jointly waive in writing any or all of the conditions precedent to the Effective Date set forth in section 6.10 of the Plan, whereupon the Effective Date shall occur without further action by any Person.  In the event the Effective Date does not occur within thirty (30) days of the Confirmation Date, pursuant to section 11.9 of the Plan, the Proponents shall file with the Bankruptcy Court a *Notice of Failure to Achieve Effective Date* and shall request a status conference with the Bankruptcy Court.  The foregoing notice shall be served upon the U.S. Trustee and all parties requesting notice and service of pleadings pursuant to Bankruptcy Rule 2002.

**6.12      Cancellation of Instruments and Stock**.  On the Effective Date, (i) all Interests in the Debtors; (ii) any and all stock options (including, but not limited to, all stock options granted to the Debtors' employees); (iii) any and all warrants; and (iv) any instrument evidencing

or creating any indebtedness or obligation of the Debtors, except such instruments that are reinstated (or amended and restated) under the Plan, shall automatically be cancelled and extinguished. Additionally, as of the Effective Date, all Interests in the Debtors, and any and all warrants, options, rights, or interests with respect to any existing or prospective equity Interest in the Debtors that have been authorized to be issued but that have not been issued automatically shall be deemed cancelled and extinguished without any further action of any party.

        **6.13    Preservation of Causes of Action; Settlement of Litigation Claims.**

        **(a)    Preservation of Rights of Action.** On the Effective Date, the MVMMC Trustee, on behalf of the MVMMC Trust, shall be vested with authority and standing to prosecute the Preserved Causes of Action and to compromise, settle, or litigate the Preserved Causes of Action. The Professionals retained by the Debtors, the Committee and individual Committee members, the MVMMC Trustee, and all of their existing and former directors, managers, officers, attorneys, and other professional advisors, shall have no liability for pursuing or failing to pursue any Causes of Action. For the avoidance of doubt, a list of all known potential defendants and the nature of the Preserved Causes of Action against each will be disclosed in the Plan Supplement.

        **(b)    Release of Avoidance Actions.** Upon the Effective Date, all Avoidance Actions shall be unconditionally and irrevocably waived and released by the Debtors and the MVMMC Trust, other than (i) Avoidance Actions in which any Insider is or may be named as a defendant and (ii) any claim or Cause of Action against Signature Bank or the Debtors' insurance providers, companies, or carriers.

        **(c)    Settlement of Litigation Claims and Disputed Claims.** At any time prior to the Effective Date, the Debtors, with the consent of the Committee, may settle some or all of the Causes of Action or Disputed Claims subject to obtaining any necessary Bankruptcy Court approval. The net proceeds (after deducting reasonable attorneys' fees and costs) from the settlement of a Preserved Cause of Action shall constitute an MVMMC Trust Asset and shall be transferred to the MVMMC Trust on or after the Effective Date.

## ARTICLE VII.
## PROVISIONS GOVERNING DISTRIBUTIONS AND RESERVES

**7.1     Distributions for Claims Allowed as of the Effective Date.**  Except as otherwise ordered by the Bankruptcy Court in a Final Order, including the Allowed Customer Claim Order, following the Effective Date, Distributions shall be made by the MVMMC Trustee, on behalf of the MVMMC Trust, pursuant to the Plan.  Distributions on account of any Claim that first becomes an Allowed Claim after the Effective Date shall be made on the first Distribution Date after such Claim becomes an Allowed Claim.  The MVMMC Trustee may withhold from the MVMMC Trust Assets and each Distribution of MVMMC Trust Assets an amount of Cash reasonably estimated to be necessary to pay the expenses incurred by the MVMMC Trustee in administering the MVMMC Trust, Allowed Administrative Expense Claims, and any disputed claims pertaining to Classes 3 and 4.  The MVMMC Trustee may withhold from the MVMMC Trust Assets sufficient funds to establish the Non-Customer Disputed Claim Reserve.  The MVMMC Trustee may also ensure that no Distribution on account of any Allowed Claim exceeds 100% of the Allowed amount of such Claim.

**7.2     Initial Distribution**.  The initial Distribution Date shall be a Business Day that is not more than thirty (30) days following the date on which both the Restitution Order and the Allowed Customer Claim Order have become Final Orders.  Subsequent Distributions, if any, will be made on a periodic basis on account of Claims that become Allowed between the prior Distribution Date and the subsequent Distribution Date.

**7.3     Means of Cash Payment.**  Cash payments made pursuant to the Plan shall be in U.S. funds, by the means, including by check or wire transfer, determined by the MVMMC Trustee.

**7.4     Delivery of Distributions.**  Distributions to Holders of Allowed Claims shall be made (i) at the addresses set forth on the Proofs of Claim Filed by such Holders (or at the last known addresses of such Holders if no Proof of Claim is Filed or if the Debtors have been notified of a change of address); (ii) at the addresses set forth in any written notices of address

changes delivered to the MVMMC Trustee; or (iii) if no Proof of Claim has been Filed and the MVMMC Trustee has not received a written notice of a change of address, at the addresses reflected in the Bankruptcy Schedules, if any.

**7.5** **Prosecution of Objections to Non-Customer Claims.** As soon as reasonably practicable, but in no event later than the Claims Objection Deadline (unless extended, after notice to those creditors who requested notice in accordance with Bankruptcy Rule 2002, by an Order of the Bankruptcy Court), the MVMMC Trustee, on behalf of the MVMMC Trust, shall File objections to Non-Customer Claims (all objections to Customer Claims being included in the Customer Claim Report) and serve such objections upon the Holders of each of the Non-Customer Disputed Claims. Nothing contained in this Plan shall limit the MVMMC Trustee's right to object to Non-Customer Claims, if any, Filed or amended after the Claims Objection Deadline. The MVMMC Trustee shall be authorized to settle and resolve any Non-Customer Disputed Claim, on behalf of the MVMMC Trust, by withdrawing or settling objections thereto without a further order of the Bankruptcy Court.

**7.6** **Record Date for Distributions.** The MVMMC Trustee will have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the close of business on the Record Date, and will be entitled for all purposes in this Plan to recognize and distribute only to those Holders of Allowed Claims that are Holders of such Claims, or participants therein, as of the close of business on the Record Date. The MVMMC Trustee shall instead be entitled to recognize and deal for all purposes under this Plan with only those Holders indicated on the official claims register as of the close of business on the Record Date.

**7.7** **No Distributions Pending Allowance.** Notwithstanding any other provision of the Plan, no payment or Distributions by the MVMMC Trustee shall be made with respect to all or any portion of a Disputed Claim unless and until all Avoidance Actions with respect to the Holder of such Claim and all objections to such Disputed Claim have been settled or withdrawn

or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

**7.8    Establishment and Maintenance of Reserve for Non-Customer Disputed Claim Reserve.**  Upon the filing of any Claim Objection, the MVMMC Trustee shall establish the Non-Customer Disputed Claim Reserve.  The amount of Cash deposited into the Non-Customer Disputed Claim Reserve shall be equal to the percentage of Cash to which Holders of Non-Customer Disputed Claim would be entitled under the Plan if such Claims were Allowed Claims in the amount asserted by the Holder of such Non-Customer Disputed Claim or such lesser amount as authorized by a Final Order.  For the purposes of effectuating the provisions of this section 7.8 and the Distributions to Holders of Allowed Claims, the MVMMC Trustee may, at any time and regardless of whether a Claim Objection to a Non-Customer Disputed Claim has been Filed, request that the Bankruptcy Court estimate, set, fix, or liquidate the amount of such Non-Customer Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, in which event the amounts so estimated, fixed, or liquidated shall be deemed the Allowed amounts of such Claims for purposes of Distribution under the Plan.  In lieu of estimating, fixing, or liquidating the amount of any Non-Customer Disputed Claim, the Bankruptcy Court may determine the amount to be reserved for such Non-Customer Disputed Claims (singularly or in the aggregate), or such amount may be fixed as to a particular Holder of a Non-Customer Disputed Claim by an agreement in writing by and between the MVMMC Trustee and the Holder of such Claim.

**7.9    Distributions Upon Allowance of Non-Customer Disputed Claims.**    The Holder of a Non-Customer Disputed Claim that becomes an Allowed Claim subsequent to the Effective Date shall receive a Distribution from the Non-Customer Disputed Claim Reserve as soon as practical following the date on which such Non-Customer Disputed Claim becomes an Allowed Claim.  Such Distributions shall be made in accordance with the Plan based upon the Distributions that would have been made to each such Holder under the Plan if the Non-Customer Disputed Claim had been an Allowed Claim on the Effective Date.  No Holder of a

Non-Customer Disputed Claim shall have any Claim against the Non-Customer Disputed Claim Reserve, the MVMMC Trustee, or the Debtors with respect to such Claim until such Non-Customer Disputed Claim shall become an Allowed Claim, and no Holder of a Non-Customer Disputed Claim shall have any right to interest, dividends, or other Distribution on such Non-Customer Disputed Claim except as provided in this section 7.9.

7.10    **Surplus Distribution.**   To the extent that a Non-Customer Disputed Claim is not Allowed or becomes an Allowed Claim in an amount less than the Non-Customer Disputed Claim amount, any excess of Cash in the Non-Customer Disputed Claim Reserve attributable to such Non-Customer Disputed Claim in excess of Cash actually distributed on account on such Non-Customer Disputed Claim shall be deemed Surplus Distributions.   The MVMMC Trustee shall make a supplemental Distribution or Distributions of the Surplus Distributions to Holders of Allowed Claims on a Pro Rata basis on the next Distribution Date thereafter.

7.11    **Undeliverable Distributions.**   If any Distribution is returned as undeliverable, the MVMMC Trustee shall make such efforts as he or she deems appropriate to determine the current address of the Holder of the Claim.   Amounts in respect of any undeliverable Distributions made by the MVMMC Trustee shall be returned to the MVMMC Trust until the Distributions are claimed or are deemed to be unclaimed property under section 347(b) of the Bankruptcy Code and the Plan ("**Unclaimed Property**").

7.12    **Unclaimed Property.**   Distributions that are not claimed within one year from the date of the Distribution shall be deemed to be Unclaimed Property and shall vest or revest in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries, and the Claims with respect to which those Distributions were made shall be automatically canceled.   After the expiration of that one-year period, the Claim of any Person to such Distributions shall be discharged and forever barred.   Nothing contained in the Plan or the MVMMC Trust Agreement shall require the MVMMC Trustee to attempt to locate any Holder of an Allowed Claim.   All funds or other property that vests or revests in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries pursuant to the Plan shall be distributed by the MVMMC Trustee to the remaining

Holders of Allowed Claims in accordance with the provisions hereof and the MVMMC Trust Agreement. A Claim, and the Unclaimed Property distributed on account of such Claim, shall not escheat to any federal, state, or local government or other entity by reason of the failure of its Holder to claim a Distribution in respect of such Claim.

**7.13    Time Bar to Cash Payments by Check.** Checks issued by the MVMMC Trustee on account of Allowed Claims shall be null and void if not negotiated within 90 days after the date of issuance thereof. Requests for the reissuance of any check that becomes null and void pursuant to the Plan shall be made directly to the MVMMC Trustee by the Holder of the Allowed Claim to whom the check was originally issued. Any Claim in respect of such voided check shall be made in writing on or before the first anniversary of the date the check was issued, or shall be discharged and forever barred. The funds that would otherwise constitute the proceeds of such checks shall revest in and become property of the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries as Unclaimed Property in accordance with section 347(b) of the Bankruptcy Code, and be distributed as Unclaimed Property in accordance with the Plan.

