UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
MOUNT VERNON MONETARY                     :   Case No. 10-23053 (RDD)
  MANAGEMENT CORP., *et al.*,             :
                                          :   Jointly Administered
                  Debtors.                :
                                          :
------------------------------------------------------------------x

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
## CONFIRMING SECOND AMENDED JOINT PLAN OF LIQUIDATION

Mount Vernon Monetary Management Corp., its affiliates and related entities, as debtors and debtors in possession (collectively, the "**Debtors**"),[1] and the Official Committee of Unsecured Creditors (the "**Committee**"; together with the Debtors, the "**Proponents**"), having filed the *Second Amended Joint Plan of Liquidation*, dated as of December 21, 2010 (as amended and supplemented, the "**Plan**"), attached as <u>Exhibit A</u> hereto;[2] and the Court, following a hearing on November 8, 2010 (the "**Disclosure Statement Hearing**"), having entered the *Order (I) Approving Disclosure Statement* (the "**Disclosure Statement**") *and Solicitation Procedures; (II) Approving Form and Contents of the Solicitation Package and Procedures for Distribution Thereof; (III) Establishing a Voting Deadline for Receipt of Ballots; (IV) Approving Procedures for Vote Tabulations; (V) Scheduling a Hearing to Consider Confirmation of Chapter 11 Plan;*

---

[1]   The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Plan in order to maintain consistency and to facilitate interpretation and enforcement of the Plan and this Order.

*NY 240,782,293 V10*

*(VI) Establishing Deadlines and Procedures for Filing Objections; and (VII) Approving Form and Manner of Notice of Hearing* (the **"Disclosure Statement Order"**); and the Court having considered the (1) Plan [Docket No. 332], (2) Disclosure Statement [Docket No. 332], (3) affidavits of service filed in respect of the Disclosure Statement Order [Docket Nos. 337 and 344], (4) *Memorandum of Law in Support of Confirmation of Debtors' Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 398], (5) *Declaration of Scott A. Rinaldi In Support of Confirmation of Debtors' Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 399], (6) *Declaration of Phillip Daddona In Support of Confirmation of Debtors' Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 396], (7) *Declaration of Isabel Baumgarten of the Garden City Group, Inc. Certifying the Methodology for the Tabulation of Votes on and Results of Voting with Respect to the Debtors' Second Amended Joint Plan of Reorganization* ("**Tabulation Declaration**") [Docket No. 397], (8):

- *Objection of the United States Trustee to Disclosure Statement for Joint Plan of Liquidation* [Docket No. 314];

- *Objection to Proposed Amended Joint Plan of Reorganization and Amended Disclosure Statement filed on behalf of Known Litigation Holdings, LLC* [Docket No. 377];

- *Limited Objection to Confirmation of Amended Plan of Liquidation filed on behalf of Interested Underwriters Who Insured Wilmington Savings Fund Society, FSB* [Docket No. 388];

- *Objection of MSBA Federal Employees Credit Union to Confirmation of Amended Plan of Liquidation* [Docket No. 389];

(9) *Joint Response to Objections to Amended Joint Plan of Liquidation* [Docket No. 400]; and

(10) *Joint Response to Objection of United States Trustee to Amended Joint Plan of Liquidation* [Docket No. 405]; and the Court having considered the arguments and representations of

counsel, and the evidence proffered and/or adduced at the hearing held December 21, 2010 to consider confirmation of the Plan (the "**Confirmation Hearing**"); and the Court, having taken judicial notice of the docket in these Chapter 11 cases maintained by Clerk of the Court and/or its duly-appointed agent, including all pleadings and other documents filed, and all orders entered; and, after due deliberation and sufficient cause appearing therefore, the Court hereby FINDS, CONCLUDES, AND ORDERS as follows:[3]

## FINDINGS OF FACT

A. Chapter 11 Cases. On May 27, 2010 (the "**Petition Date**"), the Debtors commenced these Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors were qualified and are qualified to be debtors under Section 109(d) of the Bankruptcy Code. On November 10, 2010, the Proponents filed the Disclosure Statement and Plan; on December 21, 2010 the Proponents filed the Plan in its current form.