**7.14    Withholding and Reporting Requirements.** In connection with the Plan and all Distributions hereunder, the MVMMC Trustee shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The MVMMC Trustee shall be authorized to take any and all actions that may be reasonably necessary or appropriate to comply with such withholding and reporting requirements.

**7.15    Distributions on Non-Business Days.** Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

**7.16    No Distribution in Excess of Allowed Amount of Claim.** Notwithstanding anything to the contrary in this Plan, subject to section 4.8 of the Plan, the aggregate Distribution or Distributions, including any Third Party Payments, to a Holder of a Claim shall not exceed the

Allowed amount of such Claim. If a Holder of an Allowed Claim receives a Distribution or Distributions under the Plan that, together with any Third Party Payments, exceeds the total amount of the related Allowed Claim, the Holder shall, within five (5) Business Days, refund such excess amounts to the MVMMC Trustee. The MVMMC Trustee may seek the return of any such excess amounts by the commencement of a contested matter or adversary proceeding in the Bankruptcy Court.

7.17 *De Minimis* **Distributions**. No Cash payment of less than ten dollars ($10.00) will be made by the MVMMC Trustee to any Creditor unless a request is made in writing to the MVMMC Trustee to make such a payment.

7.18 **Fractional Dollars**. Notwithstanding any other provision of the Plan, Cash Distributions of fractions of dollars will not be made; rather, whenever any payment of a fraction of a dollar would be called for, the actual payment made shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. To the extent that Cash remains undistributed as a result of the rounding of such fraction to the nearest whole cent, such Cash shall be treated as Unclaimed Property under this Plan.

7.19 **Setoff and Recoupment.** The MVMMC Trustee, on behalf of the MVMMC Trust, may, but shall not be required to, setoff against or recoup from any Claim and the Distribution to be made pursuant to the Plan in respect thereof, any claims or defenses of any nature whatsoever that any of the Debtors, the Estates, or the MVMMC Trust may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtors, the Estates, the MVMMC Trust or the MVMMC Trustee of any claim, defense, right of setoff, or recoupment that any of them may have against the Holder of any Claim.

7.20 **Dissolution of Committee**. The Committee shall automatically be dissolved on the Confirmation Date and the members of, and Professionals retained by, the Committee shall have no further duties or obligations after the Confirmation Date.

**ARTICLE VIII.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

8.1 **Executory Contracts and Unexpired Leases Deemed Rejected.** All of the Debtors' executory contracts and unexpired leases, other than the Insurance Policies, shall be deemed rejected on the Effective Date, except to the extent that the Debtors have (i) previously assumed or rejected an executory contract or unexpired lease or (ii) Filed or File a motion, prior to the Effective Date, to assume an executory contract or unexpired lease upon which the Bankruptcy Court has not ruled. For the avoidance of doubt, pursuant to section 365 of the Bankruptcy Code, all Insurance Policies shall be assumed on the Effective Date.

8.2 **License Agreements.** All parties to license agreements who are entitled to the election of remedies pursuant to section 365(n)(1) of the Bankruptcy Code will be deemed to have (i) elected treatment pursuant to 11 U.S.C. § 365(n)(1)(A) and (ii) waived their right to treatment pursuant to 11 U.S.C. § 365(n)(1)(B). However, prior to the Confirmation Hearing Date, such parties are entitled to a section 365(n)(1) election if they have notified the Debtors, in writing, of their election to proceed under subsection (B) and have waived their claims against the Debtors, as provided in 11 U.S.C. § 365(n)(2)(C)(i) and (ii).

**ARTICLE IX.**
**EFFECTS OF CONFIRMATION**

9.1 **Legal Binding Effect.** Except as otherwise provided in this Article IX, the provisions of this Plan shall bind all Holders of Claims and Interests and their respective successors and assigns, whether or not they accept the Plan. On and after the Effective Date, except as provided in this Plan, all Holders of Claims and Interests shall be precluded from asserting any Claim against the Debtors, the Estates, the Committee, the MVMMC Trust, or the MVMMC Trustee, or their respective property and Assets based on any transaction or other activity, act, or omission of any kind that occurred prior to the Effective Date. The Bankruptcy Court's determinations pertaining to the Allowed Customer Claims shall be for the purposes of deciding issues within the Cases and shall not have any precedential, *res judicata*, or collateral estoppel effects outside of the Cases. For the avoidance of doubt, this section 9.1 shall not

impact claims against the Debtors' insurance providers, companies, or carriers on account of any potential claims against the Insurance Policy or Policies.

**9.2     Moratorium, Injunction, and Limitation of Recourse For Payment.**  Subject to section 9.4 hereof, the Confirmation Order shall provide, among other things, that from and after the Effective Date, all Persons who have held, hold, or may hold Claims against, or Interests in, the Debtors are permanently enjoined from taking any of the following actions against the Estates, the Debtors, the Committee or any member of the Committee, the MVMMC Trust, the MVMMC Trustee, any of their respective employees, managers, officers, directors, agents, attorneys, investment bankers, financial advisors, or other professionals, or any of their respective property or other Assets on account of any such Claims or Interests, except for acts or omissions that constitute willful misconduct, gross negligence, fraud or violations of any applicable Rules of Professional Conduct: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; and (iv) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; provided, however, that nothing contained in the Plan or in the Confirmation Order shall preclude (x) the MVMMC Trust or the MVMMC Trustee from pursuing any Preserved Causes of Action, (y) any Person from exercising their rights pursuant to or not inconsistent with the terms of the Plan, or (z) the MVMMC Trustee from exercising his or her rights or remedies pursuant to and not inconsistent with the terms of the Plan or the MVMMC Trust Agreement.

**9.3     Exculpation and Limitation of Liability.**  The Receiver, and professionals retained by the Receiver, first became involved in these cases after the United States Government seized certain assets of the Debtors.  The seizure took place after the fraud was allegedly perpetuated by the Debtors and its directors and officers came to light.  The Receiver, and the professionals retained by the Receiver, are not Insiders of the Debtors, as defined in section 101(36) of the

Bankruptcy Code. The Receiver, and the professionals retained by the Receiver, shall not be liable for any acts occurring prior to the Petition Date.

Similarly, the Committee, and professionals retained by the Committee, became involved in these cases after the fraud that was allegedly perpetuated by the Debtors and its directors and officers came to light. The Committee, and the professionals retained by the Committee, are not Insiders of the Debtors, as defined in section 101(36) of the Bankruptcy Code and shall not be liable for any acts occurring prior to the Petition Date or any acts resulting from or related to acts occurring prior to the Petition Date.

To the fullest extent permitted under section 1125(e) of the Bankruptcy Code and other laws, subject to section 9.4 hereof, no Holder of a Claim or Interest shall have any right of action against the Receiver, Debtors, the Estates, the Committee or any member of the Committee, the MVMMC Trustee, the MVMMC Trust, any of their respective employees, managers, officers, directors, agents, attorneys, investment bankers, financial advisors, other professionals, or any of their respective property and Assets for any act or omission in connection with, relating to, or arising out of the Cases, the pursuit of Confirmation hereof, the consummation hereof, or the administration of the MVMMC Trust, the Plan, or the property to be distributed under the Plan, except for acts or omissions that constitute willful misconduct, gross negligence, fraud or violations of any applicable Rules of Professional Conduct.

**9.4     No Discharge of Government Claims.** Nothing in the Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority against the Estates, the Debtors, the Committee or any member of the Committee, the MVMMC Trustee, the MVMMC Trust, or any of their respective employees, managers, officers, directors, agents, attorneys, investment bankers, financial advisors or other professionals, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action,

or other proceeding against any party for any liability whatsoever, including, without limitation, any claim, suit, or action arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority, nor shall anything in the Confirmation Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state or local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state or local authority against the released parties.

**ARTICLE X.**
**RETENTION OF JURISDICTION**

**10.1    Retention of Jurisdiction**.    Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Cases, the Plan, and the MVMMC Trust to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a)    allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim (including all Customer Claims), including the resolution of any application or request for payment of any Administrative Expense Claim, and the resolution of any objections to the allowance or priority of Claims;

(b)    hear and determine all Professionals' applications for compensation and reimbursement of expenses incurred in the Cases;

(c)    determine any and all adversary proceedings, motions, applications, and contested or litigated matters, including, but not limited to, all Preserved Causes of Action vested in the MVMMC Trust, and consider and act upon the compromise and settlement of any Claim against, or Preserved Causes of Action on behalf of, the MVMMC Trust;

(d)    enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions hereof, the MVMMC Trust Agreement, and all

contracts, instruments, releases, and other agreements or documents created in connection therewith;

(e)     hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement hereof or the MVMMC Trust Agreement, including disputes arising under agreements, documents, or instruments executed in connection therewith;

(f)     consider any modifications hereof or the MVMMC Trust Agreement, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(g)     issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement hereof or the Confirmation Order;

(h)     hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, the MVMMC Trust Agreement, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement, the Confirmation Order, or the MVMMC Trust Agreement;

(i)     enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Cases;

(j)     hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(k)     hear and determine all matters related to the property of the Estates, the Debtors, the MVMMC Trust, or the MVMMC Trustee from and after the Effective Date;

(l)     hear and determine such other matters as may be provided in the Plan or the Confirmation Order and as may be authorized under the provisions of the Bankruptcy Code; and

(m)     hear and determine all matters related to Customer Claims, the Customer Claim Report, or Objections to the Customer Claim Report and issue the Allowed Customer

Claim Order, and any appeals thereto; and

(n)     enter a final decree or decrees closing a Case or the Cases.

**ARTICLE XI.**
**MISCELLANEOUS PROVISIONS**

**11.1     Severability of Plan Provisions.**  If, prior to Confirmation, any term or provision hereof is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court, at the request of the Proponents (upon appropriate notice to one another), shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.   The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision hereof, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**11.2     Exemption from Transfer Taxes.**  In accordance with section 1146(a) of the Bankruptcy Code, the Bankruptcy Court will be requested to make findings, in the Confirmation Order, that the sale of the Debtors' Assets pursuant to one or more Final Orders authorizing and approving such sale(s) shall not be taxed under any law imposing stamp or similar tax. Consistent with the foregoing, each recorder of deeds or similar official for any county, city, or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any stamp or similar tax.

**11.3     Interest Accrual.**  No post-petition interest shall accrue on any Claim or scheduled liability, except as set forth in this Plan.

**11.4    Allocation of Plan Distributions between Principal and Interest.**  To the extent that any Allowed Claim entitled to a Distribution under the Plan is comprised of indebtedness and accrued but unpaid interest thereon, such Distribution shall, for federal income tax purposes, be allocated to the principal amount of the Claim first, and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

**11.5    Rules of Interpretation; Computation of Time.**  For purposes hereof, (i) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document as being in a particular form or containing particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in the Plan to sections, articles, and exhibits, if any, are references to sections, articles, and exhibits of or to the Plan; (iv) the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to a particular portion hereof; (v) captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; and (vi) the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply.   In computing any period of time prescribed or allowed by the Plan, unless otherwise specifically designated in this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**11.6    Plan Documents.**  The Plan Documents are incorporated herein and are a part hereof as if set forth in full herein.