B. Evidence. All materials filed on the record of these Chapter 11 cases and in connection with the Confirmation Hearing have been admitted into evidence.

C. Solicitation and Notice. As evidenced by the Tabulation Declaration, and as required by the Disclosure Statement Order, the Proponents have provided due and sufficient notice of the Confirmation Hearing and solicited ballots accepting or rejecting the Plan by timely transmitting (a) written notice of (i) the Disclosure Statement Order, (ii) the deadline for voting on the Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the Plan; (b) the Plan; (c) the Disclosure Statement; (d) a Ballot and a pre-addressed, postage paid, return envelope to be used to return a completed Ballot; (e) such other information as the Court may direct or approve (items (a) through (e) being referred to

---

[3] This Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

herein collectively as the "**Solicitation Package**") to all holders of Claims and Equity Interests, in accordance with the Disclosure Statement Order, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Bankruptcy Code.

  D. <u>Acceptances of the Plan</u>.  As evidenced by the Tabulation Declaration, Class 2, Class 3 and Class 4, which are the only Classes entitled to vote on the Plan, have each accepted the Plan.

  E. <u>Rejection of Executory Contracts and Unexpired Leases</u>.  The provisions of Article VII of the Plan governing the rejection of executory contacts and unexpired leases satisfy the requirements of all applicable provisions of Section 365 of the Bankruptcy Code.  Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the MVMMC Trust and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if the rejection had been effectuated by motion.

  F. <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies the requirements for confirmation set forth in Sections 1129(a) and (b) of the Bankruptcy Code as set forth below:

    a. <u>11 U.S.C. § 1129(a)(1)</u>:  The Plan complies with all applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123 of the Bankruptcy Code.

      (i) <u>11 U.S.C. § 1122</u>.  Each Claim or Equity Interest placed in a particular Class under the Plan is substantially similar to the other claims or interests in that Class.  In addition, valid business, legal and factual reasons exist for the separate classification of each of the classes of Claims and Equity Interests created under the Plan, and there is no unfair discrimination between or among holders of Claims and Equity Interests.

(ii) <u>11 U.S.C. § 1123</u>. Article II of the Plan classifies Claims and Equity Interests into six different Classes (except for Administrative Claims and Priority Tax Claims, which need not be classified), specifies which Claims or Equity Interests are Impaired and Unimpaired, provides the same treatment for Claims and Equity Interests within each Class (except to the extent agreed to by the Holder of a Claim), and provides adequate means for the Plan's implementation. 11 U.S.C. § 1123(a)(1)-(5). The Plan does not propose the issuance of equity or other securities; accordingly, the prohibition on issuance of nonvoting securities is inapplicable. 11 U.S.C. § 1123(a)(6). Section 6.6(b) of the Plan provides that the Committee, which has a statutory duty to act in the best interest of the Debtors' creditor body, is charged with appointing the MVMMC Trustee, who is identified in Section 1.65 of the Plan. This is consistent with the interests of Creditors and public policy in satisfaction of 11 U.S.C. § 1123(a)(7). The Plan contains other permissive provisions, which are appropriate pursuant to Section 1123(b) of the Bankruptcy Code and not inconsistent with the Bankruptcy Code.

b. <u>11 U.S.C. § 1129(a)(2)</u>: The Proponents have complied with all of the Bankruptcy Code's applicable provisions, including conducting the solicitation of acceptances and rejections of the Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order.

c. <u>11 U.S.C. § 1129(a)(3)</u>: Among other things, the Plan and the agreements implemented by the Plan are the result of extensive, arm's-length, good faith negotiations between and among the principal constituencies in these Chapter 11 cases, including the Debtors and the Committee. The Debtors and the Committee have worked in a joint

effort, and to represent their respective constituencies, to achieve maximum efficiencies in the Chapter 11 cases and to propose a Plan structure and MVMMC Trust structure designed with the objective of ensuring that Creditors holding Allowed Claims realize the best possible recovery under the circumstances.