**11.7    Successors and Assigns.**  The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person.

**11.8    Governing Law.**  Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and Bankruptcy Rules, (i) the construction and implementation hereof and any agreements, documents, and instruments executed in connection with the Plan

and (ii) governance matters shall be governed by the laws of the State of New York, without giving effect to the principles of conflict of law thereof.

**11.9    Notice of Effective Date.**  Within five (5) Business Days after the occurrence of the Effective Date, the MVMMC Trustee shall File with the Bankruptcy Court and mail or cause to be mailed to all Holders of Allowed Claims in Class 1-A (Non-Tax Priority Claims), Class 1-B (Secured Claims), Class 2 (Customer Claims), Class 3 (General Unsecured Claims), Class 4 (Convenience Claims), and Class 5 (Equity Interests) a notice that informs such Persons of (i) the entry of the Confirmation Order, (ii) the occurrence of the Effective Date, and (iii) such other matters as the MVMMC Trustee deems appropriate or as may be ordered by the Bankruptcy Court.  The aforesaid notice shall also be served upon the U.S. Trustee and Filed with the Court.

## ARTICLE XII.
## NOTICES

**12.1**    All notices required or desired to be given pursuant to or in connection with the Plan shall be made to the following addresses:

| | |
|---|---|
| If to the Debtors or Receiver: | Mount Vernon Monetary Management Corp.<br>c/o FTI Consulting, Inc.<br>3 Times Square, 9th Floor<br>New York, New York 10036<br>Attention: Allen D. Applbaum |
| With a copy to<br> (which shall not constitute notice): | Greenberg Traurig LLP<br>The Met Life Building<br>200 Park Avenue<br>New York, New York  10166<br>Attention: Allen G. Kadish, Esq. |
| If to the Committee: | Lowenstein Sandler PC<br>1251 Avenue of the Americas, 18th Floor<br>New York, New York 10022<br>-- and --<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Attention: S. Jason Teele, Esq. |
| If to the MVMMC Trustee: | Kelly Beaudin Stapleton<br>Managing Director |

MorrisAnderson & Associates, Ltd.
1540 Broadway, Suite 3940
New York, New York 10036

With a copy to
(which shall not constitute notice):
Lowenstein Sandler PC
1251 Avenue of the Americas, 18th Floor
New York, New York 10022
-- and --
65 Livingston Avenue
Roseland, New Jersey 07068
Attention: S. Jason Teele, Esq.

## ARTICLE XIII.
## MODIFICATION OF THE PLAN

**13.1**     The Proponents, upon appropriate notice to one another other, may alter, amend, or modify the Plan or any Plan Documents under section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date.   After the Confirmation Date and prior to substantial consummation hereof, the Proponents may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects hereof so long as such proceedings do not materially or adversely affect the treatment of Holders of Claims or Interests under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

Respectfully submitted,

By: /s/ Allen Kadish

**GREENBERG TRAURIG, LLP**
Allen G. Kadish, Esq.
Burke A. Dunphy, Esq.
200 Park Avenue
New York, New York 10166


*Attorneys for Mount Vernon Monetary
Management Corp., et al., Debtors and
Debtors-in-Possession*

By:    /s/ S. Jason Teele

**LOWENSTEIN SANDLER, PC**
S. Jason Teele, Esq.
Sharon L. Levine, Esq.
Cassandra M. Porter, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068

*Attorneys for the Official Committee of
Unsecured Creditors*

**Exhibit "1"**

<h1 style="text-align:center">MVMMC TRUST AGREEMENT</h1>

**THIS AGREEMENT AND DECLARATION OF THE MVMMC TRUST**
(the "**MVMMC Trust Agreement**") dated as of November 10, 2010, by and between Mount Vernon Monetary Management Corp. ("**MVMMC**") together with its affiliated debtor entities as debtors and debtors-in-possession (collectively, with MVMMC, the "**Debtors**")[1] and the Official Committee of Unsecured Creditors (the "**Committee**"), and Kelly Beaudin Stapleton as trustee (the "**MVMMC Trustee**") is executed to facilitate the implementation of the Joint Plan of Liquidation dated November 10, 2010 (as amended, modified and supplemented from time to time, the "**Plan**"). All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

**WHEREAS**, on May 27, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

**WHEREAS**, the Plan provides for, among other things, the transfer of all Assets to the MVMMC Trust, the management and liquidation of the MVMMC Trust Assets by the MVMMC Trustee and the making of Distributions to Holders of Allowed Claims pursuant to the Plan;

---

[1] The Debtors are: Mount Vernon Monetary Management Corporation; 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

**WHEREAS**, the MVMMC Trust is established for the sole purpose of administering and distributing the MVMMC Trust Assets, in accordance with Treasury Regulation Section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

**NOW**, **THEREFORE**, in consideration of the premises and mutual covenants and agreements contained herein and in the Plan, the parties hereto, intending to legally bound, agree as follows:

**ARTICLE I.**
**DECLARATION OF MVMMC TRUST**

**Section 1.01.  Creation and Purpose of the MVMMC Trust.**  The Debtors, the Committee, and the MVMMC Trustee hereby create the MVMMC Trust for the purpose of liquidating and distributing the MVMMC Trust Assets to the MVMMC Trust Beneficiaries in accordance with the Plan in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business.  In particular, the MVMMC Trustee shall: (a) make continuing efforts to collect and reduce the MVMMC Trust Assets to Cash; and (b) make timely Distributions and not unduly prolong the duration of the MVMMC Trust.

**Section 1.02.  Declaration of MVMMC Trust.**  To declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtors, the Committee, and the MVMMC Trustee have executed this Trust Agreement and, effective on the Effective Date, the Debtors hereby irrevocably transfer to the MVMMC Trust, all of the right, title, and interests of the Debtors in and to the Assets, to have and to hold unto the MVMMC Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Confirmation Order for the benefit of the MVMMC Trust Beneficiaries and their successors and assigns as provided for in this MVMMC Trust Agreement and in the Plan and Confirmation Order.

**Section 1.03.  Vesting of Assets.**  On the Effective Date, pursuant to the terms of the Plan, all of the Assets (not otherwise abandoned pursuant to the terms of the Plan) shall be

vested in the MVMMC Trust, which also shall be authorized to obtain, liquidate, and collect all of the MVMMC Trust Assets in the possession of third parties and pursue all of the Causes of Action. Subject to the provisions of the Plan, all such MVMMC Trust Assets shall be delivered to the MVMMC Trust free and clear of interests, Claims, Liens, or other encumbrances of any kind. The MVMMC Trustee shall have no duty to arrange for any of the transfers contemplated hereunder and shall be conclusively entitled to rely on the legality and validity of such transfers. Moreover, on the Effective Date, all privileges with respect to any MVMMC Trust Assets, including without limitation, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) to which the Debtors are entitled shall be automatically vested in, and available for assertion by or waiver by the MVMMC Trustee on behalf of the MVMMC Trust. To the extent any of the foregoing does not automatically occur on the Effective Date or is not effectuated through the Confirmation Order or the terms hereof, the Debtors shall, as of the Effective Date, execute such other and further documents as are reasonably necessary to effectuate all of the foregoing.

**Section 1.04. Funding of the MVMMC Trust.** The MVMMC Trust shall be funded, on the Effective Date, with the MVMMC Trust Assets, as provided for in the Plan and in the Confirmation Order.

**Section 1.05. Acceptance by Trustee.** The MVMMC Trustee hereby accepts the MVMMC Trust imposed upon it by this MVMMC Trust Agreement and agrees to observe and perform that MVMMC Trust on and subject to the terms and conditions set forth in this MVMMC Trust Agreement, the Plan, and the Confirmation Order. In connection with and in furtherance of the purposes of the MVMMC Trust, the MVMMC Trustee hereby accepts the transfer of the MVMMC Trust Assets.

**Section 1.06. MVMMC Trust Board.** Pursuant to the Plan and this MVMMC Trust Agreement, the MVMMC Trust Board shall be created on the Effective Date. The MVMMC Trust Board shall be comprised of no more than seven (7) members, the identities of whom are disclosed in the Plan Supplement and are set forth in **<u>Exhibit A</u>** hereto. The MVMMC

Trust Board shall have the duties and powers as provided for in the Plan and in this MVMMC Trust Agreement, including the duty to maximize the value of the MVMMC Trust Assets in the most expeditious manner possible for the benefit of the MVMMC Trust Beneficiaries and Holders of Administrative Expense Claims.

Section 1.07.  **Fiduciary Duties of the MVMMC Trust Board.**  Pursuant to the Plan and this MVMMC Trust Agreement, the MVMMC Trust Board shall act in a fiduciary capacity on behalf of the interests of all MVMMC Trust Beneficiaries.

## ARTICLE II.
## THE MVMMC TRUSTEE

Section 2.01.  **Appointment.**  The MVMMC Trustee has been selected by the Committee pursuant to the provisions of the Plan and has been appointed as of the Effective Date.  The MVMMC Trustee shall, in accordance with the MVMMC Trust Agreement, serve in such capacity through the earlier of (i) the date the MVMMC Trust and the Non-Customer Disputed Claim Reserve are dissolved; and (ii) the date such MVMMC Trustee resigns, is terminated or is otherwise unable to serve; provided, however, that, in the event that the MVMMC Trustee resigns, is terminated or is unable to serve, then the MVMMC Trust Board shall have the right to select a successor who shall be appointed as the MVMMC Trustee and shall serve in such capacity until the MVMMC Trust and the Non-Customer Disputed Claim Reserve are dissolved or until such MVMMC Trustee resigns, is replaced or is terminated and no successor is appointed.