      d.  11 U.S.C. § 1129(a)(4): The Plan appropriately provides for all payments for services in connection with these Chapter 11 cases to be subject to Court approval as reasonable and therefore satisfies Section 1129(a)(4) of the Bankruptcy Code. The Debtors have demonstrated sufficient funds on hand to make the payments required by Section 1129(a)(4) of the Bankruptcy Code.

      e.  11 U.S.C. § 1129(a)(5): The Plan and Disclosure Statement comply with Section 1129(a)(5) of the Bankruptcy Code by virtue of the disclosure in the record of these Chapter 11 cases of the identity and affiliation of the individual proposed to serve, after confirmation of the Plan, as the MVMMC Trustee. The appointment of Kelly Beaudin Stapleton as MVMMC Trustee is consistent with the interests of creditors and public policy.

      f.  11 U.S.C. § 1129(a)(6): The requirements of Section 1129(a)(6) of the Bankruptcy Code are not applicable to the Plan because the Debtors are not subject to any regulatory commission with jurisdiction over the rates of the Debtors, and because the Debtors have no operations and are being liquidated.

      g.  11 U.S.C. § 1129(a)(7):

          i.  Each Holder of Claims or Equity Interests in a Class that is impaired under the Plan either: (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that

Entity would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. The members of Class 2, Class 3, and Class 4, who are Impaired under the Plan, have accepted the Plan.

    ii. The requirements of Section 1129(a)(7) of the Bankruptcy Code are satisfied with respect to Holders of Claims in Class 2, Class 3 and Class 4, and Holders of Equity Interests in Class 5 who have not accepted the Plan or who were deemed to reject the Plan, respectively, because the distribution to these Classes is not less than the amount that such Holders would receive or retain if the Debtors were liquidated under Chapter 7; Holders of Equity Interests under Class 5 are not receiving any distribution under the Plan and would not receive or retain any value in a Chapter 7 case.

h.   <u>11 U.S.C. § 1129(a)(8)/11 U.S.C. § 1129(b)</u>:

    i. Classes 1-A and 1-B are Unimpaired under the Plan and are deemed to accept the Plan.

    ii. Class 2, Class 3, and Class 4 are Impaired under the Plan and have voted to accept the Plan.

    iii. Class 5 is Impaired under the Plan and will receive and retain no property under the Plan. Class 5 therefore is deemed to reject the Plan. Confirmation of the Plan, notwithstanding the deemed rejection of the Plan by Class 5, is appropriate because, among other things, with respect to Class 5, no holder of any interest that is junior to the Equity Interests of Class 5 will receive or retain any property under the Plan on account of such junior interests. Further, no Class of Claims senior to Class 5 will receive more than the full Allowed amount of its Claims. The treatment of Class 5 satisfies the requirements of

Section 1129 of the Bankruptcy Code; such treatment does not discriminate unfairly and is fair and equitable within the meaning of Section 1129(b)(2)(C) of the Bankruptcy Code.

i. <u>11 U.S.C. § 1129(a)(9)</u>: The treatment of Administrative Claims and Non-Tax Priority Claims under the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code. The Plan provides that all such Claims will be paid in full, except to the extent the holders of such Claims have agreed otherwise pursuant to Article III of the Plan.

j. <u>11 U.S.C. § 1129(a)(10)</u>: Class 2, Class 3, and Class 4, which are impaired and entitled to vote on the Plan, have voted to accept the Plan. The Plan therefore satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code.

k. <u>11 U.S.C. § 1129(a)(11)</u>: The Plan is feasible and therefore satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code. The Plan provides for the liquidation and disposition of the Debtors' remaining assets, the establishment of the MVMMC Trust, and provides a mechanism to distribute the proceeds to the holders of Allowed Claims.