Section 2.02.  **General Powers.**  Except as otherwise provided in this MVMMC Trust Agreement, the Plan, or the Confirmation Order, the MVMMC Trustee may control and exercise authority over the MVMMC Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the business of the MVMMC Trust. Regarding all matters identified in section 3.03 hereof, the Trustee shall follow the direction of the MVMMC Trust Board, provided, however, that nothing in this Agreement shall be deemed to prevent the MVMMC Trustee from taking, or failing to take, any action that, based upon the

advice of counsel, it determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the MVMMC Trustee owes to the MVMMC Trust Beneficiaries or any other Person or Entity. No Person dealing with the MVMMC Trust shall be obligated to inquire into the MVMMC Trustee's authority in connection with the acquisition, management, or disposition of Trust Assets; provided, however, that the members of the MVMMC Trust Board are entitled to make such inquiries in connection with the exercise of their rights or powers pursuant to this MVMMC Trust Agreement. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this MVMMC Trust Agreement, the MVMMC Trustee shall be expressly authorized to, with respect to the MVMMC Trust and the MVMMC Trust Assets:

(a)     Exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced, and take all actions that may be or could have been taken with respect to the MVMMC Trust Assets by any officer, director, shareholder, or other party acting in the name of the Debtors or their Estates with like effect as if duly authorized, exercised, and taken by action of such officers, directors, shareholders, or other party;

(b)     Open and maintain bank accounts on behalf of or in the name of the MVMMC Trust, calculate and make Distributions, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the MVMMC Trust;

(c)     Receive, manage, invest, supervise, and protect the MVMMC Trust Assets, subject to the limitations provided herein;

(d)     Hold legal title to any and all MVMMC Trust Assets;

(e)     Subject to the applicable provisions of the Plan and this MVMMC Trust Agreement, collect and liquidate all MVMMC Trust Assets pursuant to the Plan;

(f)     Review, and where appropriate, object to claims, and supervise and administer the commencement, prosecution, settlement, compromise, withdrawal, or resolution

-5-

in any manner approved by the Bankruptcy Court of all Disputed Claims and the Distributions to the MVMMC Trust Beneficiaries and creditors of the MVMMC Trust, in accordance with this MVMMC Trust Agreement, the Plan, and the Confirmation Order;

(g)     Commence, prosecute, compromise, settle, withdraw, abandon, or resolve in any manner approved by the Bankruptcy Court all Causes of Action;

(h)     Seek a determination of tax liability under section 505 of the Bankruptcy Code; (2) file, if necessary, any and all tax and information returns required with respect to the MVMMC Trust; (3) make tax elections for and on behalf of the MVMMC Trust; and (4) pay taxes, if any, payable for and on behalf of the MVMMC Trust;

(i)     Pay all lawful expenses, debts, charges, taxes, and liabilities of the MVMMC Trust;

(j)     Take all other actions consistent with the provisions of the Plan which the MVMMC Trustee deems reasonably necessary or desirable to administer the Plan;

(k)     Make Distributions to the MVMMC Trust Beneficiaries, and to creditors of the MVMMC Trust, including holders of Allowed Claims pursuant to the Plan, as provided for, or as contemplated by, the Plan;

(l)     Make Distributions to Customers from the Customer Funds as contemplated by, the Plan;

(m)     Withhold from the amount distributable to any Person or Entity such amount as may be sufficient to pay any tax or other charge which the MVMMC Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof;

(n)     Enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this MVMMC Trust Agreement and perform all obligations thereunder;

(o)      If any of the MVMMC Trust Assets are situated in any state or other jurisdiction in which the MVMMC Trustee is not qualified to act as trustee, subject to the approval of the MVMMC Trust Board, nominate and appoint a person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee such security as may be designated by the MVMMC Trustee in its discretion; confer upon such trustee all the rights, powers, privileges, and duties of the MVMMC Trustee hereunder, subject to the conditions and limitations of this MVMMC Trust Agreement, except as modified or limited by the MVMMC Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such trustee is acting shall prevail to the extent necessary); require such trustee to be answerable to the MVMMC Trustee for all monies, assets, and other property that may be received in connection with the administration of all property; and, subject to the approval of the MVMMC Trust Board, remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution by the MVMMC Trustee of a written instrument declaring such trustee removed from office, and specifying the effective date and time of removal;

(p)      Subject to section 5.05 of this MVMMC Trust Agreement, purchase and carry all insurance policies and pay all insurance premiums and costs it deems reasonably necessary or advisable;

(q)      Implement, enforce, or discharge all of the terms, conditions, and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order, and this MVMMC Trust Agreement;

(r)      Employ and compensate professionals and other agents retained by the MVMMC Trustee;

(s)      Undertake all administrative functions remaining in the Cases, including closing of any Case or the Cases; and

(t)      Invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other

investments that a "MVMMC Trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations or any modification in the Internal Revenue Service ("**IRS**") guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements or otherwise.

Section 2.03. **Limitations on the MVMMC Trustee.** Notwithstanding anything under applicable law, this MVMMC Trust Agreement or the Plan to the contrary, the MVMMC Trustee shall not do or undertake any of the following:

(a) Disregard the instructions of the MVMMC Trust Board regarding any of the matters identified in section 3.03 hereof, provided, however, that nothing in this MVMMC Trust Agreement shall be deemed to prevent the MVMMC Trustee from taking, or failing to take, any action that, based upon the advice of counsel, it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the MVMMC Trustee owes to the MVMMC Trust Beneficiaries or any other Person; or

(b) Take, or fail to take, any action that would jeopardize treatment of the MVMMC Trust as a "liquidating trust" for federal income tax purposes; or

(c) Receive transfers of any listed stocks or securities, any readily-marketable assets or any operating assets of a going business; or

(d) Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations or any modification in the IRS guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements or otherwise; or

(e) Receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets; or

(f) Receive or retain Cash in excess of a reasonable amount necessary to meet Claims and contingent liabilities (including Disputed Claims) or to maintain the value of the MVMMC Trust Assets during the term of the MVMMC Trust; or

(g) Notwithstanding any of the foregoing, the MVMMC Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere with the MVMMC Trustee's administration of the MVMMC Trust.

**Section 2.04. Compensation of MVMMC Trustee and its Agents and Professionals.**

(a) The MVMMC Trustee shall be entitled to receive reimbursement for professional fees and expenses incurred by his or her counsel and professionals, at their normal hourly rates, in reviewing, negotiating, executing, and implementing this MVMMC Trust Agreement prior to the Effective Date. The MVMMC Trustee shall also be entitled to receive reimbursement for his or her professional fees incurred in the performance of his or her duties after the Effective Date, plus the reimbursement of all reasonable out-of-pocket expenses incurred connection with this MVMMC Trust Agreement. Any successor to the MVMMC Trustee shall also be entitled to reasonable compensation in connection with the performance of his or her duties, which compensation may be different from the terms provided herein and shall be approved by the MVMMC Trust Board, plus the reimbursement of reasonable out-of-pocket expenses.

(b) No later than the fifteenth (15th) day of each month, the MVMMC Trustee and each of its agents and professionals (unless any such agents or professionals, the MVMMC Trustee, and the MVMMC Trust Board agree to different treatment) seeking compensation or reimbursement shall serve a statement on the MVMMC Trustee and the MVMMC Trust Board. The MVMMC Trustee and the MVMMC Trust Board will have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving an written objection on the party seeking compensation setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, and without further order of the Bankruptcy Court, the MVMMC Trustee shall pay from

the MVMMC Trust Assets, or the proceeds or income thereof, 100% of the amounts requested, except for the portion of such fees and expenses to which any objection has been made. The parties shall attempt to consensually resolve objections, if any, to any statement. If the parties are unable to reach a consensual resolution of any such objection, the party who received an objection to its fees and expenses may seek payment of such fees and expenses by filing a motion with and obtaining an order from the Bankruptcy Court and providing notice to the MVMMC Trustee and the MVMMC Trust Board. If the MVMMC Trustee or its agent or professional fails to submit a statement, it shall be ineligible to receive payment of fees and expenses therefore as provided in this MVMMC Trust Agreement until the statement is submitted.

Section 2.05. **General Duties, Obligations, Rights, and Benefits of the MVMMC Trustee.** The MVMMC Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to or vested in the MVMMC Trust under the Plan, the Confirmation Order, this MVMMC Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan. Such duties, obligations, rights, and benefits include, without limitation, all duties, obligations, rights and benefits relating to the liquidation and/or collection of the Customer Funds, the MVMMC Trust Assets, administration of Claims, satisfaction of claims of creditors, the pursuit of Causes of Action, distributions to MVMMC Trust Beneficiaries, administration of the MVMMC Trust, and any other duties, obligations, rights, and benefits reasonably necessary to accomplish the purpose of the MVMMC Trust under the Plan, the Confirmation Order, this MVMMC Trust Agreement, and any other agreement entered into pursuant to or in connection with the Plan. Without limiting the duties, obligations, rights, and benefits of the MVMMC Trustee under this section or any other provision of this MVMMC Trust Agreement, the MVMMC Trustee shall have all duties, obligations, rights, and benefits assigned to the MVMMC Trustee under the Plan and Confirmation Order.

Section 2.06. **Allowed Administrative Claims Reserve.** The MVMMC Trustee may establish, from time to time fund, and administer a reserve (the "**Allowed Administrative**

**Claims Reserve**"), that shall consist of Cash in an amount reasonably believed by the Trustee to be necessary to satisfy the Allowed Claims payable out of the MVMMC Trust Assets to holders of Allowed Administrative Expense Claims. The Trustee shall be authorized to make distributions from the Allowed Administrative Claims Reserve in satisfaction of such Allowed Claims in accordance with section 9.02 herein, the Plan, and the Confirmation Order.

    **Section 2.07. Replacement of the Trustee.** The MVMMC Trustee may resign at any time upon thirty (30) days written notice delivered to the Bankruptcy Court and the MVMMC Trust Board, provided that such resignation shall only become effective upon the appointment of a permanent or interim successor MVMMC Trustee. A majority of the MVMMC Trust Board may remove the MVMMC Trustee at any time with or without cause. The MVMMC Trustee may also be removed by the Bankruptcy Court upon application and after notice and a hearing, which application may be brought by any party in interest (including any member of the MVMMC Trust Board). In the event of the resignation or removal of the MVMMC Trustee, the MVMMC Trust Board shall designate a person to serve as permanent or interim successor MVMMC Trustee. If the MVMMC Trust Board shall fail to appoint a successor within thirty (30) days of delivery of the MVMMC Trustee's written notice of resignation to the Bankruptcy Court and the MVMMC Trust Board, a successor MVMMC Trustee shall be appointed by the Bankruptcy Court based upon submissions from interested parties (including the MVMMC Trustee, the MVMMC Trust Board or any MVMMC Trust Beneficiary). Upon its appointment, the successor MVMMC Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor and all responsibilities of the predecessor MVMMC Trustee relating to the MVMMC Trust shall be terminated. In the event the MVMMC Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, such MVMMC Trustee shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced. The provisions of Article V of this MVMMC Trust Agreement shall survive the resignation or removal of any MVMMC Trustee.

**Section 2.08. MVMMC Trust Continuance.** The death, dissolution, liquidation, resignation, or removal of the MVMMC Trustee shall not terminate the MVMMC Trust or revoke any existing agency created by the MVMMC Trustee pursuant to this MVMMC Trust Agreement or invalidate any action theretofore taken by the MVMMC Trustee, and the provisions of this MVMMC Trust Agreement shall be binding upon and inure to the benefit of the successor MVMMC Trustee and all its successors or assigns.

**Section 2.09. Fiduciary Duties of the MVMMC Trustee.** Pursuant to the Plan and this MVMMC Trust Agreement, the MVMMC Trustee shall act in a fiduciary capacity on behalf of the interests of all MVMMC Trust Beneficiaries.

**ARTICLE III.**
**MVMMC TRUST BOARD**

**Section 3.01. MVMMC Trust Board.** As of the Effective Date, the MVMMC Trust Board shall be comprised of no more than seven (7) members (each, a "**Member**", and, collectively, the "**Members**"). The initial Members shall be designated in the Plan Supplement. Except as otherwise expressly provided herein, a majority vote of the Members shall constitute an act or decision of the MVMMC Trust Board.

**Section 3.02. Reports to MVMMC Trust Board.** Notwithstanding any other provision of this MVMMC Trust Agreement, the MVMMC Trustee shall report to the MVMMC Trust Board on a regular basis, not less than four (4) times per year. The MVMMC Trust Board shall keep all such information strictly confidential, except to the extent the MVMMC Trust Board deems it reasonably necessary to disclose such information to the Bankruptcy Court (in which case, a good faith effort shall be made to file such information under seal).