l. <u>11 U.S.C. § 1129(a)(12)</u>: The Plan provides for payment in full of all fees payable under 28 U.S.C. § 1930. The Plan thus satisfies the requirements of Section 1129(a)(12) of the Bankruptcy Code.

m. <u>11 U.S.C. § 1129(a)(13)</u>: The Debtors have no obligation to provide any retiree benefits, and accordingly Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

n.  11 U.S.C. § 1129(a)(14) and (15):  These statutes apply only to individual debtors and thus are inapplicable to confirmation of the Plan.

o.  11 U.S.C. § 1129(a)(16):  The requirements of Section 1129(a)(16) of the Bankruptcy Code are not applicable to confirmation of the Plan because the Debtors are not nonprofit entities or trusts.

p.  11 U.S.C. § 1129(d):  The requirements of Section 1129(d) of the Bankruptcy Code are satisfied because the principal purpose of the Plan is not the avoidance of taxes.

G.  MVMMC Trust.  The vesting of property of the Debtors' Estates in the MVMMC Trust is an essential element of the Plan.  Entry into the MVMMC Trust Agreement is in the best interests of the Debtors, the Estates and the MVMMC Trust Beneficiaries.  The establishment of the MVMMC Trust, the selection of Kelly Beaudin Stapleton to serve as MVMMC Trustee, and the MVMMC Trust Agreement are appropriate and in the best interests of the MVMMC Trust Beneficiaries.  The vesting in the MVMMC Trust of Causes of Action as specified in the Plan is a material component of the Plan.

H.  Substantive Consolidation.  Substantive consolidation of the Debtors' Estates and all of the debts of the Debtors is appropriate and warranted under the facts and circumstances of these Chapter 11 cases, and is in the best interest of the Debtors' Estates and their Creditors.

I.  Preservation of Causes of Action.  It is in the best interests of the Debtors' Estates and their Creditors that rights of action, including the Causes of Action that are not expressly released under the Plan be retained by the MVMMC Trust and as specified in the Plan.

J.  Moratorium, Injunction, Limitation of Recourse For Payment, Exculpation, and Limitation of Liability Provisions.  The moratorium, injunction, limitation of recourse for

payment, exculpation, and limitation of liability provisions contained in the Plan are, under the circumstances presented, fair, reasonable and necessary to the successful effectuation of the Plan.

K. <u>Implementation of the Plan</u>.  In general, the means of implementation of the Plan, including substantive consolidation of the Debtors' Estates, creation of the MVMMC Trust, transfer of assets to the MVMMC Trust, and all other items identified in Article VI of the Plan are fair and reasonable, in the best interests of the creditors of the Estates, and are designed to return maximum value to Creditors as MVMMC Trust Beneficiaries.

L. <u>Payment of Fees</u>. The Court made first interim fee and expense awards to professionals in these Chapter 11 cases.  These Fee Claims are payable by or upon the Effective Date to the extent granted by the Court.

M. <u>Payment of Allowed Administrative Claims and Allowed Fee Claims</u>.  To the extent the Debtors do not have sufficient unencumbered Cash available to pay Allowed Administrative Expense Claims and Allowed Fee Claims, the Debtors have demonstrated to the satisfaction of the Court under applicable principles of trust law and/or Sections 105(a) and 506(c) of the Bankruptcy Code that there are sufficient funds that were identified as potential Customer Funds to pay, to the extent necessary, such Allowed Administrative Expense Claims and Allowed Fee Claims.  There has been due and sufficient notice, as set forth in the Disclosure Statement, of the Debtors' intention to pay such funds in such manner under the Plan.

N. <u>Factual Findings</u>. All facts necessary to support confirmation of the Plan have been demonstrated on the record of the Confirmation Hearing, the submissions made in support of confirmation, and on the record of the Chapter 11 cases.