**Section 3.03. Actions Requiring Approval of the MVMMC Trust Board.** The MVMMC Trustee shall obtain the approval of the MVMMC Trust Board (by at least a majority vote, which may be obtained by negative notice) prior to taking any action regarding any of the following matters:

(a)     The commencement, prosecution, settlement, compromise, withdrawal, or other resolution of any Cause of Action by the MVMMC Trustee where the amount sought to be recovered in the complaint or other document initiating such Cause of Action exceeds $25,000;

(b)     The sale, transfer, assignment, or other disposition of any non-Cash MVMMC Trust Assets having a valuation in excess of $25,000;

(c)     The abandonment of any non-Cash MVMMC Trust Assets having a valuation of at least $25,000;

(d)     The prosecution of objections to Claims, or the commencement, settlement, compromise, withdrawal, or other resolution of any Disputed Claims, wherein the amount of the asserted Claim exceeds $25,000;

(e)     The borrowing of any funds by the MVMMC Trustee or pledge of any portion of the MVMMC Trust Assets;

(f)     The selection, retention, or termination of any professional Person or Entity by the MVMMC Trustee after the Effective Date;

(g)     Any matter which could reasonably be expected to have a material effect on the amount of distributions to be made by the MVMMC Trustee;

(h)     The exercise of any right or action set forth in this MVMMC Trust Agreement that expressly requires approval of the MVMMC Trust Board, unless the applicable provision expressly requires unanimous approval of the MVMMC Trust Board for the exercise of any such right or action, or as required under this MVMMC Trust Agreement; or

(i)     All investments authorized to be made by the MVMMC Trustee under this MVMMC Trust Agreement.

Section 3.04.   Investments and Bond.  The MVMMC Trust Board (by at least a majority vote) may authorize the MVMMC Trustee to invest the MVMMC Trust Assets in prudent investments other than those described in section 345 of the Bankruptcy Code, subject to section 2.03 above.  Pursuant to the Plan, the MVMMC Trustee shall obtain a bond.

**Section 3.05. Compensation of MVMMC Trust Board.** Each Member shall be entitled to receive reasonable compensation in connection with his or her duties, payable quarterly, without further order of the Bankruptcy Court, in the amount of not more than [•] per annum, or such lesser amount that the MVMMC Trust Board may deem appropriate, plus reimbursement of reasonable out-of-pocket expenses, which expenses shall be subject to the MVMMC Trustee's review.

**ARTICLE IV.**
**PROSECUTION AND RESOLUTION OF CAUSES OF ACTION**

**Section 4.01. The MVMMC Trustee's Exclusive Authority to Pursue, Settle, or Abandon Causes of Action.** Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and the Plan, only the MVMMC Trust and the MVMMC Trustee shall have the right to pursue or not to pursue, or, subject to the terms of the Plan and this MVMMC Trust Agreement, compromise or settle any Causes of Action owned or held by the Debtors or their Estates as of the Effective Date, whether or not commenced on the Effective Date. From and after the Effective Date, the MVMMC Trust and the MVMMC Trustee may commence, litigate, and settle any Causes of Action or rights to payment or claims that belong to the Debtors that may be pending on the Effective Date or instituted by the MVMMC Trust and MVMMC Trustee after the Effective Date, except as otherwise expressly provided in the Plan and this MVMMC Trust Agreement. Other than as set forth in the Plan, no other Person may pursue such Causes of Action after the Effective Date; provided, however, that for the avoidance of doubt, nothing in the Plan or this MVMMC Trust Agreement shall waive, limit or otherwise impair any Person's direct right of action, if any, against any insurer.

**ARTICLE V.**
**LIABILITY OF MVMMC TRUSTEE AND MVMMC TRUST BOARD**

**Section 5.01. Standard of Care; Exculpation**. Neither the MVMMC Trustee, the Members of the MVMMC Trust Board, nor any director, officer, affiliate, employee, employer, professional, successors, assigns, agent, or representative of the MVMMC Trustee

(each, an "**Exculpated Party**" and collectively, the "**Exculpated Parties**") shall be personally liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract, or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "**Losses**"), whether or not in connection with litigation in which any Exculpated Party is a party, or enforcing this MVMMC Trust Agreement (including these exculpation provisions), as and when imposed on the MVMMC Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the MVMMC Trustee's or MVMMC Trust Board's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this MVMMC Trust Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission, or error of an Exculpated Party; provided, however, that the foregoing limitation shall not apply to any Losses suffered or incurred by any holder of a Claim or Interest or MVMMC Trust Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of such Exculpated Party. Every act taken or omitted, power exercised, or obligation assumed by the MVMMC Trust or any Exculpated Party pursuant to the provisions of this MVMMC Trust Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the MVMMC Trustee or any Exculpated Party acting for and on behalf of the MVMMC Trust and not otherwise; provided, however, that none of the foregoing Entities or Persons are deemed to be responsible for any other such Entities' or Persons' actions or inactions. Except as provided in the first proviso of the first sentence of this section 5.01, every Person, firm, corporation, or other Entity contracting or otherwise dealing with or having any relationship with the MVMMC Trust or any Exculpated Party shall have recourse only to the MVMMC Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships and the MVMMC Trustee and the Exculpated Parties shall not be individually liable therefore. In no event shall the

MVMMC Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the MVMMC Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Any liability of the MVMMC Trustee under this MVMMC Trust Agreement will be limited to twice the amount of annual fees paid to the Trustee.

Section 5.02. **Liability, Indemnification**. Neither the MVMMC Trustee, the MVMMC Trust Board, their respective Members, designees or professionals, or any duly authorized agent or representative of the MVMMC Trust, the MVMMC Trustee or the MVMMC Trust Board, nor their respective employees or Members, shall be liable for the act or omission of any other Member, designee, agent, or representative of such MVMMC Trustee or MVMMC Trust Board, nor shall such MVMMC Trustee, MVMMC Trust Board, or any Member of the MVMMC Trust Board be liable for any act or omission taken or not taken in its capacity as MVMMC Trustee, MVMMC Trust Board or Member of such Board, respectively, other than for specific acts or omissions resulting from such MVMMC Trustee's, MVMMC Trust Board's or such Member's willful misconduct, gross negligence or fraud. Each of the MVMMC Trustee or the MVMMC Trust Board may, in connection with the performance of their functions, and in its sole and absolute discretion, consult with its attorneys, accountants financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinion rendered by such entities, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, neither the MVMMC Trustee nor the MVMMC Trust Board shall be under any obligation to consult with its attorneys, accountants, financial advisors and agents, and their determination not to do so shall not result in the imposition of liability on the MVMMC Trustee or the MVMMC Trust Board or their respective Members and/or designees, unless such determination is based on willful misconduct, gross negligence or fraud. The MVMMC Trust shall indemnify and hold harmless the MVMMC Trustee, the MVMMC Trust Board and any duly authorized Member, agent or designee thereof (in their capacity as such), from and against and in respect of all liabilities, losses, damages,

claims, costs, and expenses (including, without limitation, reasonable attorney's fees, disbursements and related expenses), which such entities may incur or to which such entities may become subject in connection with any action, suit, proceeding, or investigation brought by or threatened against such entities arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the MVMMC Trust or the Plan or the discharge of their duties thereunder/hereunder; provided, however, that no such indemnification will made to such entities for actions or omissions as a result of their willful misconduct, gross negligence, or fraud.

Section 5.03. No Liability for Acts of Successor/Predecessor MVMMC Trustees. Upon the appointment of a successor MVMMC Trustee and the delivery of the MVMMC Trust Assets to the successor MVMMC Trustee, the predecessor MVMMC Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor MVMMC Trustee shall have no further liability or responsibility with respect thereto. A successor MVMMC Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor MVMMC Trustee shall be in any way liable for the acts or omissions of any predecessor MVMMC Trustee unless a successor MVMMC Trustee expressly assumes such responsibility. A predecessor MVMMC Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor MVMMC Trustee for any events or occurrences subsequent to the cessation of its role as MVMMC Trustee.

Section 5.04. Reliance by MVMMC Trustee and the MVMMC Trust Board on Documents or Advice of Counsel. Except as otherwise provided in this MVMMC Trust Agreement, the MVMMC Trustee, the MVMMC Trust Board, any director, officer, affiliate, employee, employer, professional, agent, or representative of the MVMMC Trustee, and the Members of the MVMMC Trust Board may rely, and shall be protected from liability for acting or failing to act, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the MVMMC Trustee

and/or the MVMMC Trust Board to be genuine and to have been presented by an authorized party. Neither the MVMMC Trustee nor the MVMMC Trust Board shall be liable for any action taken or omitted or suffered by the MVMMC Trustee or the MVMMC Trust Board, as applicable, in reasonable reliance upon the advice of counsel or other professionals engaged by the MVMMC Trustee or the MVMMC Trust Board, as applicable, in accordance with this MVMMC Trust Agreement. The MVMMC Trustee and the MVMMC Trust Board, as applicable, shall be fully indemnified by the MVMMC Trust for or in respect of any action taken, suffered or omitted by it and in accordance with such advice or opinion.

Section 5.05. Insurance. The MVMMC Trustee, upon the approval of the MVMMC Trust Board, may purchase, using the MVMMC Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the MVMMC Trust Board and the MVMMC Trustee deem reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any Losses it may incur, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this MVMMC Trust Agreement.

Section 5.06. Survival. The provisions of this Article V shall survive the termination of this MVMMC Trust Agreement and the death, resignation, removal, liquidation, dissolution, or replacement of the MVMMC Trustee or the dissolution of the MVMMC Trust Board.

## ARTICLE VI.
## GENERAL PROVISIONS CONCERNING ADMINISTRATION OF THE MVMMC TRUST

Section 6.01. Register of MVMMC Trust Beneficiaries. The MVMMC Trustee shall maintain at all times a register of the names, distribution addresses, amounts of Allowed Claims, and the ratable interests in the MVMMC Trust of the MVMMC Trust Beneficiaries (the "**Register**"). The initial Register shall be delivered to the MVMMC Trustee

by the Debtors and shall be based on the list of holders of Claims maintained by The Garden City Group, Inc. as of the Effective Date and prepared in accordance with the provisions of the Plan and the Confirmation Order.  All references in this MVMMC Trust Agreement to holders of beneficial interests in the MVMMC Trust shall be read to mean holders of record as set forth in the Register maintained by the MVMMC Trustee and shall exclude any beneficial owner not recorded on such Register.  The MVMMC Trustee shall cause the Register to be kept at its office or at such other place or places as may be designated by the MVMMC Trustee from time to time.

### Section 6.02.  Books and Records.

(a)     On the Effective Date, the Debtors shall transfer and assign to the MVMMC Trust full title to, and the MVMMC Trust shall be authorized to take possession of, all of the books and records of the Debtors.  The MVMMC Trust shall have the responsibility of storing and maintaining books and records transferred hereunder until the Cases are closed, after which time such books and records may, to the extent not prohibited by applicable law, be abandoned or destroyed without further Bankruptcy Court order.  For the purpose of this section, books and records include computer generated or computer maintained books and records and computer data, as well as electronically generated or maintained books and records or data, along with books and records of the Debtors maintained by or in possession of third parties and all of the claims and rights of the Debtors in and to their books and records, wherever located.