## CONCLUSIONS OF LAW

1. <u>Venue; Core Proceeding; Exclusive Jurisdiction</u>.  Venue of these cases in this district was proper as of the Petition Date and continues to be proper before the Court pursuant to

28 U.S.C. § 1408.  Confirmation of the Plan is a core matter under 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334, and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.  <u>Burden of Proof</u>.  The Proponents have the burden of proving the elements under Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, and they have met that burden as stated by the Court on the record at the Confirmation Hearing and as further found and determined herein.

3.  <u>Solicitation and Notice</u>.  The notice given of the Confirmation Hearing and the Proponents' request for confirmation of the Plan and request for entry of this Order was adequate and sufficient; no other notice need be given.

4.  <u>Good Faith Solicitation</u>.  Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with the Bankruptcy Code (including Sections 1126 and 1129 of the Bankruptcy Code), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Disclosure Statement Order, and all other applicable statutes, rules, laws and regulations.  Based on the record in these Chapter 11 cases, the Proponents have acted in "good faith" and in compliance with the applicable provisions of the Bankruptcy Code, within the meaning of Section 1125(e) of the Bankruptcy Code, are entitled to the protections thereof, and are entitled to the protections contained in the Plan, including, but not limited to, Section 9.3, which protections are reasonable and appropriate under the circumstances.

5.  <u>Satisfaction of Confirmation Requirements</u>. As set forth in paragraph F above, the Plan satisfies Sections 1122, 1123, 1129(a)(1), 1129(a)(2), 1129(a)(3), 1129(a)(4),

1129(a)(5), 1129(a)(6), 1129(a)(7), 1129(a)(9), 1129(a)(10), 1129(a)(11), 1129(a)(12), 1129(a)(13), 1129(b), and 1129(d) of the Bankruptcy Code.

6. <u>Confirmation</u>. The Plan should be confirmed. The terms of each of the documents in the Plan and all exhibits and addenda thereto (including without limitation the Plan Supplement and the MVMMC Trust Agreement) are incorporated by reference into and are an integral part of the Plan.

7. <u>Substantive Consolidation of the Debtors</u>. In making a conclusion with respect to substantive consolidation of the Debtors' Estates, the Court has considered the following factors: (1) presence or absence of consolidated financial statements; (2) unity of interest and ownership among various corporate entities; (3) degree of difficulty in segregating and ascertaining individual assets and liabilities; (4) transfers of assets without formal observance of corporate formalities; (5) commingling of assets and business functions; (6) profitability of consolidation at a single physical location; and (7) disregard of legal formalities. In light of the foregoing factors, and the balance of the equities, the Court concludes that the Debtors' Estates should be substantively consolidated.

8. <u>Exemption from Certain Transfer Taxes</u>. In accordance with Section 1146(a) of the Bankruptcy Code, the sale of the Debtors'Assets/MVMMC Trust's Assets under the Plan pursuant to one or more Final Orders authorizing and approving such sale(s) shall not be taxed under any law imposing a stamp or similar tax. Consistent with the foregoing, each recorder of deeds or similar official for any county, city, or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the this Order, be ordered and directed to accept such instrument, without requiring the payment of any stamp or similar tax.

9.  Payment of Allowed Administrative Claims and Allowed Fee Claims.  Any Allowed Administrative Claims and Allowed Fee Claims that are not paid by the Estates shall become obligations of the MVMMC Trust in accordance with Section 6.4 of the Plan.

**ORDER**

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT HEREBY IS ORDERED:**

1.  Confirmation.  The Plan is confirmed.

2.  Enforcement.  Each term and provision of the Plan, as modified, if at all, in this Order, is valid and enforceable pursuant to its terms.  The terms of each of the documents in the Plan and all exhibits and addenda thereto (including without limitation the Plan Supplement and the MVMMC Trust Agreement) are approved.  All parties are directed to comply with the terms thereof.

3.  Implementation of the Plan. The Debtors, the Estates, the MVMMC Trust, and the MVMMC Trustee are authorized to execute and deliver any and all documents and instruments and take any and all actions necessary or desirable to implement the Plan and this Order and to effect any other transactions contemplated hereby or thereby.  The Plan shall be implemented pursuant to Article VI thereof.