(b)     The MVMMC Trustee also shall maintain in respect of the MVMMC Trust and the MVMMC Trust Beneficiaries books and records relating to the MVMMC Trust Assets and any income or proceeds realized therefrom and the payment of expenses of and claims against or assumed by the MVMMC Trustee in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof.  Except as expressly provided in this MVMMC Trust Agreement, the Plan, or the Confirmation Order, or as may be required by applicable law (including securities law), nothing in this MVMMC Trust Agreement is intended to require the MVMMC Trustee to file any accounting or seek approval of any court with respect to the administration of the MVMMC Trust, or as a condition for

making any payment or distribution out of the MVMMC Trust Assets. The MVMMC Trust Board shall have the right to inspect the books and records of the MVMMC Trust at any time upon reasonable notice to the MVMMC Trustee. MVMMC Trust Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the MVMMC Trustee to inspect the MVMMC Trust's books and records, including the Register, provided such MVMMC Trust Beneficiary shall have entered into a confidentiality agreement in form and substance reasonably satisfactory to the MVMMC Trustee. Satisfaction of the foregoing condition notwithstanding, if: (a) the MVMMC Trustee and the MVMMC Trust Board determine in good faith that the inspection of the MVMMC Trust's books and records, including the Register, by any Beneficiary would be detrimental to the MVMMC Trust; or (b) such MVMMC Trust Beneficiary is a defendant (or potential defendant) in a pending (or potential) action brought by the MVMMC Trust, the MVMMC Trustee may deny such request for inspection. The Bankruptcy Court shall resolve any dispute between any MVMMC Trust Beneficiary and the MVMMC Trustee under this section 6.02(b).

**Section 6.03. Filing of Interim Reports.** The MVMMC Trustee shall file with the Bankruptcy Court quarterly operating reports regarding the liquidation or other administration of the MVMMC Trust Assets in a form satisfactory to the U.S. Trustee.

**Section 6.04. Final Accounting of MVMMC Trustee.** The MVMMC Trustee (or any such successor MVMMC Trustee) shall within ninety (90) days after the termination of the MVMMC Trust or the death, dissolution, liquidation, resignation, or removal of the MVMMC Trustee, render an accounting containing the following information:

(a)     A description of the MVMMC Trust Assets.

(b)     A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the MVMMC Trust and the MVMMC Trust Assets during the MVMMC Trustee's term of service, including their source and nature.

(c)     Separate entries for all receipts of principal and income.

(d)     The ending balance of all MVMMC Trust Assets as of the date of the accounting, including the Cash balance on hand and the name(s) and location(s) of the depository or depositories where the Cash is kept.

(e)     All known liabilities of the MVMMC Trust.

(f)     All pending actions by or against the MVMMC Trust.

**Section 6.05.  Filing of Accounting**.  The final accounting described in section 6.04 of this MVMMC Trust Agreement shall be filed with the Bankruptcy Court and all MVMMC Trust Beneficiaries shall have notice that the final accounting has been filed and an opportunity to have a hearing on the approval of the accounting and the discharge and release of the MVMMC Trustee.

**Section 6.06.  Customer Claim Report.**   On or before the Customer Claim Report Deadline, the MVMMC Trustee shall file the Customer Claim Report with the Bankruptcy Court and serve the Customer Claim Report, via regular mail, upon each Customer that timely asserted a Potential Trust Claim or Customer Claim in its Proof of Claim.

(a)     Customers shall have access to all documents and information, subject only to claims of privilege, the work product doctrine or similar doctrine, or confidentiality relating to the Customer Claim Report.

(b)     The MVMMC Trustee shall use her best efforts to make all documents and information (other than documents and information that are subject to a privilege, the work product doctrine or similar doctrine or confidentiality) relating to the Customer Claim Report available to all Customers via an online data room or such other method as the MVMMC Trustee determines or as otherwise agreed to by the MVMMC Trustee and the Customer.

# ARTICLE VII.
## BENEFICIAL INTERESTS AND MVMMC TRUST BENEFICIARIES

**Section 7.01. Trust Beneficial Interests.** Each holder of an Allowed Claim shall be entitled to receive beneficial interests in accordance with the treatment of such Claim under the Plan, and shall be entitled to Distributions as set forth in the Plan.

**Section 7.02. Interest Beneficial Only**. Ownership of a beneficial interest in the MVMMC Trust shall not entitle any MVMMC Trust Beneficiary to any title in or to the MVMMC Trust Assets or to any right to call for a partition or division of the MVMMC Trust Assets or to require an accounting.

**Section 7.03. Evidence of Beneficial Interest.** Ownership of a beneficial interest in the MVMMC Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the MVMMC Trust by the MVMMC Trustee, which may be the Register.

**Section 7.04. Exemption from Registration**. The parties hereto intend that the rights of the holders of the beneficial interests arising under this MVMMC Trust Agreement shall not be "securities" under applicable laws, but none of the parties hereto represents or warrants that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and by other applicable law to apply to their issuance under the Plan.

**Section 7.05. Transfers of Beneficial Interests.** Beneficial interests in the MVMMC Trust shall be nontransferable except upon death of the interest holder or by operation of law. The MVMMC Trustee shall not have any obligation to recognize any transfer of Claims occurring after the Record Date. Only those holders of Claims of record stated on the transfer ledgers as of the close of business on the Record Date, to the extent applicable, shall be entitled to be recognized for all purposes hereunder.

**Section 7.06. Absolute Owners.** The MVMMC Trustee may deem and treat the MVMMC Trust Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving Distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

**Section 7.07. Change of Address.** A MVMMC Trust Beneficiary may, after the Effective Date, select an alternative Distribution address by serving a notice on the MVMMC Trustee identifying such alternative Distribution address. Absent such notice, the MVMMC Trustee shall not recognize any such change of Distribution address. Such notification shall be effective only upon receipt by the MVMMC Trustee.

**Section 7.08. Effect of Death, Dissolution, Incapacity, or Bankruptcy of MVMMC Trust Beneficiary.** The death, dissolution, incapacity, or bankruptcy of a MVMMC Trust Beneficiary during the term of the MVMMC Trust shall not operate to terminate the MVMMC Trust during the term of the MVMMC Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt MVMMC Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the MVMMC Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the MVMMC Trust Beneficiary under this MVMMC Trust Agreement or in the MVMMC Trust.

**Section 7.09. Standing.** Except as expressly provided in this MVMMC Trust Agreement, the Plan or the Confirmation Order, a MVMMC Trust Beneficiary does not have standing to direct the MVMMC Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the MVMMC Trust Assets.

## ARTICLE VIII.
## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

**Section 8.01. Incorporation of Plan Provisions.** As of the Effective Date, the MVMMC Trustee shall assume responsibility for all matters related to Claims (including Potential Trust Claims, Customer Claims, and Non-Customer Claims) as established by the Plan.

In accordance with the Plan, the MVMMC Trustee shall establish an appropriate Non-Customer Disputed Claim Reserve pending resolution, as set forth in the Plan, of all Non-Customer Claim Objections, other contested matters and adversary proceedings concerning Disputed Claims.

**Section 8.02. Non-Customer Disputed Claim Reserve.**

(a) **Establishment and Maintenance of Reserve for Non-Customer Disputed Claim Reserve.** Upon the filing of any Claim Objection, the MVMMC Trustee shall establish the Non-Customer Disputed Claim Reserve. The amount of Cash deposited into the Non-Customer Disputed Claim Reserve shall be equal to the percentage of Cash that Holders of Non-Customer Disputed Claim would be entitled under the Plan if such Claims were Allowed Claims in the amount asserted by the Holder of such Non-Customer Disputed Claim or such lesser amount as authorized by a Final Order. For the purposes of effectuating the provisions of the Plan and the Distributions to Holders of Allowed Claims, the MVMMC Trustee may, at any time and regardless of whether a Claim Objection to a Non-Customer Disputed Claim has been Filed, request that the Bankruptcy Court estimate, set, fix or liquidate the amount of such Non-Customer Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, in which event the amounts so estimated, fixed or liquidated shall be deemed the Allowed amounts of such Claims for purposes of Distribution under this Plan. In lieu of estimating, fixing or liquidating the amount of any Non-Customer Disputed Claim, the Bankruptcy Court may determine the amount to be reserved for such Non-Customer Disputed Claims (singularly or in the aggregate), or such amount may be fixed by an agreement in writing by and between the MVMMC Trustee and the Holder of a Non-Customer Disputed Claim.

(b) **Distributions Upon Allowance of Non-Customer Disputed Claims.** The Holder of a Non-Customer Disputed Claim that becomes an Allowed Claim subsequent to the Effective Date shall receive a Distribution from the Non-Customer Disputed Claim Reserve as soon as practical following the date on which such Non-Customer Disputed Claim becomes an Allowed Claim pursuant to a Final Order or by agreement of the parties. Such Distributions shall be made in accordance with the Plan based upon the Distributions that would have been

made to such Holder under the Plan if the Non-Customer Disputed Claim had been an Allowed Claim on or prior to the Effective Date. No Holder of a Non-Customer Disputed Claim shall have any Claim against the Non-Customer Disputed Claim Reserve, the MVMMC Trustee or the Debtors with respect to such Claim until such Non-Customer Disputed Claim shall become an Allowed Claim, and no Holder of a Non-Customer Disputed Claim shall have any right to interest, dividends or other Distribution on such Non-Customer Disputed Claim except as provided in the Plan.

(c)     **Surplus Distribution.**   To the extent that a Non-Customer Disputed Claim is not Allowed or becomes an Allowed Claim in an amount less than the Non-Customer Disputed Claim amount, any excess of Cash in the Non-Customer Disputed Claim Reserve attributable to such Non-Customer Disputed Claim in excess of Cash actually distributed on account on such Non-Customer Disputed Claim shall be deemed Surplus Distributions. The MVMMC Trustee shall make a supplemental Distribution or Distributions of the Surplus Distributions to Holders of Allowed Claims on a Pro Rata basis on the next Distribution Date.

## ARTICLE IX.
## DISTRIBUTIONS

**Section 9.01.  Distributions to MVMMC Trust Beneficiaries from MVMMC Trust Assets.**   All payments to be made by the MVMMC Trust to any MVMMC Trust Beneficiary shall be made only in accordance with the Plan, the Confirmation Order, and this MVMMC Trust Agreement and from the MVMMC Trust Assets (or from the income and proceeds realized from the MVMMC Trust Assets) net of the Non-Customer Disputed Claim Reserve and other reserves established by the Trustee, if any, and only to the extent that the MVMMC Trust has sufficient assets (or income and proceeds realized from the MVMMC Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this MVMMC Trust Agreement.

**Section 9.02.  Distributions; Withholding.**

(a) The MVMMC Trustee shall make Distributions to holders of Allowed Claims as provided in the Plan and, herein: (i) holders of Allowed Customer Claims, next (ii) Holders of Allowed Secured Claims, next (iii) Holders of Allowed Administrative Expense Claims that were unpaid on the Effective Date, next (iv) MVMMC Trust Expenses, next (v) Holders of Non-Tax Priority Claims, next (vi) Holders of Allowed General Unsecured Claims and Convenience Claims following the Initial Distribution under the Plan.