4.  MVMMC Trust.  On the Effective Date, the MVMMC Trust shall be formed pursuant to the Plan and the MVMMC Trust Agreement, and the MVMMC Trust Assets and the Debtors' liabilities shall be transferred to and vest in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries pursuant to the terms hereof and the MVMMC Trust Agreement.  The MVMMC Trust Agreement, shall, upon execution, be valid, binding and enforceable in accordance with its terms.  Nothing in this Order, the Plan, or the Disclosure Statement shall be

deemed or construed to prejudice or preclude the full assertion of the Causes of Action by the MVMMC Trust as specified in the Plan. Subject to the Allowed Customer Claim Order, the transfers, and vesting of the Assets in the MVMMC Trust for the benefit of the MVMMC Trust Beneficiaries shall be free and clear of all Liens and Claims except as set forth in the Plan.

5. <u>Appointment of MVMMC Trustee</u>. Kelly Beaudin Stapleton is appointed as the MVMMC Trustee in accordance with the terms of the Plan and the MVMMC Trust Agreement.

6. <u>Bonding of the MVMMC Trustee</u>. The MVMMC Trustee, and any successor MVMMC Trustee appointed pursuant to the MVMMC Trust Agreement, shall, before the Effective Date or upon being selected as a successor MVMMC Trustee, as the case may be, obtain a bond or surety for the performance of his/her duties. Notice of the effectiveness of such bond or surety shall be provided to the U.S. Trustee and shall be a condition precedent to the Effective Date of the Plan. Furthermore, the MVMMC Trustee shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any such bond or surety. The MVMMC Trust Board shall immediately inform the United States Trustee and the Bankruptcy Court in writing of any changes to the identity of the MVMMC Trustee.

7. <u>Executory Contracts and Unexpired Leases Deemed Rejected</u>. All of the Debtors' executory contracts and unexpired leases, other than the Insurance Policies, shall be deemed rejected on the Effective Date, except to the extent that the Debtors have (i) previously assumed or rejected an executory contract or unexpired lease, or (ii) Filed or File a motion, prior to the Effective Date, to assume an executory contract or unexpired lease upon which this Court has not ruled. For the avoidance of doubt, pursuant to Section 365 of the Bankruptcy Code, all Insurance Policies are hereby assumed on the Effective Date.

8. <u>Binding Effect and Validity</u>.  The provisions of the Plan and this Order shall bind all Holders of Claims and Interests and their respective successors and assigns, whether or not they accepted the Plan.  On and after the Effective Date, except as provided in the Plan, all Holders of Claims and Interests shall be precluded from asserting any Claim against the Debtors, the Estates, the Committee, the MVMMC Trust, or the MVMMC Trustee, or their respective property and Assets based on any transaction or other activity, act, or omission of any kind that occurred prior to the Effective Date.

9. <u>Moratorium, Injunction, and Limitation of Recourse For Payment</u>.  Pursuant to Section 9.2 of the Plan, and as set forth therein, subject to Section 9.4 of the Plan, from and after the Effective Date, all Persons who have held, hold, or may hold Claims against, or Interests in, the Debtors are permanently enjoined from taking any of the following actions against the Estates, the Debtors, the Committee or any member of the Committee, the MVMMC Trust, the MVMMC Trustee, any of their respective employees, managers, officers, directors, agents, attorneys, investment bankers, financial advisors, or other professionals, or any of their respective property or other Assets on account of any such Claims or Interests, except for acts or omissions that constitute willful misconduct, gross negligence, fraud or violations of any applicable Rules of Professional Conduct: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; and (iv) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan that is related to, in connection with or arising from the Debtors or the conduct of the Cases or the MVMMC Trust; <u>provided</u>, however, that nothing contained in the Plan or in this Order shall preclude (x)

the MVMMC Trust or the MVMMC Trustee from pursuing any Preserved Causes of Action, (y) any Person from exercising their rights pursuant to or not inconsistent with the terms of the Plan, or (z) the MVMMC Trustee from exercising rights or remedies pursuant to and not inconsistent with the terms of the Plan or the MVMMC Trust Agreement; provided further, however, the foregoing moratorium, injunction and limitation of recourse of payment shall not apply to (i) claims against the Debtors' insurance providers, companies, or carriers on account of any potential claims against the Insurance Policy or Policies or (ii) any of the Debtors' pre-Receivership employees, managers, officers, directors, shareholders, members, partners, agents, attorneys, investment bankers, financial advisors, or other professionals.