(b) The MVMMC Trustee shall make distributions to holders of Allowed Claims (including distributions of all net Cash (including net income plus net Cash proceeds from the sale of the MVMMC Trust Assets)) quarterly to the extent there are sufficient MVMMC Trust Assets; provided, however, that the MVMMC Trust may retain and supplement from time to time a reserve (the "**MVMMC Trust Reserve**") in such amount (a) as is reasonably necessary to meet contingent liabilities and to maintain the value of the MVMMC Trust Assets during the term of the MVMMC Trust; (b) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees, and expenses (including attorneys' fees and expenses, financial advisor fees and expenses, and disbursing agent fees and expenses) of the MVMMC Trustee and the MVMMC Trust Board in connection with the performance of their duties in connection with this MVMMC Trust Agreement; and (c) to satisfy all other liabilities and claims of creditors of the MVMMC Trust incurred or assumed in respect of the MVMMC Trust (or to which the MVMMC Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order and this MVMMC Trust Agreement. All such Distributions shall be made as provided, and subject to any withholding or reserve, in this MVMMC Trust Agreement, the Plan or the Confirmation Order. Additionally, the MVMMC Trustee may withhold from amounts distributable to any MVMMC Trust Beneficiary any and all amounts, determined in the MVMMC Trustee's sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement. In addition, all distributions under this MVMMC Trust Agreement shall be net of the actual and reasonable costs of making such distributions. Prior to the making of any Distributions

contemplated hereunder to holders of Allowed Claims, the MVMMC Trustee shall provide the MVMMC Trust Board with five (5) Business Day's written notice of any such Distribution, which notice shall include a summary of the aggregate amounts to be distributed. Within three (3) Business Days of receipt of the notice of Distribution, any Member of the MVMMC Trust Board may request additional information regarding the calculation of the aggregate Distribution amounts for each Class of Allowed Claims.

**Section 9.03. No Distribution Pending Allowance.** No payment or Distribution shall be made with respect to any Claim to the extent it is a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, except for Distributions into the Non-Customer Disputed Claim Reserve in accordance with the Plan, Confirmation Order, and this MVMMC Trust Agreement.

**Section 9.04. Non-Cash Property**. Subject to section 3.03 hereof, any non-Cash property of the MVMMC Trust may be sold, transferred, or abandoned by the MVMMC Trustee. Notice of such sale, transfer, or abandonment shall be provided to the Holders, if any, of Claims secured by a Lien on non-Cash property. If, in the MVMMC Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the MVMMC Trustee believes, in good faith, such property has no value to the MVMMC Trust, the MVMMC Trustee shall have the right, subject to the approval of the MVMMC Trust Board, to abandon or otherwise dispose of such property, including by donation of such property to a charity designated by the MVMMC Trustee Committee. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a cause of action against the MVMMC Trustee or any director, officer, employee, consultant, or professional of the MVMMC Trustee, the MVMMC Trust Board, or of any of its Members or professionals, arising from or related to the disposition of non-Cash property in accordance with this section.

**Section 9.05. Undeliverable Distributions**. If any Distribution is returned as undeliverable, the MVMMC Trust may, in its discretion, make such efforts to determine the current address of the Holder of the Claim with respect to which the Distribution was made as

the MVMMC Trust deems appropriate, but no Distribution to any Holder shall be made unless and until the MVMMC Trust has determined the then-current address of the Holder, at which time the Distribution to such Holder shall be made to the Holder without interest. Amounts in respect of any undeliverable Distributions made by the MVMMC Trust shall be returned to the MVMMC Trust until the Distributions are claimed or are deemed to be unclaimed property under section 347(b) of the Bankruptcy Code and the Plan ("**Unclaimed Property**").

Section 9.06.  **Unclaimed Property.**  Distributions that are not claimed by the expiration of one year from the date of the Distribution shall be deemed to be Unclaimed Property and shall vest or revest in the MVMMC Trust, and the Claims with respect to which those Distributions are made shall be automatically canceled.  After the expiration of that one-year period, the Claim of any Person or Entity to those Distributions shall be discharged and forever barred.  Nothing contained in the Plan or this MVMMC Trust Agreement shall require the MVMMC Trust to attempt to locate any holder of an Allowed Claim.  All funds or other property that vests or revests in the MVMMC Trust pursuant to the Plan and shall be distributed by the MVMMC Trustee to the other holders of Allowed Claims in accordance with the provisions of the Plan and this MVMMC Trust Agreement.  A Claim, and the Unclaimed Property distributed on account of such Claim, shall not escheat to any federal, state, or local government or other entity by reason of the failure of its Holder to claim a distribution in respect of such Claim.

Section 9.07.  **Time Bar to Cash Payments by Check**.  Checks issued by the MVMMC Trust on account of Allowed Claims shall be null and void if not negotiated within 90 days after the date of issuance thereof.  Requests for the reissuance of any check that becomes null and void pursuant to the Plan shall be made directly to the MVMMC Trustee by the Holder of the Allowed Claim to whom the check was originally issued.  Any Claim in respect of such voided check shall be made in writing on or before the later of the first anniversary of the date of the Distribution or the first anniversary of the date on which the Claim at issue became an Allowed Claim.  After that date, all Claims in respect of void checks shall be discharged and

forever barred and the proceeds of those checks shall revest in and become property of the MVMMC Trust as Unclaimed Property in accordance with section 347(b) of the Bankruptcy Code and be distributed as Unclaimed Property.

Section 9.08. **Withholding Taxes and Expenses of Distribution.** Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from Distributions hereunder. All holders of Claims shall be required to provide the MVMMC Trustee with any information necessary to effect the withholding of such taxes. In addition, all Distributions under the Plan shall be net of the actual and reasonable costs of making such distributions.

Section 9.09. **Distributions on Non-Business Days.** Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

Section 9.10. **No Distribution in Excess of Allowed Amount of Claim.** Notwithstanding anything to the contrary herein, no Holder of an Allowed Claim shall receive in respect of such Claim any Distribution in excess of the Allowed amount of such Claim.

Section 9.11. **Setoff and Recoupment**. The MVMMC Trustee may, but shall not be required to, setoff against, or recoup from, any Claim and the Distribution to be made pursuant to the Plan in respect thereof, any claims or defenses of any nature whatsoever that any of the Debtors, the Estates or the MVMMC Trustee may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtors, the Estates or the MVMMC Trustee of any claim, defense, right of setoff, or recoupment that any of them may have against the Holder of any Claim.

### ARTICLE X.
### TAXES

Section 10.01. Income Tax Status. For United States federal and applicable state income tax purposes, the transfer of the Assets to the MVMMC Trust pursuant to and in accordance with the Plan shall be treated as a disposition of the MVMMC Trust Assets directly

-29-

to and for the benefit of the MVMMC Trust Beneficiaries immediately followed by a contribution of the MVMMC Trust Assets by the MVMMC Trust Beneficiaries to the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries.  Consistent with Revenue Procedure 94-45, 1994-2 C.B. 684, the MVMMC Trust shall be treated as a "liquidating trust" pursuant to Treasury Regulation Section 301.7701-4(d) and as a "grantor trust" pursuant to IRC Sections 671-677.  As such, the MVMMC Trust Beneficiaries will be treated as both the grantors and the deemed owners of the MVMMC Trust.  Any items of income, deduction, credit, and loss of the MVMMC Trust shall be subject to tax on a current basis and allocated for federal income tax purposes to the MVMMC Trust Beneficiaries.

Section 10.02.  Tax Returns.  In accordance with IRC Section 6012 and Treasury Regulation Section 1.671-4(a), the MVMMC Trust shall file with the IRS annual tax returns on Form 1041.  In addition, the MVMMC Trustee shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon out of the MVMMC Trust Assets (or the income or proceeds thereof).  Within a reasonable time following the end of the taxable year, the MVMMC Trustee shall send to each MVMMC Trust Beneficiary a separate statement setting forth the MVMMC Trust Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct each such MVMMC Trust Beneficiary to report such items on their federal income tax returns. The MVMMC Trustee may provide each MVMMC Trust Beneficiary with a copy of the Form 1041 for the MVMMC Trust (without attaching any other Beneficiary's Schedule K-1 or other applicable information form) along with such MVMMC Trust Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement.  The MVMMC Trustee shall allocate the taxable income, gain, loss, deduction, or credit of the MVMMC Trust with respect to each MVMMC Trust Beneficiary.

Section 10.03. Withholding of Taxes and Reporting Related to MVMMC Trust Operations.  The MVMMC Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all

distributions made by the MVMMC Trustee shall be subject to any such withholding and reporting requirements. To the extent that the operation of the MVMMC Trust or the liquidation of the MVMMC Trust Assets creates a tax liability, the MVMMC Trustee shall promptly pay such tax liability out of the MVMMC Trust Assets (or the income or proceeds thereof) and any such payment shall be considered a cost and expense of the operation of the MVMMC Trust payable without Bankruptcy Court order. The MVMMC Trustee may reserve a sum, the amount of which shall be determined by the MVMMC Trustee with the approval of the MVMMC Trust Board, sufficient to pay the accrued or potential tax liability arising out of the operations of the MVMMC Trust or the operation of the MVMMC Trust Assets. Upon the approval of the MVMMC Trust Board, the MVMMC Trustee, on behalf of the MVMMC Trust, may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All MVMMC Trust Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

Section 10.04. **Valuations.** As soon as possible after the Effective Date, the MVMMC Trustee and the MVMMC Trust Board shall work together to make a good faith determination of the value of all of the MVMMC Trust Assets. The MVMMC Trustee shall establish appropriate means to apprise the MVMMC Trust Beneficiaries of such valuation and such valuation shall be used consistently by all parties (including, without limitation, the Debtors, the MVMMC Trust, the MVMMC Trust Beneficiaries, and the MVMMC Trust Board) for all federal income tax purposes. The MVMMC Trustee also shall file (or cause to be filed) any other statements, returns, or disclosures relating to the MVMMC Trust that are required by any governmental unit.

Section 10.05. **Treatment of Customer Funds and Non-Customer Disputed Claim Reserve.** Notwithstanding any other provision of this MVMMC Trust Agreement to the contrary, subject to definitive guidance from the IRS or a court of competent jurisdiction to the

contrary, the MVMMC Trustee shall: (a) treat any Trust Assets allocable to, or retained on account of, the Customer Funds or the Non-Customer Disputed Claim Reserve as held by one or more discrete trusts for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim, in accordance with the trust provisions of the IRC (sections 641 *et seq*.); (b) treat as taxable income or loss of each of the Customer Funds or the Non-Customer Disputed Claim Reserve, with respect to any given taxable year, the portion of the taxable income or loss of the MVMMC Trust that would have been allocated to the holders of Disputed Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved); (c) treat as a distribution from the Customer Funds or the Non-Customer Disputed Claim Reserve any increased amounts distributed by the MVMMC Trust as a result of any Disputed Claims resolved earlier in the taxable year, to the extent such distributions relate to taxable income or loss of the Non-Customer Disputed Claim Reserve determined in accordance with the provisions hereof; and (d) to the extent permitted by applicable law, report consistent with the foregoing for state and local income tax purposes. All MVMMC Trust Beneficiaries shall report, for income tax purposes, consistent with the foregoing. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Customer Funds or the Non-Customer Disputed Claim Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be: (a) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims; or (b) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the MVMMC Trustee as a result of the resolutions of such Disputed Claims.