10. Exculpation and Limitation of Liability. Pursuant to Section 9.3 of the Plan, and as set forth therein, the Receiver, the professionals retained by the Receiver, the Committee, and the professionals retained by the Committee shall not be liable for any acts occurring prior to the Petition Date. To the fullest extent permitted under *inter alia* Section 1125(e) of the Bankruptcy Code and otherwise, subject to Section 9.4 of the Plan, no Holder of a Claim or Interest shall have any right of action against the Receiver, Debtors, the Estates, the Committee or any member of the Committee, the MVMMC Trustee, the MVMMC Trust, any of their respective employees, managers, officers, directors, agents, attorneys, investment bankers, financial advisors, other professionals, or any of their respective property and Assets for any act or omission in connection with, relating to, or arising out of their conduct of the Cases, the promulgation of the Plan and Disclosure Statement, the pursuit of Confirmation hereof, the consummation hereof, or the administration of the MVMMC Trust, the Plan, or the property to be distributed under the Plan, except for acts or omissions that constitute willful misconduct, gross negligence, fraud or violations of any applicable Rules of Professional Conduct, provided,

however, that such claims may be asserted against the Debtors only to the extent they are covered by the Debtors' available insurance and not to exceed the limits thereof.  For the avoidance of doubt, the foregoing exculpation shall not apply to (i) the Debtors' insurance providers, companies, or carriers on account of any potential claims against the Insurance Policy or Policies or (ii) any of the Debtors' pre-Receivership employees, managers, officers, directors, shareholders, members, partners, agents, attorneys, investment bankers, financial advisors, or other professionals.

11.     <u>Substantive Consolidation of the Debtors</u>.  The Debtors and their respective Estates are hereby deemed substantively consolidated for all purposes relating to the Plan, including for purposes of voting, confirmation, and distributions.  On and after the Effective Date, the Estates of all of the Debtors shall be deemed to be substantively consolidated solely for purposes of voting on and making Distributions under the Plan, and (i) all Assets and liabilities of the Debtors shall be deemed to be merged, (ii) each obligation of any Debtor shall be deemed to be an obligation of all of the Debtors, (iii) a Claim against any one of the Debtors shall be deemed to be a Claim against all of the Debtors for all purposes, including, without limitation, Distributions under the Plan, (iv) each Claim filed in the Case of any Debtor shall be deemed to be filed against all of the Debtors, (v) all transfers, disbursements, and Distributions made by any Debtor shall be deemed to be made by all of the Debtors, and (vi) all Claims by a Debtor against another Debtor shall be canceled and deemed satisfied.  Holders of Allowed Claims in each Class established pursuant to the Plan shall be entitled to the treatment set forth in the Plan for such Class without regard to which Debtor was originally liable for such Claim.  Such substantive consolidation shall not, other than for the foregoing purposes, affect the legal and corporate structure of the Debtors.  Notwithstanding such substantive consolidation, the

MVMMC Trustee shall pay the U.S. Trustee Fees for each Debtor from the MVMMC Trust Assets until such Debtor's Case is closed.

12. **Administrative Expense Claims Bar Date. As set forth in Section 3.2 of the Plan, the deadline for filing of Administrative Expense Claims shall be January 31, 2011, which is approximately 30 days after the projected Effective Date.** The Debtors or the MVMMC Trust shall provide notice of the Administrative Expense Claims Bar Date to all known Holders of Administrative Expense Claims and the parties identified in decretal paragraph 18 hereof.