      **Section 10.06.** **Expedited Determination of Taxes.** The MVMMC Trust may request an expedited determination of taxes of the Debtors and of the MVMMC Trust, including the Customer Funds or the Non-Customer Disputed Claim Reserve, under section 505(b) of the

Bankruptcy Code for all returns filed for, or on behalf of, the Debtors and the MVMMC Trust for all taxable periods through the termination of the MVMMC Trust.

**ARTICLE XI.**
**TERMINATION OF MVMMC TRUST**

Section 11.01. **Termination of MVMMC Trust.** The MVMMC Trustee shall be discharged and the MVMMC Trust shall be terminated, at such time as: (a) all Disputed Claims have been resolved; (b) all of the MVMMC Trust Assets have been liquidated; (c) all duties and obligations of the MVMMC Trustee hereunder have been fulfilled; (d) all Distributions required to be made by the MVMMC Trustee under the Plan and this MVMMC Trust Agreement have been made, and (e) all of the Cases have been closed; provided, however, that in no event shall the MVMMC Trust be terminated later than the term of the MVMMC Trust under section 11.02 of this MVMMC Trust Agreement, as such term may be extended pursuant to said section.

Section 11.02. **Maximum Term.** The MVMMC Trust shall be dissolved no later than three (3) years from the Effective Date unless: (i) the Bankruptcy Court, upon a motion filed prior to the third anniversary or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the MVMMC Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed two years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the MVMMC Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the MVMMC Trust Assets. .

Section 11.03. **Events Upon Termination.** At the conclusion of the term of the MVMMC Trust, the MVMMC Trustee shall distribute the remaining MVMMC Trust Assets, if any, to the MVMMC Trust Beneficiaries, in accordance with the Plan, the Confirmation Order, and this Trust Agreement.

Section 11.04. **Winding Up, Discharge, and Release of the MVMMC Trustee.** For the purposes of winding up the affairs of the MVMMC Trust at the conclusion of its term,

the MVMMC Trustee shall continue to act in such capacity until its duties under this MVMMC Trust Agreement have been fully discharged or its role as MVMMC Trustee is otherwise terminated under this MVMMC Trust Agreement and the Plan.  Upon a motion by the MVMMC Trustee, the Bankruptcy Court may enter an order relieving the MVMMC Trustee, its agents and employees of any further duties, discharging, and releasing the MVMMC Trustee.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

Section 12.01. **Amendments.**  The MVMMC Trustee may, with the approval of a majority of the Members of the MVMMC Trust Board, modify, supplement, or amend this MVMMC Trust Agreement in any way that is not inconsistent with the Plan or the Confirmation Order.  In the event that a majority (as described above) of the Members of the MVMMC Trust Board is unable to reach a consensus regarding a proposed modification, supplement, or amendment, the MVMMC Trustee may seek Bankruptcy Court approval of any such modification, supplement, or amendment.

Section 12.02. **Waiver.**  No failure by the MVMMC Trust, the MVMMC Trustee, or the MVMMC Trust Board to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

Section 12.03. **Cumulative Rights and Remedies.**  The rights and remedies provided in this MVMMC Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

Section 12.04. **Irrevocability.**  This MVMMC Trust Agreement and the MVMMC Trust created hereunder shall be irrevocable, except as otherwise expressly provided herein.

Section 12.05. **Tax Identification Numbers.**  The MVMMC Trustee may require any MVMMC Trust Beneficiary to furnish to the MVMMC Trustee its social security

number or employer or taxpayer identification number as assigned by the IRS and the MVMMC Trustee may condition any Distribution to any MVMMC Trust Beneficiary upon the receipt of such identification number.

Section 12.06. **Relationship to the Plan.** The principal purpose of this MVMMC Trust Agreement is to aid in the implementation of the Plan and, therefore, this MVMMC Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of this MVMMC Trust Agreement shall control. In the event that any provision of the Plan is found to be inconsistent with a provision of the Confirmation Order, the Confirmation Order shall control.

Section 12.07. **Division of MVMMC Trust.** Under no circumstances shall the MVMMC Trustee have the right or power to divide the MVMMC Trust unless authorized to do so by the MVMMC Trust Board and the Bankruptcy Court.

Section 12.08. **Applicable Law.** This MVMMC Trust shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

Section 12.09. **Retention of Jurisdiction.** Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the MVMMC Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this MVMMC Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the MVMMC Trustee or any Member of the MVMMC Trust Board or any professional retained by the MVMMC Trustee or the MVMMC Trust Board, in each case in its capacity as such. Each party to this MVMMC Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this MVMMC Trust Agreement or of any other agreement or document delivered in connection with

this MVMMC Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this MVMMC Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret or construe any provision of this Trust Agreement.

Section 12.10. **Severability.** In the event that any provision of this MVMMC Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this MVMMC Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this MVMMC Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

Section 12.11. **Limitation of Benefits.** Except as otherwise specifically provided in this MVMMC Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Trust Beneficiaries any rights or remedies under or by reason of this MVMMC Trust Agreement.

Section 12.12. **Notices.** All notices, requests, demands, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by facsimile with an electromagnetic report of delivery or if sent by overnight mail, registered mail, certified mail, or regular mail, with postage prepaid, to the following addresses:

If to the Debtors or Receiver:      Mount Vernon Monetary Management Corp.
c/o FTI Consulting, Inc.
3 Times Square, 9th Floor
New York, New York 10036

Attention: Allen D. Applbaum

With a copy to                          Greenberg Traurig LLP
 (which shall not constitute notice):   The Met Life Building
                                        200 Park Avenue
                                        New York, New York 10166
                                        Attention: Allen G. Kadish, Esq.


If to the Committee:                    Lowenstein Sandler PC
                                        1251 Avenue of the Americas, 18th Floor
                                        New York, New York 10022

                                        -- and --

                                        65 Livingston Avenue
                                        Roseland, New Jersey 07068
                                        Attention: S. Jason Teele, Esq.


If to the MVMMC Trustee:                Kelly Beaudin Stapleton
                                        Managing Director
                                        MorrisAnderson & Associates, Ltd.
                                        1540 Broadway, Suite 3940
                                        New York, New York 10036


With a copy to                          Lowenstein Sandler PC
 (which shall not constitute notice):   1251 Avenue of the Americas, 18th Floor
                                        New York, New York 10022

                                        -- and --

                                        65 Livingston Avenue
                                        Roseland, New Jersey 07068
                                        Attention: S. Jason Teele, Esq.

**Section 12.13.  Further Assurances.**   From and after the Effective Date, the
parties hereto covenant and agree to execute and deliver all such documents and notices and to
take all such further actions as may reasonably be required from time to time to carry out the
intent and purposes of this MVMMC Trust Agreement, and to consummate the transactions
contemplated hereby.

**Section 12.14.  Integration.**  This MVMMC Trust Agreement, the Plan, and the
Confirmation Order constitute the entire agreement with, by and among the parties thereto, and

there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan and in the Confirmation Order. This MVMMC Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this MVMMC Trust Agreement, the Plan or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the MVMMC Trust Beneficiaries any rights or remedies under or by reason of this MVMMC Trust Agreement.

Section 12.15. **Interpretation.** The enumeration and section headings contained in this MVMMC Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this MVMMC Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this MVMMC Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and *vice versa*, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this MVMMC Trust Agreement as a whole and not to any particular section or subsection hereof unless the context clearly requires otherwise. Any reference to the "MVMMC Trustee" shall be deemed to include a reference to the "MVMMC Trust" and any reference to the "MVMMC Trust" shall be deemed to include a reference to the "MVMMC Trustee" except for such provisions in which the context clearly otherwise requires.

Section 12.16. **Counterparts.** This MVMMC Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this MVMMC Trust Agreement by facsimile or email in .PDF format shall be equally effective as delivery of a manually executed counterpart.

Section 12.17. **Representations of Authority**. Each party signing this MVMMC Trust Agreement as an agent or representative of any party hereby covenants and warrants to the other parties that he or she is fully authorized to sign this MVMMC Trust Agreement on behalf of the party he or she represents and is fully authorized to bind the party to all of the terms of this MVMMC Trust Agreement.

**IN WITNESS WHEREOF**, the parties hereto have executed and acknowledged this MVMMC Trust Agreement all as of the date first above written.

**[SIGNATURES ON NEXT PAGE]**

**MOUNT VERNON MONETARY
MANAGEMENT CORPORATION**

By: _____

Its:  Sole Corporate Manager
_____


**1540 ROOSEVELT AVENUE, LLC**

By: _____

Its:  Sole Corporate Manager
_____


**185 LLC**
By: _____

Its:  Sole Corporate Manager
_____


**415 HUGUENOT LLC**

By: _____

Its:  Sole Corporate Manager
_____


**44 N. SAW MILL, LLC**

By: _____

Its:  Sole Corporate Manager
_____


**AMERICAN ARMORED CAR, LTD.**

By: _____

Its:  Sole Corporate Manager
_____


**ANNEX CORP.**

By: _____

Its:  Sole Corporate Manager
_____


**ARMORED MONEY SERVICES, LLC**

By: _____

Its:  Sole Corporate Manager
_____


**ATM MANAGEMENT, LLC**

By: _____

Its:  Sole Corporate Manager
_____


**BARRON ATM CORP.**

By: _____

Its:  Sole Corporate Manager
_____

**CRYSTAL PUBLIC COMMUNICATIONS, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**DISTRICT CENTRAL STATION ALARM CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**DISTRICT CENTRAL ALARM SERVICE CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**DISTRICT SECURITY SERVICES, LLC**

By:
_____
Its:  Sole Corporate Manager
_____

**EZ-KI REALTY CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**EZ-RI REALTY CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**GNC PAYROLL PLUS, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**GT PUBLIC SERVICES, INC. (F/K/A PUBLIC ACCESS NETWORKS SERVICES INC.)**

By:
_____
Its:  Sole Corporate Manager
_____

**MANHATTAN MONEY BRANCH.COM, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**MICHELLE CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**MKEY, LLC**

By:
_____
Its:  Sole Corporate Manager
_____

**MONEY KIOSK CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**MONTGOMERY CHECK CASHING CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**MOUNT VERNON MONETARY MANAGEMENT CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**MOUNT VERNON MONEY CENTER CORP. (A/K/A/ MVMC CORP.)**

By:
_____
Its:  Sole Corporate Manager
_____

**M.V.M.C. SERVICE STATION, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**MVMC HOLDING CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**MVMC SERVICE, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**MVMM CORP.**

By:
_____
Its:  Sole Corporate Manager
_____

**NOWCASH, LTD.**

By:
_____
Its:  Sole Corporate Manager
_____

**QUICK CASH, LLC**

By:
_____
Its:  Sole Corporate Manager
_____

**TIME SQUARE PAYMENT CENTER, INC.**

By:
_____
Its:  Sole Corporate Manager
_____

**VET'S ATM CORP.**

By:

_____

Its:  Sole Corporate Manager

_____


**ZIPES EQUITIES, LTD.**

By:

_____

Its:  Sole Corporate Manager

_____

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTORS**

By:

_____

Its: Co-Chairperson

_____


**KELLY BEAUDIN STAPLETON, AS TRUSTEE**

_____