13. Payment of Professional Fees and Expenses. The Debtors are hereby authorized to pay the fees and expenses that are due or were awarded to the Proponents' professionals pursuant to this Court's *Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim And Monthly Compensation And Reimbursement Of Expenses Of Professionals* [Docket No. 114] and that have been or may be awarded pursuant to any interim or final order authorizing professional fees and expenses.

14. 11 U.S.C. § 1129(a)(4). The Debtors have demonstrated sufficient funds on hand to make the payments required by Section 1129(a)(4) of the Bankruptcy Code.

15. Payment of Allowed Administrative Claims and Allowed Fee Claims Pursuant to Section 506(c). To the extent the Debtors do not have sufficient unencumbered Cash available to pay Allowed Administrative Expense Claims and Allowed Fee Claims, the Debtors are hereby authorized to use funds that were identified as potential Customer Funds to pay such Allowed Administrative Expense Claims and Allowed Fee Claims pursuant to Sections 105(a) and 506(c) of the Bankruptcy Code. Any Allowed Administrative Expense Claims and Allowed Fee Claims

that are not paid by the Estates shall become obligations of the MVMMC Trust in accordance with Section 6.4 of the Plan.

16. Payment of U.S. Trustee Fees. All unpaid U.S. Trustee Fees incurred before the Effective Date shall be paid by the Debtors in full on the Effective Date. In addition, all U.S. Trustee Fees incurred after the Effective Date shall be timely paid from MVMMC Trust Assets by the MVMMC Trustee in the ordinary course as such U.S. Trustee Fees become due and payable, until the entry of a final decree. Unpaid U.S. Trustee Fees shall accrue interest that is an MVMMC Trust Expense. The Administrative Expense Claims Bar Date shall not apply to U.S. Trustee Fees. The MVMMC Trustee shall file quarterly operating reports until the entry of a final decree closing the Cases.

17. Verizon Claim. Notwithstanding any other provision of the Plan or this Order to the contrary, in the event that any funds claimed by the wholly-owned subsidiaries of Verizon Communications Inc. (collectively, "**Verizon**") are determined not to be funds held in a Single Customer Account, Verizon's right to file a proof of claim with respect to those funds, and to assert that such proof of claim is eligible to be an Allowed Customer Claim under the Plan, as well as the rights of the Debtors, the Committee and/or the MVMMC Trustee to oppose the allowance of Verizon's proof of claim on any grounds, including without limitation as a late filed claim, are hereby reserved.

18. Notice of Effective Date. Within ten (10) Business Days after the occurrence of the Effective Date, the MVMMC Trustee shall File with this Court and mail or cause to be mailed to all Holders of Allowed Claims in Class 1-A (Non-Tax Priority Claims), Class 1-B (Secured Claims), Class 2 (Customer Claims), Class 3 (General Unsecured Claims), Class 4 (Convenience Claims), Class 5 (Equity Interests), and the U.S. Trustee, a notice that informs

such Persons of (i) the entry of the Confirmation Order, (ii) the occurrence of the Effective Date, and (iii) such other matters as the MVMMC Trustee deems appropriate or as may be ordered by this Court.

19. <u>Objections Withdrawn or Overruled</u>.  Objections filed at docket numbers 314, 377, 388, and 389 have been resolved.  This Order reflects rulings made on the record of the Confirmation Hearing with respect to the objection of the Office of the United States Trustee [Docket No. 314].  The other objections filed of record and any other objections raised at the Confirmation Hearing which were not otherwise withdrawn or resolved are overruled.

20. <u>Record Closed</u>.  The record of the Confirmation Hearing is closed.

<u>No Stay</u>.  The 14-day stay of entry of this Order provided for in Bankruptcy Rule 3020(e) is hereby waived.  Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon entry hereof.

Dated:  White Plains, New York  　　　　　/s/ Robert D. Drain_____  
　　　　December 23, 2010　　　　　　　ROBERT D. DRAIN  
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE